UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br><br>                      Plaintiff,<br><br>v.<br><br>DAVID BARKA; NOORI BARKA; EVELYN BARKA; CALBIOTECH, INC.; CALBIOTECH, INC. 401(k) PROFIT SHARING PLAN; and CALBIOTECH, INC. PENSION PLAN,<br><br>                      Defendants. | Case No.: 3:19-cv-2295-WQH-AHG<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 29]** |

      Before the Court is Plaintiff Robert Raya's ("Plaintiff") Motion for Appointment of Counsel. ECF No. 29. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

**I.    BACKGROUND**

      Plaintiff initiated this action by filing a complaint on December 2, 2019. ECF No. 1. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil complaint for statutory

penalties under the Employee Retirement Income Security Act of 1974 ("ERISA") for failing to provide him with documents describing the Pension Plan; for breach of fiduciary duty under 29 U.S.C. §§ 1104(a)(l)(A), (a)(1)(B), (a)(1)(D), and 1105; for breach of fiduciary duty and fraud under California state law; and for ERISA interference under 29 U.S.C. § 1140. ECF Nos. 1, 2. Defendants filed a motion to dismiss the complaint (ECF No. 14), which was granted on June 25, 2020. ECF No. 19. The Court dismissed Plaintiff's complaint in its entirety and, having notifying Plaintiff of the defects of the pleading as to the dismissed claims, permitted him to file a motion for leave to amend. *Id*. at 14; ECF No. 24. Plaintiff has since filed his motion for leave to file his first amended complaint (ECF No. 30), but that motion will not be addressed in this Order.

## II.   LEGAL STANDARD

There is no constitutional right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *see, e.g.*, *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases to show that it is "well-established that there is generally no constitutional right to counsel in civil cases"). Nevertheless, courts have discretion to request legal representation for "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort to secure counsel before they are eligible for an appointed attorney. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see, e.g.*, *Verble v. United States*, No. 07cv0472 BEN-BLM, 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008).

But even after a plaintiff satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "he is entitled to appointment of counsel only if he can [also] show exceptional circumstances." *Bailey*, 835 F. Supp. at 552 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). Finding exceptional circumstances

entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

## III.    DISCUSSION

First, the Court examines the threshold requirements that Plaintiff is indigent and has made a reasonably diligent effort to secure counsel. Here, the Court acknowledged Plaintiff's indigence when it granted Plaintiff's motion to proceed *in forma pauperis*. ECF No. 3 at 2. Plaintiff also reiterated his inability to afford an attorney by detailing his income, assets, debts, and bills in the instant motion, which shows that his monthly expenses exceed his monthly income. ECF No. 29 at 3–4. Additionally, Plaintiff has made considerable efforts to secure counsel. He has contacted the Community Law Project, and has also called and emailed at least four attorneys in San Diego, four attorneys in Los Angeles, one attorney in Pasadena, and one attorney in San Francisco. *Id*. at 2–3. The Court must therefore determine whether Plaintiff can show exceptional circumstances justifying court-appointed counsel by examining the likelihood of Plaintiff succeeding on the merits and his ability to proceed without counsel. *Wilborn*, 789 F.2d at 1331; *Bailey*, 835 F. Supp. at 552.

### A.    Likelihood of Success on the Merits

"A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Here, Plaintiff has not offered evidence in his motion suggesting that he is likely to succeed on the merits.[1]

---

[1] Plaintiff notes that "[m]y claim is meritorious" (*see* ECF No. 29 at 1), however, this statement on its own is not enough to prove that he is likely to succeed on the merits.

Additionally, there is little before the Court regarding the merits of Plaintiff's case, other than assertions in the dismissed complaint and a note that the Employee Benefit Security Administration completed an investigation and found that Calbiotech committed violations involving unpaid or under-paid employer contributions. ECF Nos. 1, 19; *see* ECF No. 29 at 2. Thus, at this early stage of the case,[2] the Court cannot find that Plaintiff is likely to succeed on the merits. *See, e.g.*, *Thomas v. Richard J. Donovan Corr. Facility Warden*, No. 19cv2181-JAH-RBB, 2020 WL 364228, at *2 (S.D. Cal. Jan. 22, 2020) (denying plaintiff's motion to appoint counsel, noting that, because his complaint was dismissed, "even assuming he is able to amend, it is simply too soon to tell whether he will be likely to succeed on the merits of any potential [] claim"); *Ochoa v. Lintig*, No. 19cv346-MMA-JLB, 2019 WL 2602535, at *3 (S.D. Cal. June 25, 2019) (same); *see cf. Arellano v. Hodge*, No. 14cv590-JLS-JLB, 2017 WL 1711086, at *4 (S.D. Cal. May 3, 2017) (denying motion for appointment of counsel when discovery had recently begun after fourth amended complaint, because it was too early to determine whether any of plaintiff's claims would succeed on the merits); *Garcia v. Smith*, No. 10cv1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel even though plaintiff had survived a motion to dismiss, because it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment). Therefore, Plaintiff fails to satisfy the first "exceptional circumstances" factor that would support his motion for appointment of counsel.

### B.  Ability to Articulate Claims *Pro Se*

As to the second factor, Plaintiff cites barriers to successfully articulating his claims, including: closure of public law libraries due to the pandemic, two ongoing ERISA

---

[2] At this juncture, the complaint has been dismissed and leave to amend is not guaranteed, it is to be decided by the Court. Fed. R. Civ. P. 15(a)(2); ECF No. 19 at 14. Even if the Court permits Plaintiff to file his amended complaint, the parties have not yet engaged in discovery and proffered evidence to the Court in support of their claims and defenses.

lawsuits, complex legal issues, and increasing legal difficulty as he approaches trial. ECF No. 29 at 1, 3. However, Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by others representing themselves *pro se*.

First, limited access to the law library and unfamiliarity with the law are circumstances common to most *pro se* plaintiffs and do not establish exceptional circumstances. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *Fletcher v. Quin*, No. 15cv2156-GPC-NLS, 2018 WL 840174, at * 3 (S.D. Cal. Feb. 13, 2018) (same); *cf. Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most [], such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Plaintiff has not shown he faces barriers conducting legal research beyond those ordinarily experienced by *pro se* plaintiffs.

Specifically, Plaintiff raises the issue that the law libraries are closed as a result of COVID-19. ECF No. 29 at 1. However, courts in this circuit have declined to find that the COVID-19 pandemic establishes exceptional circumstances. *See, e.g.*, *Mascrenas v. Wagner*, No. 19cv2014-WQH-BLM, 2020 U.S. Dist. LEXIS 165846, at *7 (S.D. Cal. Sept. 10, 2020) ("limited law library access, especially during the COVID-19 pandemic, is not an exceptional circumstance unique to Plaintiff"); *Moore v. Lankford*, No. 19cv2406-DMS-BLM, 2020 U.S. Dist. LEXIS 163641, *4 n.1 (S.D. Cal. Sept. 8, 2020) ("Plaintiff's argument regarding library access due to COVID-19 also fails to establish an exceptional circumstance"); *Pitts v. Washington*, No. C18-526-RSL-MLP, 2020 WL 2850564, at *1 (W.D. Wash. June 2, 2020) (denying motion for appointment of counsel because, "[a]lthough Plaintiff contends he is unable to access the law library because of social distancing, this bare assertion does not justify the appointment of counsel at this time, nor does the COVID-19 pandemic"); *Montgomery v. Crane*, No. 18cv2911-RM-NYW, 2020 WL 2848149, at *1 (D. Colo. June 2, 2020) (denying motion for appointment of counsel,

and finding that plaintiff's inability to access the law library due to the COVID-19 pandemic was not an exceptional circumstance that justified appointment of counsel because plaintiff could have requested an extension to file his responsive briefing).

Second, though Plaintiff contends he should be appointed counsel because he has two ongoing ERISA lawsuits and his current lawsuit presents complex legal issues, these concerns also do not present exceptional circumstances. The Court has reviewed Plaintiff's complaint and finds that the issues he raises are not complex; the Court understands Plaintiff's claims and the relief sought. *Cf. Peterson v. Anderson*, No. CV09-21-GF-SHE, 2009 WL 4506542, at *3 (D. Mont. Dec. 2, 2009) ("Although Plaintiff contends he is not in a position to litigate this matter, pro se litigants are rarely in a position to research and investigate facts easily. This alone does not deem a case complex"). In the instant case, Plaintiff has demonstrated the ability to articulate his position, conduct legal research, and comprehend this Court's instructions. *See cf. Dunsmore v. Paramo*, No. 13cv1193-GPC-PCL, 2013 WL 5738774 (S.D. Cal. Oct. 22, 2013) (denying appointment of counsel to a *pro se* litigant who had a "good grasp of the basis of his claims, and [was] able to articulate them in light of the relative complexity of the legal issues involved"). Plaintiff has ably represented himself thus far and has also shown a good grasp of litigation procedure by filing his motion for extension of time, motion for leave to amend the complaint, and opposition to Defendants' motion to dismiss. *See* ECF Nos. 15, 21, 30. Moreover, Plaintiff's present motion shows that he is able to write very well. *See* ECF No. 29. Additionally, Plaintiff's other ongoing lawsuit illustrates that he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, which weighs against appointing counsel; though the instant case is in its initial phase, Plaintiff's other lawsuit in this district has survived summary judgment. *Raya v. Calbiotech*, No. 18cv2643-WQH-AHG, ECF No. 39; *see cf. Palmer*, 560 F.3d at 970 (affirming district court's denial of plaintiff's motion for appointment of counsel when plaintiff had done "'quite a good job' putting on his case, [] was well-organized, made clear points, and presented evidence effectively").

Third, Plaintiff's assertions regarding increased difficulty as his case approaches trial do not present exceptional circumstances warranting appointment of counsel at this time, as this case is in its initial phase, has not survived Defendants' motion to dismiss, and has not yet survived summary judgment. *See Miller v. LaMontagne*, No. 10cv702-WQH-BGS, 2012 WL 1666735, at *2 (S.D. Cal. May 11, 2012); *see, e.g.*, *Fletcher*, 2018 WL 840174, at * 2 (denying appointment of counsel as premature where the motion was filed one month after defendants answered the amended complaint, and where plaintiff contended an attorney would help him present evidence and cross-examine witnesses at trial); *Goolsby v. Ridge*, No. 09cv2654-WQH-RBB, 2010 WL 3418428, at * (S.D. Cal. Aug. 26, 2010) (denying appointment of counsel as premature where the motion was filed before defendants were served, and where plaintiff contended an attorney would help him present evidence and cross-examine witnesses at trial).

The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claims and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the pleadings of a *pro se* litigant must be held to less stringent standards than formal pleadings drafted by lawyers). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claim, as Plaintiff is here, the second "exceptional circumstances" factor that might support the appointment of counsel is not met.

//
//
//
//
//

## IV. CONCLUSION

Although Plaintiff is indigent and made reasonable efforts to obtain counsel, Plaintiff failed to show that exceptional circumstances require appointment of counsel. Thus, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 29) **without prejudice**.[3]

**IT IS SO ORDERED.**

Dated: October 2, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[3] Plaintiff notes in his motion that counsel would be essential to assist him prepare for trial. *See* ECF No. 29 at 3. As explained above, that issue is raised prematurely. This case is still in its very early stages and trial is not on the horizon. Because Plaintiff's motion is denied without prejudice to refiling, Plaintiff is free to seek appointment of counsel again in the future and may raise such arguments at that time, if applicable.