UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br><br>                                    Plaintiff,<br><br>v.<br><br>DAVID BARKA; NOORI BARKA;<br>EVELYN BARKA;<br>CALBIOTECH, INC.;<br>CALBIOTECH, INC. 401(k)<br>PROFIT SHARING PLAN;<br>CALBIOTECH, INC. PENSION<br>PLAN,<br><br>                                   Defendants. | Case No.: 19-cv-2295-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint, or Motion for a More Definite Statement and Motion to Strike Portions of Plaintiff's First Amended Complaint filed by Defendants David Barka, Noori Barka, Evelyn Barka, Calbiotech, Inc., Calbiotech, Inc. 401(k) Profit Sharing Plan, and Calbiotech, Inc. Pension Plan. (ECF No. 40).

## I.     PROCEDURAL BACKGROUND

On December 2, 2019, Plaintiff Robert Raya, proceeding *pro se*, filed a Complaint against Defendants David Barka, Noori Barka, Evelyn Barka, Calbiotech, Inc.

("Calbiotech"), Calbiotech, Inc. 401(k) Profit Sharing Plan ("401(k) Plan"), Calbiotech, Inc. Pension Plan ("Pension Plan"), and Erba Mannheim. (ECF No. 1). Raya brought claims against Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA") and California state law.

On February 14, 2020, Defendants David Barka, Noori Barka, Evelyn Barka, Calbiotech, 401(k) Plan, and Pension Plan filed a Motion to Dismiss the Complaint. (ECF No. 14). On June 25, 2020, the Court issued an Order granting the Motion to Dismiss and dismissing the Complaint without prejudice. (ECF No. 19).

On July 27, 2020, the Court issued an Order dismissing the action against Defendant Erba Mannheim without prejudice for failure to serve. (ECF No. 20).

On November 24, 2020, the Court issued an Order granting Raya leave to file an amended complaint. (ECF No. 38). On December 9, 2020, Raya filed a First Amended Complaint ("FAC") against Defendants David Barka, Noori Barka, Evelyn Barka, Calbiotech, 401(k) Plan, and Pension Plan. (ECF No. 39).

On December 22, 2020, Defendants filed a Motion to Dismiss the FAC, or Motion for a More Definite Statement and Motion to Strike Portions of the FAC. (ECF No. 40). Defendants move to dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In the alternative, Defendants move to dismiss the FAC for failure to comply with Court order pursuant to Rule 41(b), for a more definite statement pursuant to Rule 12(e), and to strike the entirety of the FAC or portions thereof pursuant to Rule 12(f).

On January 12, 2021, Raya filed an Opposition to the Motion to Dismiss. (ECF No. 43). On January 15, 2021, Defendants filed a Reply. (ECF No. 44).

## II. ALLEGATIONS IN THE FAC

Plaintiff Raya is a former employee of Defendant Calbiotech. Raya worked as a full-time scientist for Calbiotech beginning in May 2008 and ending in December 2016.

Calbiotech is the administrator of the Pension Plan, which took effect on September 1, 2008. Defendants David Barka, Noori Barka, and Evelyn Barka are trustees and

fiduciaries of the Pension Plan. The Pension Plan "confers eligibility on all regular employees" and "does not describe any exclusionary provisions that could apply" to Raya. (ECF No. 39 ¶¶ 15-16). Between 2008 and "at least 2017," no information about the Pension Plan was provided to Raya or any other regular employee. (*Id.* ¶ 18). Calbiotech and the fiduciaries intentionally hid the existence of the Pension Plan. "Raya and other eligible employees were not allowed to enroll" in the Pension Plan. (*Id.* ¶ 16). The only employees allowed to enroll in the Pension Plan were four immediate family members of Noori Barka, the founder and President/CEO of Calbiotech.

Raya discovered the existence of the Pension Plan in January 2018 and requested that Calbiotech review Raya's eligibility for the Pension Plan. Calbiotech determined that Raya was ineligible based on an exclusionary provision that had been inserted into the Pension Plan after a 2011 rewrite. The 2011 exclusionary provision could not have prevented Raya's eligibility in 2008.

In April 2018, Raya submitted a claim for benefits and requested to be enrolled in the Pension Plan as of his date of eligibility in 2008. In January 2019, "Defendants claimed to have just discovered a plan Amendment executed in Dec[ember] 2008, which limited Pension Plan eligibility to the CEO and four named immediate family members of the CEO, plus two other named employees, while excluding all other employees." (*Id.* ¶ 25). The Amendment was not part of the complete Pension Plan documents that Raya received in 2018 and was not included in original Pension Plan documents filed with the IRS. The amendment "displays signs of backdating" and "contains the name of an employee who was unknown to [Calbiotech] before she was hired for the first time in 2011." (*Id.* ¶ 28).

Calbiotech is also the administrator of the 401(k) Plan, which took effect on September 1, 2008. David Barka, Noori Barka, and Evelyn Barka are trustees and fiduciaries of the 401(k) Plan. Raya enrolled in the 401(k) Plan in 2010. Raya and other

regular employees were never provided with documents describing the 401(k) Plan.[1] From 2009 through 2017, David Barka, the Vice President of Calbiotech, provided oral descriptions of the 401(k) Plan. David Barka "described all employer contributions as being totally and completely discretionary." (*Id.* ¶ 33). "Plan documents finally acquired in 2018 describe employer contributions as mandatory or automatic." (*Id.* ¶ 34). "Calbiotech failed to make [its] mandatory contributions year after year." (*Id.* ¶ 35). The failure or refusal of Calbiotech and the fiduciaries to provide Raya with 401(k) Plan documents "prevented [ ] Raya from identifying hundreds of missed or reduced contributions to his 401(k) account . . . ." (*Id.*).

In 2012, Raya took out a loan from his 401(k) account and began to repay the loan through automatic deductions from his biweekly paychecks. Between 2012 and 2016, $85.36 was deducted from each of Raya's paychecks to repay the loan. David Barka was responsible for remitting the entire $85.36 to Principal Financial, the third-party administrator and service provider of the 401(k) Plan and Raya's 401(k) loan. For over five years, David Barka remitted $14.86 of each biweekly deduction to Principal Financial and kept the remaining $70.50 for his personal use. Between July 9, 2018, and January 6, 2019, Raya made nine separate requests to Calbiotech for a record of deposits and payments made to Raya's 401(k) account. Calbiotech has refused to acknowledge Raya's requests.

Raya received notice of his termination from Calbiotech on November 29, 2016. "In the months and weeks just prior to termination," Raya made multiple requests for documents describing the 401(k) Plan, which Calbiotech had been successful at hiding from participants. (*Id.* ¶ 42). On November 26, 2016, David Barka texted Raya, "It's time

---

[1] On November 19, 2018, Raya filed a Complaint in a related case, *Raya v. Calbiotech, Inc.*, Case No. 18-cv-2643-WQH-AHG (S.D. Cal. 2018), arising from Calbiotech's alleged failure to provide Raya with 401(k) Plan documents (the "*Calbiotech* Action"). On May 12, 2020, the Court issued an Order granting in part and denying in part the Motion for Summary Judgment filed by Calbiotech. (*Calbiotech* Action, ECF No. 39). The parties settled, and on November 12, 2020, the Court granted the parties' Joint Motion to Dismiss. (*Id.*, ECF No. 57).

4

we part ways." (*Id.* ¶ 46). The next day, David Barka told Raya that "things were not working out." (*Id.* ¶ 47). In January 2017, Calbiotech told the California Employment Development Department that Raya was terminated because his position was eliminated. In February 2017, Calbiotech hired another employee "to replace [ ] Raya and take over his former duties." (*Id.* ¶ 49). Calbiotech "was not honest when describing [its] motivations" for terminating Raya. (*Id.* ¶ 50). Calbiotech terminated Raya to retaliate against him for requesting 401(k) Plan documents and to interfere with his right to receive 401(k) Plan documents.

Raya brings the first claim against the 401(k) Plan, the Pension Plan, and "Plan Administrators" under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due under the Pension Plan and the 401(k) Plan. (*Id.* at 11). Raya brings the second claim against "Fiduciaries" for breach of fiduciary duties under 29 U.S.C. §§ 1109(a) and 1132(a)(2). (*Id.* at 12). Raya brings the third claim against "Fiduciaries" for breach of fiduciary duties under 29 U.S.C. §§ 1109(a) and 1132(a)(3). (*Id.* at 13). Raya brings the fourth claim against David Barka, Noori Barka, and Calbiotech for ERISA interference under 29 U.S.C. §§ 1140 and 1132(a)(3). Raya brings the fifth claim against "Fiduciaries" for breach of fiduciary duties under California state law. (*Id.* at 16). Raya brings the sixth claim against David Barka and Calbiotech for fraud and concealment under California state law. Raya brings the seventh claim against David Barka and Calbiotech for conversion under California state law. Raya seeks damages, including punitive damages, recovery of benefits, and equitable relief.

## III.   **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular*

*Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)). The court must accept as true all "well-pleaded factual allegations[.]" *Iqbal*, 556 U.S. at 679. The court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Courts have a duty to construe pro se pleadings liberally[.]" *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

## IV. ERISA CLAIMS

### a. Waiver/Release

Defendants contend that Raya released the claims in the FAC by signing a Separation Agreement. Defendants contend that the Court ruled in the *Calbiotech* Action that Raya released all claims against Defendants arising prior to December 7, 2016. Defendants contend that the claims in the FAC arose prior to December 7, 2016, and should be dismissed with prejudice. Raya contends that he did not knowingly release ERISA claims. Raya contends that he did not intend to waive claims unknown at the time he signed the

Separation Agreement. Raya contends that he alleges claims that arose after December 7, 2016, and are not barred by the release.

Release and waiver are affirmative defenses. *See* Fed. R. Civ. P. 8(c)(1). "Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint." *Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014), *as corrected* (Aug. 27, 2014). "If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." *Id.* (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

A party may waive ERISA claims by contract, as long as the waiver is "knowing[ ] and voluntar[y]." *Gonda v. Permanente Med. Grp.*, 691 F. App'x 397, 399 (9th Cir. 2017) (citing *Morais v. Cent. Beverage Corp. Union Emps.' Supplemental Ret. Plan*, 167 F.3d 709, 713 (1st Cir. 1999)). A waiver of ERISA claims is subject to "heightened scrutiny," and the court is obligated to "scrutinize an ostensible waiver with care in order to ensure that it reflects the purposeful relinquishment of an employee's rights." *Morais*, 167 F.3d at 713; *accord Vizcaino v. Microsoft Corp.*, 120 F.3d 1006, 1012 (9th Cir. 1997). In determining whether a waiver of ERISA benefits was knowing and voluntary, the court considers the "circumstances and conditions under which the release was executed," including the clarity and lack of ambiguity of the agreement, the plaintiff's education and business experience, the presence of a noncoercive atmosphere, and whether the employee had the benefit of legal counsel. *Nilsson v. City of Mesa*, 503 F.3d 947, 952 (9th Cir. 2007) (quoting *Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 462 (9th Cir. 1989)).

On May 12, 2020, in the related *Calbiotech* Action, the Court issued an Order granting in part and denying in part Calbiotech's unopposed Motion for Summary Judgment. (Ex. A to RJN, ECF No. 41-1)[2]. The Court stated, in relevant part:

_____

[2] The Court takes judicial notice of the Order granting in part and denying in part the Motion for Summary Judgment filed by Calbiotech in the related *Calbiotech* Action. *See* ECF No. 41; *Reyn's Pasta Bella, LLC*

Raya's ERISA claim for statutory penalties based on Calbiotech's failure to provide Raya with Plan documents within thirty days of his requests on July 26, 2016, and August 8, 2016, is "based on [ ] acts or omissions by [Calbiotech] . . . as of the date of execution of [the Separation Agreement] by [Raya] . . . ." (Ex. B, ECF No. 36-5 at 3). Raya released these claims by signing the Separation Agreement.

(*Id.* at 10).

It is not apparent from the face of the FAC that Raya knowingly and voluntarily waived his right to assert the ERISA claims alleged in the FAC. *See Asarco*, 765 F.3d at 1004; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("On a rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion[.]'" (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999))), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). At this stage in the litigation, the Court cannot conclude that the Separation Agreement bars Raya's ERISA claims.[3]

### b. **Claim 1 – ERISA Benefits**

#### i. **Statute of Limitations**

Defendants contend that the first claim for ERISA benefits is time-barred. Defendants contend that a four-year statute of limitations applies to a claim for Pension Plan benefits. Defendants contend that the denial of Pension Plan benefits occurred on September 1, 2008, more than four years before Raya filed the initial Complaint.

---

*v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (it is appropriate to take judicial notice of court filings and other matters of public record, such as filings in related litigation). The Court declines to take judicial notice of the Separation Agreement because the Separation Agreement is not referenced in the FAC and does not form the basis of Raya's claims. *See* ECF No. 41; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

[3] The Court expresses no opinion on whether the Separation Agreement bars the state law claims at this stage in the litigation, because it is unnecessary for this Order. *See infra* Section II.

Defendants contend that the 401(k) Plan provides that a claim for benefits must be filed no later than the earlier of "180 days following the date of [the final written administrative determination]" or "three years following proof of loss." (ECF No. 40-1 at 13-14). Defendants contend that Raya filed the initial Complaint 216 days after the final written administrative determination of the claim for 401(k) Plan benefits and more than three years after the "proof of loss" on November 29, 2016. (*Id.*). Raya contends that the doctrine of fraudulent concealment tolls the statutes of limitations. Raya contends that the fiduciaries "prevented [Raya] from discovering any violations or losses in either plan until the fraud was discovered in 2018." (ECF No. 43 at 6).

The statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). A plaintiff fails to state a claim where his failure to comply with the applicable statute of limitations is "apparent from the face of the complaint." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 628 F.2d 117, 119 (9th Cir. 1980)). The "statute of limitations for an ERISA cause of action based on a claim for benefits under a written contractual policy in California" is four years from the date of accrual. *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 648 (9th Cir. 2000); Cal. Civ. Proc. Code § 337. "[T]he accrual of an ERISA cause of action is determined by federal, rather than state, law." *Wetzel*, 222 F.3d at 649. "[U]nder federal law, an ERISA cause of action accrues either at the time benefits are actually denied or when the insured has reason to know that the claim has been denied." *Id.* (citations omitted).

Parties may contract for a different limitations period in an ERISA plan. *See Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 109 (2013). The court "must give effect to the Plan's limitations provision unless [the court] determine[s] either that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." *Id.* (quoting *Order of United Commercial Travelers v. Wolfe*, 331 U.S. 586, 608 (1947)).

In this case, Raya brings the first claim under 29 U.S.C. § 1132(a)(1)(B) to recover benefits under the Pension Plan and the 401(k) Plan. Raya alleges that between 2008 and "at least 2017," no information about the Pension Plan was provided to Raya or any other regular employee. (ECF No. 39 ¶ 18). Raya alleges that he discovered the existence of the Pension Plan in January 2018. Raya alleges that he submitted a claim for benefits under the Pension Plan in April 2018, and Calbiotech denied the claim for benefits in January 2019. Raya filed the initial Complaint on December 2, 2019, less than a year after he alleges that Calbiotech denied the claim for Pension Plan benefits. Taking the facts alleged in the FAC as true, it is not apparent from the face of the complaint that the claim for Pension Plan benefits is barred by the statute of limitations. *See Seven Arts*, 733 F.3d at 1254.

The FAC does not allege facts about the timing of the administrative claim for benefits under the 401(k) Plan.[4] Taking the facts alleged in the FAC as true, it is not apparent from the face of the FAC that the claim for 401(k) Plan benefits is barred by the statute of limitations. *See Seven Arts*, 733 F.3d at 1254.

### ii. Standing

Defendants contend that Raya lacks standing because he was never a participant or beneficiary of the Pension Plan. Defendants contend that the 2008 and 2011 amendments to the Pension Plan exclude Raya from participation. Defendants contend that Raya's status as a participant in the 401(k) Plan ceased when he received a complete and final distribution of his 401(k) Plan account on November 14, 2018. Raya contends that he is a participant in the Pension Plan and the 401(k) Plan because he is or may become eligible to receive a benefit from both Plans. (ECF No. 43).

---

[4] The Court declines to take judicial notice of the final written determination of Raya's administrative appeal of his claim for benefits. *See* ECF No. 41; *Ritchie*, 342 F.3d at 908. The Court further declines to take judicial notice of the most recent version of the 401(k) Plan, because judicial notice of the requested document is unnecessary for this Order. *See* ECF No. 41; *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary"). Defendants request that the Court draw inferences in favor of Defendants from these documents, which is not appropriate on a motion to dismiss.

To bring a claim for benefits under ERISA, the plaintiff "must be an ERISA 'participant' or 'beneficiary' who may be entitled to benefits under the Plans." *Crotty v. Cook*, 121 F.3d 541, 544 (9th Cir. 1997). 29 U.S.C. § 1132(a) provides that a "participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). The term 'participant' means 'any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer.'" *Crotty*, 121 F.3d at 544 (quoting 29 U.S.C. § 1002(7)). "In order to establish that [a former employee] may become eligible for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Id.* (alteration in original) (quoting *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 117-18 (1989)).

In this case, Raya alleges that he became eligible to enroll in the Pension Plan in September 2008. Raya alleges that Calbiotech and the fiduciaries hid the existence of the Pension Plan and did not allow Raya or other eligible employees to enroll. Raya alleges that he discovered the existence of the Pension Plan in January 2018 and requested that Calbiotech review Raya's eligibility for the Pension Plan. Raya alleges that Calbiotech determined that Raya was ineligible under an exclusionary provision that had been inserted into the Pension Plan after a 2011 rewrite and could not have prevented Raya's eligibility in 2008. Raya alleges that in April 2018, he submitted a claim for benefits and requested to be enrolled in the Pension Plan as of his date of eligibility in 2008. Raya alleges that Calbiotech denied his claim for benefits based on a newly discovered Plan amendment, which was not included in the Pension Plan documents provided to Raya or filed with the IRS and which "displays signs of backdating." (ECF No. 39 ¶ 28).

Taking the facts alleged in the FAC as true, Raya states facts sufficient to support an inference that the 2011 amendment to the Pension Plan would not prevent Raya from enrolling in and receiving Pension Plan benefits beginning in 2008. Raya disputes the

authenticity of the 2008 Pension Plan amendment. The contents of the 2008 Pension Plan amendment are not properly considered on a motion to dismiss. The Court concludes that Raya states a "colorable claim that [ ] he . . . will prevail in a suit for benefits" under the Pension Plan. *Crotty*, 121 F.3d at 544 (quoting *Firestone Tire*, 489 U.S. at 117-18).

Raya further alleges that he enrolled in the 401(k) Plan in 2010. Raya alleges that from 2009 through 2017, David Barka "described all employer contributions as being totally and completely discretionary." (ECF No. 39 ¶ 33). Raya alleges that "Plan documents finally acquired in 2018 describe employer contributions as mandatory or automatic." (*Id.* ¶ 34). Raya alleges that "[a]utomatic or mandatory employer contributions described in the 401(k) Plan documents were never made to [ ] Raya's account between 2008 and 2019[,] resulting in missed contributions and losses . . . ." (*Id.* ¶ 63).

Taking the facts alleged in the FAC as true, Raya states facts sufficient to support an inference that a final distribution of the funds in Raya's 401(k) account would not bar Raya from recovering amounts that were never contributed to the 401(k) account. The Court concludes that Raya states a "colorable claim that [ ] he . . . will prevail in a suit for benefits" under the 401(k) Plan. *Crotty*, 121 F.3d at 544 (quoting *Firestone Tire*, 489 U.S. at 117-18). The Court concludes that Raya states facts sufficient at this stage in the litigation to support an inference that he is a participant in the Pension Plan and the 401(k) Plan and has standing to assert the first claim for ERISA benefits.

### iii. Failure to State a Claim

Defendants contend that Raya fails to state a plausible claim that he is entitled to benefits under the terms of the 401(k) Plan. Defendants contend that Raya fails to reference specific terms in the 401(k) Plan that support a claim for benefits. Raya contends that "[t]he FAC identifies the specific plan terms that confer the benefits in question (however inartfully), as all mandatory or automatic employer contributions detailed in all versions or rewrites of the 401(k) Plan Document between 2008 and 2017." (ECF No. 43 at 7).

ERISA provides a right of action for plan participants or beneficiaries "to recover benefits due . . . under the terms of [a] plan, to enforce [ ] rights under the terms of the plan,

or to clarify [ ] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "To plead a violation of the statute, a plaintiff must . . . identify 'the provisions of the plan that entitle [them] to benefits.'" *Doe v. CVS Pharm., Inc.*, 982 F. 3d 1204, 1213 (9th Cir. 2020) (quoting *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015)), *reh'g en banc denied*, 2021 U.S. App. LEXIS 1242 (9th Cir. Jan. 15, 2021), *pet. for cert. filed* (Mar. 26, 2021) (No. 20-1374).

In this case, Raya alleges that the 401(k) Plan document "describe[s] employer contributions as mandatory or automatic." (ECF No. 39 ¶ 24). Raya alleges that Calbiotech failed to make mandatory contributions for nine years, resulting in "missed or reduced contributions to [Raya's] 401(k) account . . . ." (*Id.* ¶ 35). Taking the facts alleged in the FAC as true, and construing the *pro se* pleading liberally, Raya sufficiently identifies the provision of the 401(k) Plan that confers the benefits alleged in the FAC. *See In re Wellpoint Out-of-Network 'UCR' Rates Litig.*, 864 F. Supp. 2d 1002, 1041 (C.D. Cal. 2011) (plaintiff sufficiently identified provisions of ERISA plan by alleging that "WellPoint promise[s] to reimburse for out-of-network services at a percentage of the lesser of either (i) the actual amount of their medical bills or (ii) the usual, customary and reasonable rate" and "WellPoint healthcare plans represent that ONS will be reimbursed based on UCR determinations"). The Motion to Dismiss the first claim for ERISA benefits is denied.[5]

### c. **Claims 2 & 3 – Breach of ERISA Fiduciary Duties**

#### i. **Statute of Limitations**

Defendants contend that the second and third claims for breach of ERISA fiduciary duties are time-barred. Defendants "incorporate by reference the arguments set forth in

---

[5] Defendants' request that the Court order Raya to provide a more definite statement is denied. The Court finds that the claim for ERISA benefits is not "so vague or ambiguous that [Defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) ("[A] motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading.").

their original Motion to Dismiss." (ECF No. 40-1 at 15). In the original Motion to Dismiss, Defendants contend that the "alleged conduct purported to constitute a breach of ERISA fiduciary duty occurred more than three years, and more than six years, prior to Plaintiff filing the instant action." (ECF No. 14-1 at 18). Raya contends that the doctrine of fraudulent concealment tolls the statute of limitations. Raya contends that the fiduciaries "prevented [Raya] from discovering any violations or losses in either plan until the fraud was discovered in 2018." (ECF No. 43 at 6).

29 U.S.C. § 1113 provides the statute of limitations for a claim for breach of fiduciary duty under ERISA. Section 1113 provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of —
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113. "The statute of limitations itself indicates a two-step analysis of accrual of an ERISA action: first, when did the alleged 'breach or violation' occur; and second, when did [the plaintiff] have 'actual knowledge' of the breach or violation?" *Ziegler v. Conn. Gen. Life Ins. Co.*, 916 F.2d 548, 550 (9th Cir. 1990). Actual knowledge of the breach or violation "is triggered by . . . knowledge of the transaction that constituted the alleged violation[.]" *Blanton v. Anzalone*, 760 F.2d 989, 992 (9th Cir. 1985). Actual knowledge does not require knowledge of the legal consequences of the transaction. *Id.*

In this case, Raya alleges that Calbiotech, David Barka, Noori Barka, and Evelyn Barka breached their ERISA fiduciary duties by: 1) intentionally withholding documents

for the Pension Plan and the 401(k) Plan, resulting in missed contributions and losses in 2008, 2009, 2011, 2016, 2018, and 2019; 2) misleading participants regarding Calbiotech's mandatory contributions to the 401(k) Plan between 2008 and 2017; 3) failing to disclose the existence of the Pension Plan between 2008 and 2018; 4) failing to remit employee payroll deductions to 401(k) Plan accounts between 2009 and 2017; 5) introducing an invalid, backdated, and fraudulent document describing an illegal amendment to the Pension Plan in 2019; and 6) introducing an illegal Pension Plan amendment in 2008. (*See* ECF No. 39 ¶¶ 69, 72). Raya alleges that he did not discover the existence of the Pension Plan, the failure to remit employee payroll deductions to 401(k) accounts, missed employer contributions to the 401(k) Plan, or the existence of the 2008 amendment to the Pension Plan until 2018.

Raya filed the initial Complaint on December 2, 2019. Taking the facts alleged in the FAC as true, Raya states facts sufficient to support an inference that many of the alleged breaches or violations occurred less than three years before Raya filed the Complaint. Raya further states facts sufficient to support an inference that Raya did not have actual knowledge of many of the alleged breaches or violations until 2018, less than two years before he filed the initial Complaint. Taking the facts alleged in the FAC as true, it is not apparent from the face of the complaint that the claims for breach of ERISA fiduciary duties are barred by the statute of limitations. *See Seven Arts*, 733 F.3d at 1254; *see also Ziegler*, 916 F.2d at 552 ("We stress that an ERISA plaintiff's cause of action cannot accrue and the statute of limitations cannot begin to run until the plaintiff has actual knowledge of the breach, regardless of when the breach actually occurred.").

### ii. Failure to State a Claim

Defendants contend that Raya fails to state a claim under 29 U.S.C. § 1132(a)(2) because he does not allege any injury to a retirement plan. Defendants contend that Raya fails to state a claim under 29 U.S.C. § 1132(a)(3) because the claim is duplicative of the first claim for ERISA benefits under § 1132(a)(1)(B). Raya contends that he alleges losses

to both Plans. Raya contends that the remedies available under § 1132(a)(1)(B) "are neither adequate nor available to provide full and fair relief." (ECF No. 43 at 7).

Raya brings the second claim for breach of ERISA fiduciary duties under 29 U.S.C. § 1132(a)(2). Section 1132(a)(2) permits "a participant, beneficiary, or fiduciary" to bring a civil action for appropriate relief under 29 U.S.C. § 1109(a). 29 U.S.C. § 1132(a)(2). Section 1109(a) provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). Section 1132(a)(2) "gives a remedy for injuries to the ERISA plan as a whole, but not for injuries suffered by individual participants as a result of a fiduciary breach." *Wise v. Verizon Comm'n, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010) (citing *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 254 (2008)). To state a claim under § 1132(a)(2), the plaintiff "must allege that the fiduciary injured the benefit plan or otherwise jeopardized the entire plan or put at risk plan assets." *Id.* (citations omitted).

In this case, Raya alleges Calbiotech failed to make mandatory contributions to the 401(k) Plan. Raya alleges that the fiduciaries "misled participants" regarding Calbiotech's mandatory contributions, "resulting in missed employer contributions and losses to the [401(k)] [P]lan . . . ." (ECF No. 39 ¶ 69). Raya alleges that the fiduciaries failed to disclose the existence of the Pension Plan to eligible employees, "resulting in a failure to enroll eligible employees and missed contributions to the Pension Plan . . . ." (*Id.*). Taking the facts alleged in the FAC as true, Raya alleges harm to the Pension Plan and the 401(k) Plan sufficient to state a claim under § 1132(a)(2).

Raya brings the third claim for breach of ERISA fiduciary duties under 29 U.S.C. § 1132(a)(3). Section 1132(a)(3) provides that a plan participant may bring a civil action

"(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." 29 U.S.C. § 1132(a)(3). "Unlike [a claim for harm to the plan under] 29 U.S.C. § 1132(a)(2) . . . a participant or beneficiary has standing pursuant to section 1132(a)(3) to seek individual recovery . . . .'" *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1075 (9th Cir. 2009). Section 1132(a)(3) is a "catchall provision[ ] [that] act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 959 (9th Cir. 2016) (alterations in original) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)). A plaintiff "may not resort to this equitable catchall provision to seek the same relief" that a claim for ERISA benefits under § 1132(a)(1)(B) affords. *Wise*, 600 F.3d at 1190. However, claims under § 1132(a)(1)(B) and § 1132(a)(3) "may proceed simultaneously so long as there is no double recovery." *Moyle*, 823 F.3d at 961.

In this case, Raya seeks equitable relief including the removal of Defendants as fiduciaries and trustees for the 401(k) Plan and the Pension Plan. (*See* ECF No. 39 at 19). "Under the broad remedial provision of ERISA . . . removal of fiduciaries [is] an appropriate remedy upon findings of imprudence, divided loyalties, and prohibited transactions." *Donovan v. Mazzola*, 716 F.2d 1226, 1238-39 (9th Cir. 1983), *as amended* (Oct. 3, 1983). The Court concludes that at this stage in the litigation, Raya may pursue remedies on the first claim for ERISA benefits under § 1132(a)(1)(B) and on the third claim under § 1132(a)(3). The Motion to Dismiss the second and third claims for breach of ERISA fiduciary duties is denied.[6]

///

///

---

[6] Defendants' request that the Court order Raya to provide a more definite statement is denied. *See* Fed. R. Civ. P. 12(e); *Bureerong*, 922 F. Supp. at 1461.

### iii. Defendant Evelyn Barka

Defendants contend that Evelyn Barka is not a proper Defendant because she is not a named trustee of the 401(k) Plan or the Pension Plan. Defendants contend that the allegations that Evelyn Barka breached her fiduciary duties are conclusory. Raya contends that Evelyn Barka is a named trustee of the 401(k) Plan and is a proper Defendant in this action.

29 U.S.C. § 1109 permits a claim for breach of fiduciary duty against "[a]ny person who is a fiduciary." 29 U.S.C. § 1109(a). 29 U.S.C. § 1002 provides that a person is a fiduciary if they are a "named fiduciary" or

> to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

In this case, Raya alleges that Evelyn Barka "is a named Trustee and a fiduciary" for the 401(k) Plan and the Pension Plan. (ECF No. 39 ¶ 10). Raya attaches to his Opposition to the Motion to Dismiss a 401(k) Plan Adoption Agreement executed on December 30, 2009, by "TRUSTEE" Evelyn Barka, which is a proper subject of judicial notice and consideration on a motion to dismiss. (*See* Ex. A to Opposition, ECF No. 43 at 42). Raya's claims for breach of ERISA fiduciary duties are based, in part, on alleged violations by "[a]ll fiduciaries" regarding the 401(k) Plan that occurred as early as 2008. (*See* ECF No. 39 ¶¶ 69, 72). The Court concludes that the allegations against Evelyn Barka are sufficient to state a claim at this stage in the litigation. The Motion to Dismiss Defendant Evelyn Barka is denied.

///

///

### d. Claim 4 – ERISA Interference

Defendants contend that the fourth claim for ERISA interference is time-barred. Defendants "incorporate by reference the arguments set forth in their original Motion to Dismiss." (ECF No. 40-1 at 15). In the original Motion to Dismiss, Defendants contend that a two-year statute of limitations applies, and Raya filed the initial Complaint more than two years after he was terminated in November 2016. Raya contends that the doctrine of fraudulent concealment tolls the statute of limitations.

29 U.S.C. § 1140 prevents employers from discharging a participant "because of a specific intent to interfere with ERISA rights . . . ." *Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889, 896 (9th Cir. 1990) (citations omitted); *see* 29 U.S.C. § 1140. The statute of limitations for an ERISA interference claim borrows the two-year statute of limitations for a state law claim for wrongful termination in violation of public policy. *See Burrey v. Pac. Gas & Elec. Co.*, 159 F.3d 388, 396 (9th Cir. 1998); *Prue v. Brady Co./San Diego, Inc.*, 242 Cal. App. 4th 1367, 1382 (2015); Cal. Civ. Proc. Code § 335.1.

The Court of Appeals for the Ninth Circuit has not considered when a cause of action for ERISA interference accrues. The Courts of Appeals for the First, Third, and Seventh Circuits agree that a cause of action "accrues when the decision to terminate is made and the employee is informed of the pending termination." *Jakimas v. Hoffmann-LaRoche, Inc.*, 485 F.3d 770, 780 (3d Cir. 2007), *as amended* (May 31, 2007); *see Edes v. Verizon Commc'ns, Inc.*, 417 F.3d 133, 139 (1st Cir. 2005) (same); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1140-41 (7th Cir. 1992) (same); *see also Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (holding that a cause of action under Title VII accrues at the time an employment decision is made and communicated to the employee).

In this case, Raya alleges that he received notice of his termination on November 29, 2016. Raya alleges that his termination was in retaliation for "exercising his rights under ERISA to request Plan Documents." (ECF No. 39 ¶ 78). Raya alleges that he had been demanding to see plan documents since July 2016, and "[r]ather than allow [ ] Raya to view the 401(k) Plan documents, Calbiotech [ ] made the decision to terminate [ ] Raya."

(*Id.* ¶ 44). Raya alleges that at the time of his termination, "Raya still had not received any Plan Documents." (*Id.* ¶ 45).

Raya filed the initial Complaint on December 2, 2019. The facts alleged in the FAC support an inference that Raya discovered the allegedly unlawful act on November 29, 2016, when he received notice of his termination. The facts alleged in the FAC support an inference that at the time of Raya's termination, Raya knew that he had requested Plan documents and that Calbiotech failed to provide the requested documents. Taking the facts alleged in the FAC as true, the Complaint was filed more than two years after Raya knew of the allegedly wrongful act. Raya fails to allege facts that support an inference that fraudulent concealment tolls the statute of limitations for ERISA interference. *See Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415-16 (9th Cir. 1987) (the plaintiff "must plead with particularity the facts giving rise to the fraudulent concealment claim and must establish that they used due diligence in trying to uncover the facts"). The Court concludes that Raya's failure to comply with the statute of limitations is apparent from the face of the complaint. *See Seven Arts*, 733 F.3d at 1254. The Motion to Dismiss the fourth claim for ERISA interference is granted.

## II.    STATE LAW CLAIMS

Defendants contend that the fifth, sixth, and seventh claims for violations of California state law are preempted by ERISA. Defendants contend that the state law claims relate to actions taken in administering an ERISA plan and arise out of fiduciary relationships that ERISA regulates. Raya contends that the state law claims are independent of the operation of any ERISA plan. Raya contends that the state law claims do not involve actions, funds, or assets that are dependent on the existence of any ERISA plan.

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). "To this end, ERISA includes expansive pre-emption provisions[.]" *Id.* 29 U.S.C. § 1144(a) provides that "the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29

U.S.C. § 1003(a)] and not exempt under section 4(b) [29 U.S.C. § 1003(b)]." 29 U.S.C. § 1144(a). 29 U.S.C. § 1144(a). "A law relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 129 (1990) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983)).

A state law claim has "reference to" an ERISA plan if the claim is premised on the existence of an ERISA plan, or if existence of the ERISA plan is essential to the survival of the state law claim. *See Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A.*, 519 U.S. 316, 325 (1997); *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004), *as amended* (Oct. 1, 2004). "In determining whether a claim has a 'connection with' an employee benefit plan, courts in this circuit use a relationship test." *Providence Health Plan*, 385 F.3d at 1172. Under the relationship test, a state law claim has a connection with an ERISA plan if the state claim encroaches upon relationships regulated by ERISA, such as the relationship between plan and plan member, plan and employer, and plan and trustee. *See Abraham v. Norcal Waste Sys.*, 265 F.3d 811, 820-21 (9th Cir. 2001); *Providence Health Plan*, 385 F.3d at 1172. "[A] core factor leading to the conclusion that a state law claim is preempted is that the claim bears on an ERISA-regulated relationship." *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1219 (9th Cir. 2000), *as amended on denial of reh'g* (Apr. 5, 2000).

In this case, Raya brings the fifth through seventh claims for breach of fiduciary duties, fraud and concealment, and conversion under California state law. Raya alleges that Defendants misappropriated deductions from Raya's biweekly paychecks to repay a loan from Raya's 401(k) account. Raya alleges that the funds "were intended to be deposited into a 401(k) account . . . and never became Plan assets or part of a retirement account." (ECF No. 39 ¶¶ 87, 95, 106). These allegations that form the basis of the state law claims are also used to support the ERISA claims based on the 401(k) Plan. ERISA regulates the alleged fiduciary relationships, and the conduct allegedly occurred after the creation of the 401(k) Plan, involves Plan assets, and relates to the administration of the 401(k) Plan. *See*

29 C.F.R. § 2510.3-102(a)(1) ("[T]he assets of the plan include amounts . . . for contribution or repayment of a participant loan to the plan[.]"). The Court concludes that the state law claims have "a connection with or reference to" an ERISA plan and are preempted by ERISA. *Ingersoll-Rand Co.*, 498 U.S. at 129 (quoting *Shaw*, 463 U.S. at 96-97). The Motion to Dismiss the fifth, sixth, and seventh claims for violations of California state law is granted.[7]

## III. JURY TRIAL

Defendants request that the Court strike Raya's demand for a jury trial under Rule 12(f) of the Federal Rules of Civil Procedure because there is no right to a jury trial under ERISA. Raya contends that he does not request a jury trial for his ERISA claims.

Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In the prayer for relief in the FAC, Raya "demands a jury trial for the claims in which a jury is permitted." (ECF No. 39 ¶ 110). There is no right to a jury trial on the remaining ERISA claims. *See Thomas v. Or. Fruit Prods. Co.*, 228 F.3d 991, 997 (9th Cir. 2000). The Court concludes that the request for a jury trial is immaterial under Rule 12(f). The request to strike the demand for a jury trial is granted.

## IV. FAILURE TO COMPLY WITH COURT ORDER

Defendants contend that the Court should dismiss the FAC in its entirety under Rule 41(b) of the Federal Rules of Civil Procedure. Defendants contend that the FAC includes claims and factual allegations that were not included in the proposed amended complaint the Court authorized Raya to file in its Order granting the Motion for Leave to Amend. Defendants contend that the FAC was filed two days after the Court-imposed deadline. Defendants alternatively request that the Court "strike any and all additional/modified

---

[7] The Court declines to take judicial notice of the U.S. Department of Labor investigatory findings letter and the California Employment Development Department notice received by Calbiotech, because judicial notice of the requested documents is unnecessary for this Order. *See* ECF No. 41; *Asvesta*, 580 F.3d at 1010 n.12.

claims and factual allegations that were not presented in the Proposed Amended Complaint" under Rule 12(f). (ECF No. 40-1 at 33). Raya contends that the changes in the FAC "represent Plaintiff's sincere attempts to further define and clarify claims and to further correct technical pleading deficiencies." (ECF No. 43 at 11). Raya contends that his filing of the FAC was timely under the Federal and Local Rules and was delayed by the COVID-19 pandemic.

Rule 41(b) provides, "If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

> In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

In this case, the Court granted Raya permission to file the proposed FAC attached to the Motion for Leave to File Amended Complaint on or before December 8, 2020. (*See* ECF No. 38 at 4). The FAC that Raya filed improperly includes a new claim for conversion and additional factual allegations that were not included in the proposed FAC that the Court granted Raya permission to file. The FAC was filed one day late. *See* CivLR 7.1(e)(4) (the extension of time to serve opposing parties for parties not authorized to use the electronic case filing system "does not extend court filing deadlines"). However, the unauthorized claim for conversion has been dismissed. Defendants have fully briefed, and the Court has analyzed, the Motion to Dismiss the FAC. The Court concludes that the *Pagtalunan* factors weigh against dismissal. The request to dismiss the FAC in its entirety under Rule 41(b) is denied.

Motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citing *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)). Courts often require that the moving party make a showing of prejudice before granting a motion to strike. *See, e.g.*, *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The decision to grant or deny a motion strike under Rule 12(f) is within the discretion of the court. *See id*. The Court cannot conclude that the additional factual allegations included in the FAC filed without leave of court "could have no possible bearing on the subject matter of the litigation." *Neveau*, 392 F. Supp. 2d at 1170 (citing *Colaprico*, 758 F. Supp. at 1339). The request to strike the additional claims and factual allegations not presented in the proposed FAC is denied.

## V.  CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiff's First Amended Complaint, or Motion for a More Definite Statement and Motion to Strike Portions of Plaintiff's First Amended Complaint (ECF No. 40) is granted as to the fourth through seventh claims, and as to the request to strike the request for a jury trial, and is otherwise denied.

Dated:  June 3, 2021

Hon. William Q. Hayes
United States District Court