1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT RAYA,

12                                      Plaintiff,

13  v.

14  DAVID BARKA; NOORI BARKA;
    EVELYN BARKA; CALBIOTECH,
15  INC.; CALBIOTECH, INC. 401(k)
16  PROFIT SHARING PLAN; and
    CALBIOTECH, INC. PENSION PLAN,
17
18                                      Defendants.

Case No.:  3:19-cv-2295-WQH-AHG

**ORDER RESOLVING OPPOSED
JOINT MOTION AND DENYING
DEFENDANTS' MOTION FOR
CONTINUANCE**

**[ECF No. 80]**

19          Before the Court is the parties' opposed joint motion to continue the case

20  management deadlines. ECF No. 80. Defendants seek to extend all deadlines by 90 days,

21  or vacate the operative scheduling order until certain pending motions are decided, which

22  Plaintiff opposes. *Id*.

23          Parties seeking to modify the scheduling order under Rule 16(b) must demonstrate

24  good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause

25  and with the judge's consent"); ECF No. 59 at 5 (scheduling order, stating that the "dates

26  and times set forth herein will not be modified except for good cause shown"); Chmb.R. at

27  2 (stating that any request for continuance requires "[a] showing of good cause for the

28  request"); *see also* FED. R. CIV. P. 6(b) ("When an act may or must be done within a

1    specified time, the court may, for good cause, extend the time").

2        Courts have broad discretion in determining whether there is good cause. *See, e.g.*,
3    *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v.*
4    *Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012).
5    "Good cause" is a non-rigorous standard that has been construed broadly across procedural
6    and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir.
7    2010). The good cause standard focuses on the diligence of the party seeking to amend the
8    scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609
9    ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.
10   ... If that party was not diligent, the inquiry should end.") (internal citation omitted).
11   Therefore, "a party demonstrates good cause by acting diligently to meet the original
12   deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS,
13   2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

14       Both parties have recently engaged in extensive motion practice, with four motions
15   currently pending before the Court; Defendants filed a Motion to Strike Affirmative
16   Defenses (ECF No. 53) on July 29, Plaintiff filed a Motion for Partial Summary Judgment
17   or Declaratory Judgment (ECF No. 60) on August 23, Defendants filed a Motion to Dismiss
18   Second Amended Complaint (ECF No. 77) on September 24, and Plaintiff filed a Motion
19   for Partial Summary Judgment Regarding Waiver (ECF No. 79) on October 20. Fact
20   discovery closes in this case on January 24, 2022, and expert discovery closes on
21   April 25, 2022. ECF No. 59. In the instant motion, Defendants contend that "[i]t is very
22   likely that the motions currently pending a ruling by the Court [] will entirely dispose of
23   several, if not all, of the claims currently pending. At the very least, the outcomes of each
24   of the pending motions will heavily impact the level and issues/subjects of discovery which
25   will ultimately be necessarily conducted in this action." ECF No. 80 at 6. Thus, since
26   "[d]iscovery is an expensive and time-consuming process," and because "requiring the
27   parties to proceed with full-fledged discovery at this time would create an undue burden
28   and cause unnecessary expense on all parties to the action," Defendants seek to extend all

3:19-cv-2295-WQH-AHG

1    deadlines set forth in the Scheduling Order. *Id*.; *see also* ECF No. 80-1 at 4 ("requiring the

2    parties to engage in extensive discovery and other matters related to pre-trial proceedings

3    at the present time, without the necessary knowledge on which claims will and will not

4    survive those several pending motions [], and thus on which claims and issues discovery

5    will ultimately necessary, will create an undue burden and cause unnecessary expenses to

6    be incurred by the parties to the action"); *id*. at 4 ("at this time Defendants cannot determine

7    the ultimate scope of necessary discovery, and given the limitations on discovery they

8    cannot afford[,] neither economically nor strategically[,] to conduct discovery on issues

9    which will ultimately have no relevance to the determination of the claims in this action").

10   Moreover, Defendants argue that they "have been hindered in their ability to focus on

11   conducting discovery due to the extensive motion practice and briefing taking place for

12   which they have had to divert their attention and dedicate their time towards rather than

13   focusing on conducting formal discovery." ECF No. 80-1 at 4. Therefore, Defendants seek

14   an order from the Court either (a) continuing all case management deadlines by 90 days,

15   or (b) vacating the current case schedule, to be reset following the resolution of the pending

16   dispositive motions. ECF No. 80 at 7. Plaintiff opposes Defendants' request for a

17   continuance. *Id*. at 7–8.

18       The Court has reviewed the papers submitted, as well as the docket, and has

19   considered the arguments of both sides. The Court finds that Defendants have not shown

20   the diligence necessary to meet the good cause standard for a 90-day continuance or for

21   vacating the current case management schedule. There are currently three months

22   remaining until fact discovery closes, with time for the pending motions to be ruled on and

23   discovery to occur before the original deadline. Defendants also did not provide

24   information regarding what discovery is still outstanding, as a basis for the requested length

25   of continuance. Though the scheduling order was issued over two months ago, it appears

26   to the Court that the parties have not yet begun discovery. Thus, the Court **DENIES**

27   Defendants' Motion for Continuance **without prejudice**. The parties may file a renewed

28   joint (or opposed joint) motion for continuance **no earlier than January 5, 2022**. Any

3:19-cv-2295-WQH-AHG

1  future motion for continuance must outline the reasons why specifically enumerated

2  discovery is still outstanding and show that the parties have been diligent—i.e., the parties

3  should commence discovery now, without waiting for the pending motions to be decided.

4

5        **IT IS SO ORDERED.**

6  Dated:  October 26, 2021                   _____

7                                              Honorable Allison H. Goddard
                                              United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:19-cv-2295-WQH-AHG