

Marc S. Schechter, Bar No. 116190
Corey F. Schechter, Bar No. 279964
Paul D. Woodard, Bar No. 282470
Butterfield Schechter LLP
10021 Willow Creek Road, Suite 200
San Diego, California 92131-1603
(858)444-2300/FAX (858)444-2345
mschechter@bsllp.com
cschechter@bsllp.com
pwoodard@bsllp.com

Attorneys for Defendants David Barka, Noori
Barka, Evelyn Barka, Calbiotech, Inc.,
Calbiotech, Inc. 401(k) Profit Sharing Plan,
and Calbiotech, Inc. Pension Plan

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA, | CASE NO. 3:19-cv-02295-WQH-AHG |
| Plaintiff/Counterdefendant, | Assigned For All Purposes To:<br>Judge: Hon. William Q. Hayes<br>Magistrate: Hon. Allison H. Goddard |
| v. | |
| DAVID BARKA; NOORI BARKA;<br>EVELYN BARKA; CALBIOTECH,<br>INC.; CALBIOTECH, INC. 401(K)<br>PROFIT SHARING PLAN;<br>CALBIOTECH, INC. PENSION<br>PLAN, | **POINTS AND AUTHORITIES IN<br>SUPPORT OF DEFENDANTS'<br>MOTION FOR PARTIAL<br>SUMMARY JUDGMENT OR<br>ALTERNATIVELY FOR<br>SUMMARY ADJUDICATION** |
| Defendants/Counterclaimants. | [*Separate Statement of Undisputed<br>Material Facts filed concurrently<br>herewith*] |
| | Date: December 6, 2021 |
| | **NO ORAL ARGUMENT UNLESS<br>REQUESTED BY THE COURT** |
| | Complaint Filed: December 2, 2019<br>FAC Filed: December 9, 2020<br>Counterclaim Filed: June 17, 2021<br>SAC Filed: September 13, 2021<br>Trial Date: None set |

{00422615.DOCX / 4}

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...............................................................................1

II.   PROCEDURAL HISTORY ................................................................1

III.  SUMMARY OF UNDISPUTED MATERIAL FACTS............................2

IV.   SUMMARY OF THE ARGUMENTS ..................................................6

V.    LEGAL STANDARD .........................................................................8

VI.   ARGUMENT ....................................................................................9

    A.    Defendants Are Entitled to Partial Summary Judgment on Plaintiff's First Claim Because Plaintiff Plainly Lacks Statutory and Article III Standing to Bring a Claim for Benefits Under the Pension Plan.....................................................9

    B.    Plaintiff's Claims Seeking Plan Benefits Are Untimely.................11

        1.    The 401(k) Plan. .....................................................11

        2.    The Pension Plan. ..................................................12

    C.    The Relief Sought by Plaintiff Under Claims One, Two, and Three Is Duplicative (or Substantively Identical); Alternatively, Defendants Are Entitled to Summary Adjudication or a Legal Determination by This Court that the Only Relief Plaintiff Could Potentially Be Entitled to Obtain Under Claims Two and Three Is Removal of Defendants as Fiduciaries of the Pension Plan and 401(k) Plan. ..........................13

    D.    Plaintiff Lacks Both Statutory Standing and Article III Standing to Bring His Second Claim on Behalf of the Pension Plan Under 29 U.S.C. § 1132(a)(2). ................................................15

    E.    Should the Court Decline to Dismiss Any Part of Any of Plaintiff's Claims Seeking Benefits Under Either the 401(k) Plan or the Pension Plan Based on the Preceding Arguments, the Court Is Nonetheless Obligated Under the Circumstances to Give Deference to Calbiotech's Prior Decision Denying Plaintiff's Claims for Benefits Under Each of Those Benefit Plans. ........................................................................................17

    F.    Plaintiff Waived/Released All Claims Asserted in the SAC and Therefore Has No Standing or Right to Assert Any of Those Claims.......................................................................19

    G.    Defendants' Are Entitled to Judgment in Their Favor as a Matter of Law on Their Counterclaim Against Plaintiff for Breach of Contract (i.e., the Release). .......................................20

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

i

VII.   CONCLUSION ...................................................................................................21

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELLORS

{00422615.DOCX / 4}

ii

# TABLE OF AUTHORITIES

Page

## CASES

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986) ....................................................................................8

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) ....................................................................................8

*Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*
472 U.S. 559 (1985) ...................................................................................17

*Firestone Tire & Rubber Co. v. Bruch*
489 U.S. 101 (1989) ...................................................................................18

*In re Comp. Sci. Corp. ERISA Litig.*
635 F. Supp. 2d 1128 (C.D. Cal. 2009)........................................................8

*Martin v. Construction Laborer's Pension Trust*
947 F.2d 1381 (9th Cir. 1991).............................................................12, 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
475 U.S. 574 (1986) ....................................................................................9

*Montesano v. Xerox Corp. Ret. Income Guar. Plan*
117 F. Supp. 2d 147 (D. Conn. 2000) (aff'd in all relevant respects and partially vacated on other grounds by *Montesano v. Xerox Corp. Ret. Income Guar. Plan*, 256 F.3d 86 (2d Cir. 2001) ...........................14, 17, 18

*Moyle v. Liberty Mut. Ret. Benefit Plan*
No 10-CV-2179, 2017 WL 1331739, at *5 (S.D. Cal. Apr. 11, 2017)........9

*Nichols v. Eaton*
91 U.S. 716 (1875) ....................................................................................17

*Reynolds Metals Co. v. Ellis*
202 F.3d 1246 (9th Cir. 2000).....................................................................9

*Spinedex Physical Therapy USA, Inc. v. United Healthcare of Ariz., Inc.*
770 F.3d 1282 (9th Cir. 2014).....................................................................9

*State of Cal. ex. Rel. Cal. Dep't of Toxic Substances Control v. Campbell*
138 F.3d 772 (9th Cir. 1998)........................................................................8

*United States v. Sterling Centrecorp. Inc.*
209 F. Supp. 3d 1151 (E.D. Cal. 2016), *aff'd*, 977 F.3d 750 (9th Cir. 2020)
....................................................................................................................8

*Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*
222 F.3d 643 (9th Cir. 2000)......................................................................12

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

iii

*Wise v. Verizon Comm'n, Inc.*
600 F.3d 1180 (9th Cir. 2010) .............................................................15, 16

*Wolf v. Coca-Cola Co.*
200 F.3d 1337 (11th Cir. 2000) ...................................................................9

**STATUTES**

26 Code of Federal Regulations § 1.401(a)(4)-11(g)(3)(iii) .........................10, 11

26 Code of Federal Regulations § 1.410(b)(9) ....................................................10

29 United States Code § 1132(a)(1)(B) ....................................9, 10, 11, 15, 17

29 United States Code § 1132(a)(2) ....................................................7, 15, 16

California Code of Civil Procedure § 337 ....................................................12

ERISA § 502(a)(1)(B) .................................................................13, 14, 15

ERISA § 502(a)(2) ....................................................................13, 14, 15

ERISA § 502(a)(3) ....................................................................13, 14, 15

**RULES**

Federal Rules of Civil Procedure, Rule 56 ......................................................8

Federal Rules of Civil Procedure, Rule 56(a) .................................................8

Federal Rules of Civil Procedure, Rule 56(c) .................................................8

**TREATISES**

*3 W. Fratcher, Scott on Trusts* § 187, p. 14 (4th ed. 1988) ...............................17

*G. Bogert & G. Bogert, Law of Trusts and Trustees* § 560, pp. 193-208 (2d rev. ed. 1980) ....................................................................17

*Restatement (Second) of Trusts* § 187 (1959) .......................................17

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

iv

## I.   INTRODUCTION

Defendants David Barka, Noori Barka, Evelyn Barka, Calbiotech, Inc. ("Calbiotech"), the Calbiotech, Inc. 401(k) Profit Sharing Plan (the "401(k) Plan"), and the Calbiotech, Inc. Pension Plan (the "Pension Plan") (collectively referred to herein as "Defendants") hereby move for Partial Summary Judgment or Alternatively for Summary Adjudication ("Motion").

## II.   PROCEDURAL HISTORY

At the outset, Defendants' wish to the bring to the Court's attention that several of their arguments made herein are duplicative of arguments they have previously attempted to raise via a cross-motion for partial summary judgment/adjudication incorporated into their opposition [ECF No. 74[1]] to Plaintiff's first motion for partial summary judgment[2] [ECF No. 60], which has not yet been ruled upon. Upon further consideration by Defendants' counsel subsequent to their filing of ECF No. 74, there is concern that several of Defendants' arguments for partial summary judgment/adjudication made via that incorporated cross-motion for partial summary judgment within their opposition to Plaintiff's first motion for partial summary judgment were not properly presented to the Court via that incorporated motion for partial summary judgment, and that a formal motion of their own raising those same arguments among others (i.e., the instant Motion) is the most appropriate avenue and means for the Court to render a decision on those arguments; hence, Defendants are filing this Motion.

At the time Defendants filed their opposition to Plaintiff's first motion for partial summary judgment, their cross-motion arguments made therein which they now seek to, without any doubts, properly bring hereunder were based upon Plaintiff's remaining claims raised in his First Amended Complaint ("FAC")

[1] ECF No. 74 is a corrected filing, which corrected inadvertent omissions in ECF Nos. 63 and 66 (*see*, ECF No. 73).
[2] Plaintiff has since filed a second motion for partial summary judgment [ECF No. 79], to which Defendants are in the process of preparing opposition briefing.

P&As i/s/o Defs' Motion for Partial Summary Judgment or   Case No. 3:19-cv-02295-WQH-AHG
Alternatively for Summary Adjudication

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

which had not been disposed of as of that time via the Court's order granting in part and denying in part Defendants' motion to dismiss Plaintiff's First Amended Complaint [ECF No. 45], because Plaintiff had not yet filed his Second Amended Complaint ("SAC") [ECF No. 64].[3] However, Plaintiff's factual allegations and causes of action upon which those arguments raised by Defendants in their opposition to Plaintiff's first motion for partial summary judgment (and incorporated cross-motion) remain unmodified between Plaintiff's FAC and SAC—i.e., claims One through Three in Plaintiff's SAC are identical in the FAC and SAC.

## III. SUMMARY OF UNDISPUTED MATERIAL FACTS

Plaintiff is a former employee of Calbiotech who was hired by Calbiotech to commence employment as an at-will full-time scientist on or about June 2, 2008. (Defendants' Separate Statement of Undisputed Material Fact ("SSUF") No. 1; *see also*, Plaintiff's SSUF[4] No. 1 [*see*, ECF No. 60].) Following a brief and voluntary separation from service with Calbiotech in 2011, Plaintiff thereafter remained employed with Calbiotech until on or about November 29, 2016. (Defendants' SSUF No. 2; Plaintiff's SSUF No. 1.)

Calbiotech established the Calbiotech, Inc. Pension Plan by executing and adopting the Standardized Non-Integrated Adoption Agreement (the "Adoption Agreement") on December 28, 2008, effective retroactively to September 1, 2008. (Defendants' SSUF No. 3; Plaintiff's SSUF Nos. 2-3.) The Adoption Agreement and the Prototype Defined Benefit Retirement Plan Basic Plan #02 (the "Basic

---

[3] On September 24, 2021, Defendants filed a motion to dismiss Plaintiff's SAC [ECF No. 77]. That motion has been fully briefed and is pending a ruling by the Court.

[4] All references herein to "Plaintiff's SSUF" shall refer to Plaintiff's purported statements of undisputed material facts as identified by him in his first motion for summary judgment filed on August 23, 2021 [ECF No. 60, at *10-11]. ECF No. 74-1 (i.e., Defendants' responses to same) also reiterates in an orderly fashion Plaintiff's purported statements of undisputed material facts as identified by him in his first motion for summary judgment beginning at page 10 thereof.

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

Plan Document"), along with any amendments to either, collectively constitute the written instruments governing the operation of the Pension Plan. (Defendants' SSUF No. 4.) The Pension Plan's Basic Plan Document authorizes the employer to amend the Pension Plan at any time. (Defendants' SSUF No. 5.)

An amendment to Calbiotech's Pension Plan, retroactively effective as of September 1, 2008 (the "Amendment"), was adopted/executed by Calbiotech on December 28, 2008—concurrently with its adoption/execution of the Pension Plan's Adoption Agreement and Basic Plan Document retroactively effective as of September 1, 2008 (i.e., the first day of the Pension Plan's initial Plan Year). (Defendants' SSUF No. 6; Plaintiff's SSUF No. 8.) The Amendment provides in pertinent part:

> All of the Employees other than Noori Barka, Evelyn Barka, David Barka, Danny Barka, Ann Barka, Amar Dawood and Sabreen Najeeb *are not* participants under the Pension Plan. The excluded employees are covered with comparable average benefits by the Calbiotech, Inc. 401(k) Profit Sharing Plan.

(Emphasis added.) (Defendants' SSUF No. 7; Plaintiff's SSUF No. 9.) Thus, Plaintiff was never an eligible employee for purposes of participation in the Pension Plan; and Plaintiff was denied eligibility for participation in the Pension Plan as of the September 1, 2008—the effective date of both the Amendment and the Pension Plan itself. (Defendants' SSUF No. 8; SAC ¶ 68.)

At the time of the execution/adoption of the Pension Plan's Adoption Agreement and the Amendment on December 28, 2008 (and also as of their September 1, 2008, effective date), and despite being an ineligible employee for purposes of participation in the Pension Plan, Plaintiff in any event did not meet the 1-Year Service Requirement to be a participant in the Pension Plan; specifically, Plaintiff had not yet completed 1,000 Hours of Service for Calbiotech over a 12-consecutive-month period, because he only began performing service for Calbiotech in 2008. (Defendants' SSUF No. 9.)

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

3

Calbiotech also established and adopted the Calbiotech, Inc. 401(k) Profit Sharing Plan, which has been amended and restated over the years, most recently on April 3, 2017, with an effective date of the most recently amended and restated 401(k) Plan being September 1, 2016. (Defendants' SSUF No. 10.)

Plaintiff filed an administrative claim, and then a subsequent appeal, with Calbiotech for benefits under both the Pension Plan and the 401(k) Plan. (Defendants' SSUF No. 11.) Plaintiff's administrative claim for benefits was filed with Calbiotech on July 6, 2018. (Defendants' SSUF No. 12.) Following a denial of Plaintiff's administrative claim for benefits by Calbiotech, Plaintiff thereafter filed an administrative appeal of that claim denial with Calbiotech on March 2, 2019. (Defendants' SSUF No. 13.) Plaintiff's administrative claim appeal for benefits under both the Pension Plan and the 401(k) Plan was denied by Calbiotech on April 30, 2019. (Defendants' SSUF No. 14.) The aforementioned denial of Plaintiff's administrative claim appeal represented a *final* decision/determination by Calbiotech—the designated Plan Administrator of both the Pension Plan and the 401(k) Plan. (Defendants' SSUF No. 15; *see also*, SAC ¶ 7.)

Plaintiff filed his original Complaint in the instant action on December 2, 2019, which was *219 days* after Calbiotech issued its final decision/determination on Plaintiff's administrative appeal on April 30, 2019. (Defendants' SSUF No. 16.) The express terms of the 401(k) Plan in effect throughout the entirety of Plaintiff's administrative claim and appeal process with Calbiotech—and as told to Plaintiff by Calbiotech in its written final decision/determination of his administrative appeal—clearly dictate and require that any legal or equitable action following a final decision on an administrative appeal must be commenced "no later than … 180 days following the date of the final determination." (Defendants' SSUF No. 17.)

Going back in time, immediately following Plaintiff's termination of employment from Calbiotech, Plaintiff entered into a Separation Agreement and

{00422615.DOCX / 4}

4

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

General Release ("Separation Agreement" or "Release") with Calbiotech, which Plaintiff executed on December 7, 2016. (Defendants' SSUF No. 18.) Plaintiff (as the defined "Employee" under that Release) therein agreed, pursuant to Section 3 thereof:

> 3.    Release. Employee, on behalf of Employee and Employee's representatives, heirs, successors, and assigns, does hereby completely release and forever discharge Company, including its related or affiliated companies, partnerships, subsidiaries, and other business entities and its and their present and former respective officers, directors, shareholders, owners, agents, employees, representatives, insurers, attorneys, successors, and assigns (referred to collectively as the "Company"), from and against all claims, rights, demands, actions, obligations, liabilities, and causes of action, of any and every kind, nature, and character whatsoever, that Employee has now, has ever had, or may have in the future against Company, or any of them, based on any acts or omissions by Company, or any of them, as of the date of execution of this Agreement by Employee … Employee agrees to waive the right to recover monetary damages in any charge, complaint, or lawsuit filed by Employee or anyone else on Employee's behalf for any Released Claims.

(Defendants' SSUF No. 19.) Importantly, the Release contains a covenant at Section 4 thereof to forbear from future legal action against or involving the Company as defined therein (the "Covenant") (Defendants' SSUF No. 20.) The Covenant within the Release provides:

> 4.    No Legal Action. Employee represents that Employee has not filed, initiated, or caused to be filed or initiated any legal action covering any Released Claim and agrees that Employee will never file, initiate, or cause to be filed or initiated, at any time after the execution of this Agreement, any claim, charge, suit, complaint, action, or cause of action, in any state or federal court or before any state or federal administrative agency, based in whole or in part on any Released Claim. Further, Employee shall not participate, assist, or cooperate in any suit, action, or proceeding against or regarding the Released Parties, or any of them, unless

{00422615.DOCX / 4}

5

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

compelled to do so by law.

(Defendants' SSUF No. 21.) The Release further provides, in pertinent part:

> In exchange for the covenants and consideration herein, Company will pay to Employee $12,500 (hereinafter "the Severance Payment") as full and complete settlement of any and all disputed claims or potential disputed claims that Employee may have against Company.

(Defendants' SSUF No. 22.) The Release then goes on to provide:

> It is understood and agreed that this is a compromise settlement of doubtful and disputed claims, or potentially disputed claims … It is further agreed and understood that this compromise and Agreement are being entered into solely for the purpose of avoiding further expense and inconvenience from defending against any or all of the Released Claims.

(Defendants' SSUF No. 23.)

Section 5 of the Release also included a waiver by Plaintiff of rights and benefits under Section 1542 of the California Code of Civil Procedure. (Defendants' SSUF No. 24.)

In contravention of the express terms and the Covenant within the Release, Plaintiff initiated actions for claims which arose prior to his execution of the Release—specifically, the claims in the instant action filed December 2, 2019, as well as the related action within this Court styled *Raya v. Calbiotech*, Case No. 3:18-cv-2634-WQH-AHG, filed November 19, 2018 ("Raya I Litigation"). (Defendants' SSUF No. 25.) Moreover, subsequent to Plaintiff entering into the Release, he also initiated a complaint with the United States Department of Labor against Calbiotech concerning his termination from employment from Calbiotech ("DOL Complaint") in breach of Section 4 of the Release. (Defendants' SSUF No. 26.)

## IV.    SUMMARY OF THE ARGUMENTS

First, Defendants are entitled to partial summary judgment on the First claim in Plaintiff's SAC because Plaintiff lacks statutory and Article III standing to bring

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

6

a claim for benefits under the Pension Plan, and the undisputed material facts demonstrate that Plaintiff cannot and will not prevail on his claim for Pension Plan benefits.

Second, Plaintiff clearly failed to timely file his claim for benefits under both the Pension Plan and the 401(k) Plan, and thus Defendants are entitled to summary judgment in their favor on the First claim in Plaintiff's SAC as a matter of law.[5]

Third, the relief sought by Plaintiff under the First claim in his SAC is duplicative of the relief he seeks under both the Second and Third claims in his SAC, and Defendants are therefore entitled to summary judgment in their favor on both the Second and Third claims in Plaintiff's SAC as a matter of law.

Fourth, Plaintiff clearly lacks both the statutory standing and the Article III standing necessary for him to assert a claim on behalf of the Pension Plan under 29 U.S.C. § 1132(a)(2).

Fifth, in the event the Court declines for any reason to dismiss any part of any of Plaintiff's claims seeking benefits under either the Pension Plan or the 401(k) Plan based on the preceding arguments, the Court is nonetheless obliged to defer to Calbiotech's prior decision/determination rendered by it on Plaintiff's claims for benefits under the Pension Plan and the 401(k) Plan during the internal administrative claim and appeal process.

Sixth, Plaintiff waived and released all claims asserted by him in the SAC when entering into the Release and therefore lacks standing to assert those claims.

Seventh, Plaintiff breached the Release on multiple known occasions and Defendants are therefore entitled to judgment in their favor as a matter of law on their counterclaim against Plaintiff for breach of the Release.

---

[5] Because Plaintiff will clearly be unable to prevail on his claim for benefits under both the 401(k) Plan and the Pension Plan (as proven through the first and second arguments herein), Defendants are therefore entitled to judgment in their favor as a matter of law *in totum* on the First claim in his SAC.

{00422615.DOCX / 4}

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

## V.    LEGAL STANDARD

Under Fed. R. Civ. Proc. 56, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." The applicable standard for a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. *United States v. Sterling Centrecorp. Inc.*, 209 F. Supp. 3d 1151, 1156 (E.D. Cal. 2016), *aff'd*, 977 F.3d 750 (9th Cir. 2020) (citing Fed. R. Civ. P. 56(a)); *State of Cal. ex. Rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication)).

A moving party is entitled to summary judgment when "there is no genuine issue as to any material fact" and that "party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The determination is based upon the pleadings, discovery, and affidavits. *Id.* "A 'material' fact is one that could affect the outcome of the case, and an issue of material fact is 'genuine' if 'the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'" *In re Comp. Sci. Corp. ERISA Litig.*, 635 F. Supp. 2d 1128, 1132–33 (C.D. Cal. 2009); see also, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a "material fact" is a fact "that might affect the outcome of the suit under the governing law."). The Federal Rules "mandat[e]" a grant of summary judgment to a defendant where a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to" its claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden by either (1) presenting evidence that negates an essential element of the nonmoving party's case; or (2) demonstrating that the nonmoving party failed to make a showing sufficient to

/./.

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23.

Where "a rational trier of fact" could not find for the plaintiff on "the record taken as a whole," summary judgment is merited. *Moyle v. Liberty Mut. Ret. Benefit Plan*, No 10-CV-2179, 2017 WL 1331739, at *5 (S.D. Cal. Apr. 11, 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## VI.    ARGUMENT

### A.    Defendants Are Entitled to Partial Summary Judgment on Plaintiff's First Claim Because Plaintiff Plainly Lacks Statutory and Article III Standing to Bring a Claim for Benefits Under the Pension Plan.

It is well settled that, in order to state a claim under ERISA, "'a plaintiff must fall within one of ERISA's nine specific civil enforcement provisions, each of which details who may bring suit and what remedies are available.'" *Spinedex Physical Therapy USA, Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1288 (9th Cir. 2014) (quoting *Reynolds Metals Co. v. Ellis*, 202 F.3d 1246, 1247 (9th Cir. 2000)). Plaintiff's first claim for relief to recover ERISA plan benefits can be brought only by an ERISA plan *participant* or beneficiary. 29 U.S.C. § 1132(a)(1)(B) (providing that a civil action to recover benefits may be brought by "a participant or beneficiary").

In the present case, Plaintiff lacks standing to bring a claim for benefits under the Pension Plan. As evidenced by undisputed facts, Plaintiff was never eligible to participate in the Pension Plan.[6] Simply put, Plaintiff clearly does not

---

[6] Importantly, "ERISA imposes two requirements for participant status: (1) the person must be an employee, and (2) the person must, according to the language of the plan itself, be eligible to receive benefits … The second [prong] requires examination of the terms of the ERISA plan. See, *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1340 (11th Cir. 2000). An individual who fails either prong is not entitled to benefits. See, *id.*" *Montesano v. Xerox Corp. Ret. Income Guar. Plan*, 117 F.

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

9

P&As i/s/o Defs' Motion for Partial Summary Judgment or Alternatively for Summary Adjudication          Case No. 3:19-cv-02295-WQH-AHG

satisfy the definition of "beneficiary" with respect to the Pension Plan, and according to the express terms of the documents governing the Pension Plan, Plaintiff was never a "participant" under the Pension Plan; and therefore, he lacks statutory standing to bring a claim for Pension Plan benefits under § 1132(a)(1)(B).

Defendants executed and adopted the Pension Plan's Adoption Agreement and the Amendment on December 28, 2008, effective retroactively to September 1, 2008—i.e., the first day of the Pension Plan's initial Plan Year. (Defendants' SSUF No. 6; Plaintiff's SSUF Nos. 2-3, 8.) The Amendment provided, "[a]ll of the Employees other than Noori Barka, Evelyn Barka, David Barka, Danny Barka, Ann Barka, Amar Dawood and Sabreen Najeeb *are not* participants under the Pension Plan." (Emphasis added.) (Defendants' SSUF No. 3; Plaintiff's SSUF No. 9). An employer can adopt a benefit plan amendment within a plan year which will "be effective as if the amendment had been made on the first day of the plan year." 26 CFR § 1.401(a)(4)-11(g)(3)(iii). Plan year means the plan year of the plan as defined in the written plan document. 26 CFR § 1.410(b)(9). Accordingly, pursuant to its operating terms, Plaintiff was not an eligible employee for purposes of participation in the Pension Plan.

Even were Plaintiff not excluded from participating in the Pension Plan pursuant to the Amendment, Plaintiff nevertheless failed to satisfy the Pension Plan's eligibility requirements at the time the Pension Plan and Amendment were adopted. Plaintiff started working for Defendant Calbiotech, Inc., on or around June 2, 2008, as an at-will full-time scientist. (Defendants' SSUF No. 7; Plaintiff's SSUF No. 1.) As such, as of both the adoption date and effective date of the Pension Plan itself and the Amendment thereto, Plaintiff did not satisfy the Pension Plan's one Year of Service requirement to become a participant under the

Supp. 2d 147, 160 (D. Conn. 2000) (aff'd in relevant part on appeal; see, 256 F.3d 86 (2d Cir. 2001). In the instant case, Plaintiff clearly fails prong two and, as such, is not a participant entitled to benefits under the Pension Plan, and Defendants are entitled to judgment in their favor as a matter of law.

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

10

Pension Plan. Thus, he had no accrued benefit under the Pension Plan entitling him to any benefit thereunder. (Defendants' SSUF No. 9.)

Because none of the material facts upon which Plaintiff's ineligibility for participation or accrual of pension benefits under the Pension Plan can be disputed, and because the Amendment is legally effective as of September 1, 2008, pursuant to 26 CFR § 1.401(a)(4)-11(g)(3)(iii) as noted above, and is legally enforceable for the reasons previously noted by Defendants in their opposition to Plaintiff's first motion for partial summary judgment, Defendants respectfully request the Court enter partial summary judgment in their favor upon Plaintiff's claim for benefits under the Pension Plan brought pursuant to 29 U.S.C. § 1132(a)(1)(B) based on his clear lack of statutory standing to bring such claim.[7]

**B.      Plaintiff's Claims Seeking Plan Benefits Are Untimely.**

**1.      The 401(k) Plan.**

Plaintiff, as required by the terms of the 401(k) Plan, exhausted his internal remedies seeking the same benefits under the 401(k) Plan which he now seeks pursuant to (i) his first cause of action under 29 U.S.C. § 1132(a)(1)(B), and (ii) his Second and Third claims in his SAC for breach of fiduciary duty wherein he also seeks those same benefits purportedly due him. A final denial of Plaintiff's internal administrative appeal was issued by Calbiotech in its capacity as Plan Administrator on <u>April 30, 2019</u>. (Defendants' SSUF Nos. 14-15.) That written final determination rendered by Calbiotech and provided to Plaintiff specifically stated, in accordance with the terms of the 401(k) Plan,[8] that any action seeking

---

[7] Likewise, Plaintiff's two claims for breach of ERISA fiduciary duty which seek relief in the form of Pension Plan benefits—i.e., claims Two and Three in the SAC—fail for the same reasons, and Defendants respectfully request that the Court enter judgment in their favor on that aspect of those two claims as well.

[8] Section 11.07(d) of the 401(k) Plan provides the following:

<u>Final review</u>. If the Plan Administrator makes a final written determination denying a Participant's or Beneficiary's benefit claim, the Participant or Beneficiary may commence legal or equitable action with respect to the denied claim upon completion of the claims

11

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

those claimed benefits must be brought within "*180 days* following the date of this final determination." (Emphasis added.) (Defendants' SSUF No. 17.) Plaintiff did not file the instant action, however, until <u>December 2, 2019</u>—*216 days* after a final written determination was issued on his internal claim and appeal. Thus the claims for 401(k) Plan benefits were untimely brought more than 180 days after the final written determination was issued. (Defendants' SSUF Nos. 15-17.)

Based thereon, Defendants are entitled to judgment in their favor as a matter of law on the portion of his SAC's First claim seeking 401(k) Plan benefits. Moreover, Plaintiff also seeks these same benefits pursuant to his Second and Third causes of action. Therefore, Defendants are likewise entitled to judgment in their favor as a matter of law on that aspect of those claims seeking 401(k) Plan benefits.

### 2.    The Pension Plan.

Unlike the 401(k) Plan, the Pension Plan document does not provide a shorter limitation period to file a claim for benefits in federal court. As such, California's four-year statute of limitations for breach of a written contract (i.e., California Code of Civil Procedure § 337) provides the applicable statute of limitations on such claim. *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 648 (9th Cir. 2000); see also, *Martin v. Construction Laborer's Pension Trust*, 947 F.2d 1381, 1385 (9th Cir. 1991) (potential beneficiary's claim accrued when pension plan made determination affecting his rights *prior to* plaintiff's formal claim for benefits).

---

procedures under this Section 11.07. Any legal or equitable action **must be commenced no later than *the earlier of*:** (1) **180 days following the date of the final determination** or (2) three years following the proof of loss. If a claimant fails to commence legal or equitable action with respect to denied claims within the above timeframe, the claimant will be deemed to have accepted the Plan Administrator's final decision with respect to the claim for benefits.

(Defendants' SSUF No. 17.)

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

12

As to the benefits sought by Plaintiff both in law and equity under the Pension Plan, the alleged wrongful denial of benefits occurred when the Pension Plan went into effect September 1, 2008. It was at that time that Plaintiff was not permitted to participate in the Pension Plan as a purported eligible employee as of the first entry date following his satisfaction of the Pension Plan's requirements for participation purposes (i.e., age 21 and completion of one Year of Service), i.e., September 1, 2008, December 28, 2008, or, at the absolute latest, July 1, 2009 (i.e., the first Entry Date under the Pension Plan following Plaintiff's completion of one Year of Service)—all of which are more than four years prior to filing his complaint (see, *Martin*, 947 F.2d at 1385 (*supra*); see also, SAC ¶ 68 ("[Calbiotech] failed to enroll [Plaintiff in the Pension Plan] when he was eligible in Sep. 2008...").) As such, the denial necessarily occurred more than four years prior to the filing of Plaintiff's Complaint on December 2, 2019, and thus his claim for benefits under the Pension Plan is also untimely. Therefore, Defendants are likewise entitled to judgment in their favor as a matter of law on the portions of Plaintiff's claims seeking Pension Plan benefits under his First through Third claims in the SAC.

**C.    The Relief Sought by Plaintiff Under Claims One, Two, and Three Is Duplicative (or Substantively Identical); Alternatively, Defendants Are Entitled to Summary Adjudication or a Legal Determination by This Court that the Only Relief Plaintiff Could Potentially Be Entitled to Obtain Under Claims Two and Three Is Removal of Defendants as Fiduciaries of the Pension Plan and 401(k) Plan.**

Plaintiff seeks benefits allegedly owed him under the Pension Plan and 401(k) Plan by way of his First claim brought under ERISA § 502(a)(1)(B), as well as his Second and Third claims brought under ERISA § 502(a)(2) and (a)(3), respectively. Plaintiff's operative complaint does not specify the exact relief he

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

13

seeks for each cause of action pled;[9] however, for his Second and Third Causes of Action, he presumably also seeks, in addition to plan benefits allegedly owed him under the 401(k) Plan and Pension Plan, (i) an "order … remov[ing] … Defendants as fiduciaries and trustees for both of Calbiotech, Inc.'s retirement plans" and (ii) an "order … appoint[ing] … an independent actuary to accurately quantitate total losses suffered as a result [of] actions and claims arising out of this complaint," with respect to his claims brought under ERISA § 502(a)(2) and (a)(3). *See* ECF No. 64, at ¶¶ 86(a) and 86(g). These are precisely the forms of relief which have been found to be essentially identical relief as the claim for plan benefits, thus requiring dismissal of such claims as duplicative when ERISA § 502(a)(1)(B) would otherwise afford the requested relief.[10]

As the court in *Montesano v. Xerox Corp. Ret. Income Guar. Plan*, 117 F. Supp. 2d 147, 165-166 (D. Conn. 2000) (aff'd in all relevant respects and partially vacated on other grounds by *Montesano v. Xerox Corp. Ret. Income Guar. Plan*, 256 F.3d 86 (2d Cir. 2001)) appropriately determined:

> Plaintiffs … assert that in count one they seek benefits under § 502(a)(1)(B), while in count two they seek equitable relief under § 502(a)(3), consisting of (1) removal of the existing fiduciaries; (2) appointment of independent fiduciaries who will construe the Plans' terms and make an independent determination of whether they are entitled to benefits, (3) determination of what benefits they are entitled to apply for, and (4) restoration of losses to the Plans. … The court disagrees with … the claim that the relief the plaintiffs seek in count two is fundamentally different from that sought in count one[.] … Accordingly, the court holds that the plaintiffs cannot simultaneously maintain a claim for

---

[9] Defendants note that they previously requested with respect to Plaintiff's FAC that the Court order Plaintiff to amend his complaint to provide a more definite statement in this regard; however, the Court denied Defendants' request. (*See*, ECF No. 45, *17 at n.6)

[10] Defendants note that this Court previously declined to dismiss Plaintiff's ERISA § 502(a)(2) and (a)(3) claims because "[i]n this case, Raya seeks equitable relief including the removal of Defendants as fiduciaries and trustees of the 401(k) Plan and the Pension Plan. (See ECF No. 39 at 19)." ECF No 45 at *17:15-16. However, Defendants respectfully submit that the Court erred in allowing Plaintiff's Second and Third claims to proceed on that basis and now provide herein authority clearly supporting that position.

14

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

benefits under § 502(a)(1)(B) and a claim for breach of fiduciary duty under § 502(a)(3) where, as here, the relief sought is substantively the same in both counts. Even though the plaintiffs have couched their claim for relief under § 502(a)(3) in equitable terms, they are ultimately seeking the same relief they seek in their § 502(a)(1)(B) claim--benefits under the Plans. Clearly, if they prevailed on their § 502(a)(1)(B) claim, their remedy would have been adequate. Thus, because the plaintiffs could be made whole if they prevailed on their claim for benefits under § 502(a)(1)(B), they cannot simultaneously seek equitable relief under § 502(a)(3).

Furthermore, this Court has previously found in this action that, "[a] plaintiff 'may not resort to this equitable catchall provision to seek the same relief' that a claim for ERISA benefits under § 1132(a)(1)(B) affords." ECF No. 45, *17:10-12 (citing *Wise v. Verizon Comm'n, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010)).

Based on the foregoing, the relief sought under the first three causes of action pled by Plaintiff in his SAC is fundamentally duplicative. Therefore, Defendants respectfully submit that they are entitled to judgment in their favor as a matter of law on claims Two and Three brought under ERISA § 502(a)(2) and (a)(3), respectively, and request as much. In the alternative, if the Court is not inclined to follow the guiding precedent, then Defendants respectfully request an adjudication or legal determination by this Court that the only form of relief that Plaintiff could potentially be entitled to recover under claims Two and/or Three of his SAC is an order removing the fiduciaries from their role as such under the 401(k) Plan and the Pension Plan based on its prior finding noted in the preceding paragraph hereof.

**D.    Plaintiff Lacks Both Statutory Standing and Article III Standing to Bring His Second Claim on Behalf of the Pension Plan Under 29 U.S.C. § 1132(a)(2).**

As previously noted, Plaintiff was not an eligible employee for purposes of participation in the Pension Plan, and thus has no entitlement whatsoever to any

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

15

benefits under the Pension Plan.[11] As such, he lacks statutory standing to bring a claim under 29 U.S.C. § 1132(a)(2) because he was never a "participant" or "beneficiary" under the express terms of the Pension Plan. Moreover, Plaintiff also lacks Article III standing because even if his claim under § 1132(a)(2) was successful and benefits were required to be paid to the Pension Plan, Plaintiff would not be entitled to share in those plan benefits. Therefore, the concrete injury necessarily required to bestow Article III standing upon him in order to bring his Second claim on behalf of the Pension Plan under 29 U.S.C. § 1132(a)(2)[12] is clearly lacking in this instance.

Based on the foregoing, Defendants are entitled to, and respectfully request, judgment in their favor as a matter of law on Plaintiff's Second claim in the SAC which he purports to bring on behalf of the Pension Plan under § 1132(a)(2) due to his clear lack of both statutory standing and Article III standing to bring such claim.

/././

/././

/././

/././

/././

---

[11] ERISA's civil enforcement provision dictates that a claim under 29 U.S.C. § 1132(a)(2) "may be brought … by the Secretary [of Labor], or a participant, beneficiary or fiduciary." Plaintiff clearly does not fall within any of those enumerated categories of individuals with respect to the Pension Plan who would be entitled to bring a claim on behalf of the Pension Plan under § 1132(a)(2), and therefore also lacks statutory standing in this regard to enable him to assert this claim. For reasons previously explained, Plaintiff is not a "participant" with respect to the Pension Plan. Moreover, Plaintiff is not the Secretary of Labor; nor does he fit within the definition of "beneficiary" under ERISA with respect to the Pension Plan, and he has not alleged that he is a "fiduciary" with respect to the Pension Plan.

[12] Section 1132(a)(2) "gives a remedy for injuries to the ERISA plan as a whole, but not for injuries suffered by individual participants as a result of a fiduciary breach." *Wise v. Verizon Comm'n, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010) (citing *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 5552 U.S. 248, 254 (2008)).

16

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

**E.** **Should the Court Decline to Dismiss Any Part of Any of Plaintiff's Claims Seeking Benefits Under Either the 401(k) Plan or the Pension Plan Based on the Preceding Arguments, the Court Is Nonetheless Obligated Under the Circumstances to Give Deference to Calbiotech's Prior Decision Denying Plaintiff's Claims for Benefits Under Each of Those Benefit Plans.**

As noted in *Montesano*:

> When a plan grants discretion to the administrator, the scope of review is narrow and highly deferential to the plan administrator's decision … [Its] decision should not be disturbed unless its conclusions are arbitrary and capricious … The district court may not substitute its judgment for that of the plan administrator.

*Montesano*, 117 F. Supp. 2d at 155 (*supra*) (internal citations omitted).

Moreover, over 30 years ago the Supreme Court found that:

> In determining the appropriate standard of review for actions under § 1132(a)(1)(B), we are guided by principles of trust law. *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 570 (1985).

> Trust principles make a deferential standard of review appropriate when a trustee exercises discretionary powers. See *Restatement (Second) of Trusts* § 187 (1959) ("Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court except to prevent an abuse by the trustee of his discretion"). See also *G. Bogert & G. Bogert, Law of Trusts and Trustees* § 560, pp. 193-208 (2d rev. ed. 1980). A trustee may be given power to construe disputed or doubtful terms, and in such circumstances the trustee's interpretation will not be disturbed if reasonable. *Id*., § 559, at 169-171. Whether "the exercise of a power is permissive or mandatory depends upon the terms of the trust." *3 W. Fratcher, Scott on Trusts* § 187, p. 14 (4th ed. 1988). Hence, over a century ago we remarked that "[w]hen trustees are in existence, and capable of acting, a court of equity will not interfere to control them in the exercise of a *discretion vested in them by the instrument* under which they act." *Nichols v. Eaton*, 91 U.S. 716, 724-725 (1875) (emphasis added).

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989) (emphasis in original).

In this case, both the Pension Plan and the 401(k) Plan expressly confer discretionary authority upon the plan administrator—in this case, Calbiotech—to interpret the terms of both benefit plans, determine eligibility, and render decisions on benefit claims. (Defendants' SSUF No. 27; see Barka Decl. II [ECF No. 74-2], Exh. E (at Bates: AR001082; 401(k) Plan § 11.04); see also, Barka Decl. II, Exh. E (at Bates AR001657 and AR00324; Pension Plan § 12.01(b)).) "Accordingly, based on the language of the Plans … the applicable scope of review is arbitrary and capricious[,]" Calbiotech's decisions are to be given deference and should "not be disturbed." *Montesano*, 117 F. Supp. 2d at 157, 164 (*supra*). Like in *Montesano*, "[i]n this [instant] case, the Plan Administrator conducted a reasoned analysis of the [Pension] Plan's eligibility requirements and concluded that the Plaintiff [] did not meet them. [Its] decision is not arbitrary and capricious." *Id.*, at 160. Likewise, there is no basis here upon which to find the Plan Administrator's—i.e., Calbiotech's—decisions forming the basis of its denial for benefits allegedly owed under the 401(k) Plan was in any way arbitrary and capricious, and its decision must therefore be given deference by this Court and not be disturbed.

There was no clear error of judgment with respect to any decision reached by the Plan Administrator—Calbiotech—with respect to Plaintiff's benefit claims under either the 401(k) Plan or Pension Plan. Indeed, its decisions were based on substantial evidence, as evidenced by the extensive Administrative Record [ECF Nos. 74-7 – 74-10], and were well-reasoned based on the evidence.[13]

---

[13] In any event, even were such decisions by the Plan Administrator found to be arbitrary and capricious—though there exists no basis to make such finding—the Court's review and consideration of the causes of action in which benefits are sought is still in any event a de novo review of the claim which must be limited to a review of the Administrative Record compiled during the internal administrative claim and appeal process. See, *Montesano*, 117 F. Supp.2d at 157 ("In *DeFelice*, the Second Circuit held that where de novo review is the applicable standard, the district court is limited to the administrative record.") The complete

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOC X / 4}

18

For the foregoing reasons, Defendants respectfully submit the Plan Administrator's decisions with respect to Plaintiff's claims for benefits under both the 401(k) Plan and Pension Plan must be given deference by this Court and should not be disturbed. On that basis, Defendants respectfully submit they are entitled to judgment in their favor as a matter of law on any and all aspects of any of Plaintiff's claims seeking benefits allegedly owed him under either of those two benefit plans and respectfully request that the Court enter judgment accordingly.

### F.    Plaintiff Waived/Released All Claims Asserted in the SAC and Therefore Has No Standing or Right to Assert Any of Those Claims.

As previously noted, Plaintiff entered into the Release Agreement following his termination of employment at Calbiotech which was executed by Plaintiff on December 7, 2016. (Defendants' SSUF No. 18.) Therein, Plaintiff "completely release[d] and forever discharged … 'Company'" (the definition of "Company" thereunder encompassing all named Defendants) "from and against":

> [A]ll claims, rights, demands, actions, obligations, liabilities, and causes of action, of any and every kind, nature, and character whatsoever, that Employee has now, has ever had, or may have in the future against Company, or any of them, based on any acts or omissions by Company, or any of them, *as of the date of execution of this Agreement by Employee*.

(Emphasis added.) (Defendants' SSUF No. 19.)

Since each of Plaintiff's claims asserted and as alleged in the SAC purportedly arise from alleged acts or omissions by Defendants and all of which existed as of the date Plaintiff executed the Release on December 7, 2016, Plaintiff has clearly waived and released each and all of the claims asserted by him in the SAC, and thus he has no standing or right to assert any of those claims.[14] Based

---

Administrative Record applicable to the instant action is included as Exhibit E to the Declaration of David Barka previously filed at ECF No. 74-2 (i.e., ECF Nos. 74-7 – 74-10).

[14] This Court has previously determined in the Raya I Litigation that claims

19

{00422615.DOCX / 4}

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

thereon, Defendants are entitled to judgment in their favor as a matter of law on each and all of Plaintiff's claims alleged in the SAC and respectfully request the Court grant them such relief.

**G.    Defendants' Are Entitled to Judgment in Their Favor as a Matter of Law on Their Counterclaim Against Plaintiff for Breach of Contract (i.e., the Release).**

As noted in the preceding section hereof, Plaintiff waived and released the claims asserted by him in the instant action. Moreover, Plaintiff waived and released certain of the claims asserted by him in the Raya I Litigation as indicated in the preceding section hereof (*see also*, n.14 hereof (*supra*)). In addition, as previously noted, Raya initiated the DOL Complaint.

Pursuant to the Covenant in the Release (i.e., Section 4 thereof), Plaintiff expressly agreed and promised:

> Employee has not filed, initiated, or caused to be filed or initiated any legal action covering any Released Claim and agrees that Employee will never file, initiate, or cause to be filed or initiated, at any time after the execution of this Agreement, any claim, charge, suit, complaint, action, or cause of action, in any state or federal court or before any state or federal administrative agency, based in whole or in part on any Released Claim. Further, Employee shall not participate, assist, or cooperate in any suit, action, or proceeding against or regarding the Released Parties, or any of them, unless compelled to do so by law.

(Defendants' SSUF No. 21.)

Each of the aforementioned actions taken by Plaintiff (i.e., his initiation of the DOL Complaint, his filing of claims in the Raya I Litigation, and his filing of the instant action) were in violation of the Release and the covenants and promises made by him therein. Based thereon, Plaintiff has clearly breached the Release in

---

asserted therein by Plaintiff based on purported acts or omissions arising prior to Plaintiff's execution of the Release were waived/released by Plaintiff via the Release. See, ECF No. 17-1 (*passim*) in this action; see also, ECF No. 41-1 (*passim*) in this action; see also, ECF No. 39 (*passim*) in the Raya I Litigation.

20

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

each of these instances, to the detriment of Defendants.

As a result of Plaintiff's multiple breaches of the Release, Defendants are entitled to judgment in their favor as a matter of law on their counterclaim for breach of contract (see, ECF No. 46, at *14-21). Defendants therefore respectfully request that the Court make a legal finding that Plaintiff has breached the Release, enter judgment in their favor accordingly, and grant them all the relief prayed for in their countercomplaint.[15]

## VII.   CONCLUSION

Defendants respectfully request that the Court grant the relief requested in this Motion.

Respectfully submitted,

DATED: November 3, 2021          BUTTERFIELD SCHECHTER LLP


By: /s/Corey F. Schechter
MARC S. SCHECHTER
COREY F. SCHECHTER
PAUL D. WOODARD
Attorneys for Defendants
David Barka, Noori
Barka, Evelyn Barka, Calbiotech, Inc.,
Calbiotech, Inc. 401(k) Profit Sharing
Plan, and Calbiotech, Inc. Pension Plan

---

[15] Defendants have expressly prayed for a declaration from this Court that Plaintiff is in breach of the Release, among other forms of relief. (See, ECF No. 46, at *21.)

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00422615.DOCX / 4}

21