FILED

NOV 0 9 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

Name:    Robert Raya

Address:  5757 College Ave, Unit U

Address:  San Diego, CA 92120

Phone:    (619) 862-4376

Email:    robertraya@gmail.com

Plaintiff/Counterdefendant:  In Pro Se

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raya, Robert,<br><br>                    Plaintiff/Counterdefendant,<br><br>v.<br><br>David Barka, Noori Barka, Evelyn Barka, Calbiotech, Inc., Calbiotech, Inc. 401(k) Profit Sharing Plan, Calbiotech, Inc. Pension Plan<br><br>                    Defendants/Counterclaimants | Case No.: 3:19-cv-02295-WQH-AHG<br><br>**Plaintiff's Reply To Response To Motion For Partial Summary Judgment Or Declaratory Judgment Regarding Waiver**<br><br>**Judge: Hon. William Q. Hayes**<br>**Magistrate: Hon. Allison H. Goddard**<br><br>**Hearing Date: November 22, 2021**<br><br>**No Oral Argument Unless Requested by The Court** |

## I.  Introduction

Plaintiff, Robert Raya, submits this Reply to Defendants' Opposition to Plaintiff's Motion For Partial Summary Judgment Or Declaratory Judgment Regarding Waiver (ECF 84).

## II. Argument

**A. Plan Documents For Calbiotech's Retirement Plans Provide Provisions And Protections Which Go Beyond, And Are In Addition To, The Baseline Anti-Assignment and Anti-Alienation Protections Mandated By ERISA**

In their Response In Opposition to Plaintiff's Motion to void The Release, Defendants state:

> "Plaintiff's Argument that ERISA's Anti-Alienation Provision Voids the Release Agreement Entered into By Plaintiff Lacks Merit."  (ECF 84, pg. 4, line 19)

Plaintiff's arguments to void The Release incorporate all of the protections written in to the Plan Documents and are not limited to ERISA's anti-alienation and anti-assignment provisions.

**B. Benefit Or Claim Commutations Of ANY KIND Are Prohibited by Plan Documents**

Defendants do not dispute or deny that the Pension Plan Basic Plan Document states (in part): "no right or claim or interest in any part of the Trust Fund, or any payment therefrom, will be…subject to … commutation… of any kind…".

Defendants incorrectly assert that the Plan Document's prohibition on the commutation of benefits only applies to commutations involving a payment to a third party:

> "Essentially, the commutation of benefits would involve replacing a plan participant with a third party beneficiary and awarding benefits accordingly." (ECF 84, pg. 5, ln 17-19).

Defendants proffer this incorrect assertion as the reason that The Plan's prohibition of commutations should not apply to The Release, (since The Release provides payment directly to Mr. Raya, and not a third party).

2

3:19-cv-02295-WQH-AHG

The plain language in Section 7.11 of the Pension Plan Basic Plan Document does not support Defendant's assertion that The Plan's commutation prohibition only applies when a payment is made to a third party. (ECF 74, Dec. D. Barka, Exh E, Part 2, pg. 566)

## III.   Plaintiff's Response To Defendants' Separate Statement of Undisputed Facts

1. Plaintiff disputes the execution and adoption date of the Pension Plan Adoption Agreement.  Another amendment attached to the Adoption Agreement has an earlier execution and adoption date of December 22, 2008.

2. Plaintiff strongly disputes the 2008 Amendment was adopted/executed on December 28, 2008.  Defendants produced the 2008 Amendment for the first time in January of 2019.  The 2008 Amendment shows evidence of backdating.

3. Plaintiff disputes the validity of the 2008 Amendment and all of the contents of the 2008 Amendment.

4. Plaintiff disputes the authenticity of the 2008 Amendment and disputes that the Amendments provided by Defendants constitute the written instruments governing the operation of the Plan.

5. The Plaintiff disputes that the Basic Plan Document authorizes the employer to amend the Plan Documents if the timing of the Amendment discriminates in favor of HCEs or otherwise conflicts with ERISA.

6. Plaintiff disputes his employment commenced on June 2, 2208.  Plaintiff performed work for Calbiotech in May of 2008.

7. Plaintiff disputes his employment with Calbiotech ended on Nov. 29, 2016. Calbiotech officially terminated Mr. Raya's employment in December of 2016.

8. Plaintiff disputes the validity and enforceability of the Release and Plaintiff disputes the claim that Plaintiff released any and all claims.

9. Defendants' statement #9 is undisputed as to the written language of the Release, however Plaintiff disputes that any claims in this action are covered by the Release.

10. Defendants' fact number ten is undisputed.

## IV. Conclusion

For the forgoing reasons, Plaintiff requests the Court grant his Motion For Partial Summary Judgment or Declaratory Judgment Regarding Waiver.

November 9, 2021

Robert Raya
Plaintiff/Counterdefendant
In Pro Se

4

3:19-cv-02295-WQH-AHG

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

Raya, Robert

)
)
)
vs.
)
)
)
Barka, David; et. al.
)
)
)
)

Case No. 3:19-cv-02295 _____

**DECLARATION OF SERVICE**

Person Served:
Corey Schechter
_____

Date Served:
11/09/21

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:
Plaintiff's Reply to Response to Motion For Partial Summary Judgment Re Waiver
in the following manner: (check one)

1)          By personally delivering copies to the person served.

2)          By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3)          By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)    ✗     By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego on    Nov 11    , 20 21    .    10021 Willow Creek Rd, Ste 200
San Diego, CA 92131

Executed on _____ November 9 _____ , 20 21    at San Diego