UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br><br>                Plaintiff,<br><br>v.<br><br>DAVID BARKA; NOORI BARKA; EVELYN BARKA; CALBIOTECH, INC.; CALBIOTECH, INC. 401(k) PROFIT SHARING PLAN; CALBIOTECH, INC. PENSION PLAN,<br><br>                Defendants. | Case No.: 19-cv-2295-WQH-AHG<br><br>**ORDER** |
| DAVID BARKA; NOORI BARKA; EVELYN BARKA; CALBIOTECH, INC.; CALBIOTECH, INC. 401(k) PROFIT SHARING PLAN; CALBIOTECH, INC. PENSION PLAN,<br><br>                Counter Claimants,<br><br>v.<br><br>ROBERT RAYA,<br><br>                Counter Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion to Strike Affirmative Defenses filed by Defendants/Counter Claimants David Barka, Noori Barka, Evelyn Barka, Calbiotech, Inc., Calbiotech, Inc. 401(k) Profit Sharing Plan, and Calbiotech, Inc. Pension Plan. (ECF No. 53).

## I.  BACKGROUND

On December 2, 2019, Plaintiff Robert Raya, proceeding *pro se*, filed a Complaint against Defendants including David Barka, Noori Barka, Evelyn Barka, Calbiotech, Inc. ("Calbiotech"), Calbiotech, Inc. 401(k) Profit Sharing Plan, and Calbiotech, Inc. Pension Plan, alleging claims under the Employee Retirement Income Security Act of 1974 ("ERISA") and California state law. (ECF No. 1).

On December 9, 2020, Raya filed a First Amended Complaint ("FAC"). (ECF No. 39). On June 3, 2021, the Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss the FAC. (ECF No. 45).

On June 17, 2021, Defendants filed an Answer to the FAC and a Counterclaim. (ECF No. 46). Defendants allege that on December 17, 2016, Raya entered into a Separation Agreement with Calbiotech, which included "a covenant not to sue and/or initiate certain claims." (*Id.* at 15). Defendants allege that Raya breached the terms of the Separation Agreement by initiating this action, a related action in this Court, and a complaint with the United States Department of Labor. Defendants bring one claim against Raya for breach of contract.

On July 8, 2021, Raya filed an Answer to the Counterclaim, asserting eight affirmative defenses. (ECF No. 50).

On July 29, 2021, Defendants filed a Motion to Strike Affirmative Defenses. (ECF No. 53). Defendants move to strike Raya's third through eighth affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. On August 18, 2021, Raya filed an Opposition to the Motion to Strike Affirmative Defenses. (ECF No. 57). On August 27, 2021, Defendants filed a Reply. (ECF No. 62).

///

## II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (alteration in original) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also Simmons*, 609 F.3d at 1023.

Motions to strike are generally disfavored and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *See, e.g.*, *Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 180, 1190 (S.D. Cal. 2010). Courts often require that the moving party make a showing of prejudice before granting a 12(f) motion to strike. *See, e.g.*, *Fantasy*, 984 F.2d at 1528. The decision to grant or deny a motion to strike under Rule 12(f) is within the discretion of the court. *See id*.

## III. DISCUSSION

Defendants contend that the Court should strike Raya's third and fourth affirmative defenses because they "deny the allegations of the complaint" and are not proper affirmative defenses. (ECF No. 53-1 at 5). The third affirmative defense asserts that "[t]he Counterclaim fails to state a claim against Mr. Raya upon which relief may be granted." (ECF No. 50 at 3). The fourth affirmative defense asserts that "[t]he Counterclaim fails to state a valid cause of action." (*Id.*). Raya has not responded to Defendants' assertion that the Court should strike the third and fourth affirmative defenses. In addition, "simply stating that the plaintiff failed to state a claim is insufficient to provide notice of a specific

affirmative defense." *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2018). Defendants' request that the Court strike the third and fourth affirmative defenses is granted.[1]

Defendants contend that the Court should strike Raya's fifth through eighth affirmative defenses because they challenge the validity and enforceability of the Separation Agreement, and Raya "is collaterally estopped from relitigating the validity and enforceability of the Separation Agreement." (ECF No. 53-1 at 5). Defendants contend that Raya had a full and fair opportunity to litigate the validity and enforceability of the Separation Agreement in a related action in this Court, *Raya v. Calbiotech, Inc.*, Case No. 18-cv-2643-WQH-AHG (S.D. Cal. 2018) ("*Raya I*"). Defendants contend that the validity and enforceability of the Separation Agreement was actually litigated in *Raya I* because Raya moved to dismiss Calbiotech's counterclaim on the grounds that the Separation Agreement was void and unenforceable, and "[t]he recognition of the validity of the Separation Agreement . . . was fundamental to the Court's decision" on the motion for summary judgment. (*Id.* at 10).

Raya contends that his affirmative defenses are not precluded by the doctrine of collateral estoppel. Raya contends that he did not have a full and fair opportunity to litigate the validity and enforceability of the Separation Agreement in *Raya I*, because *Raya I* settled and was dismissed before trial. Raya contends that the validity and enforceability of the Separation Agreement was not actually litigated in *Raya I* because Raya did not file an opposition to Calbiotech's motion for summary judgment, and there is no evidence that the Court "ma[de] a determination or final judgment on the validity and enforceability of the Release." (ECF No. 57 at 3).

---

[1] The Court denies Defendants' request that the Court strike the third and fourth affirmative defenses with prejudice, because the Court cannot conclude that these defenses will have no possible bearing on the subject matter of the litigation. *See San Diego Unified Port Dist. v. Monsanto Co.*, No. 15-cv578-WQH-AGS, 2018 U.S. Dist. LEXIS 152221, at *14 (S.D. Cal. Sept. 6, 2018) (denials that are improperly pled as defenses should not be stricken on that basis alone); *see also Wyshak*, 607 F.2d at 826 (courts freely grant leave to amend stricken pleadings unless it would prejudice the opposing party).

The fifth through eighth affirmative defenses challenge the validity and enforceability of the Separation Agreement. The fifth affirmative defense asserts that the Separation Agreement "is void and unenforceable" because it "would result in Mr. Raya unknowingly waiving vested retirement benefits and is in violation of ERISA's anti-assignment rules." (ECF No. 50 at 3). The sixth affirmative defense asserts that Raya's "execution of the Separation Agreement was fraudulently induced." (*Id.*). The seventh affirmative defense asserts that Raya "did not intend to waive unknown or unanticipated claims or any claims protected by Cal Civil Code 1542." (*Id.* at 4). The eighth affirmative defense asserts that Raya's "execution of the agreement was not a 'knowing and voluntary' release." (*Id.* at 5). Raya alleges several facts supporting these defenses. Motions to strike are granted when an affirmative defense fails to provide notice, not when an affirmative defense is likely to fail on the merits. *See Simmons*, 609 F.3d at 1023 (an insufficient defense under Rule 12(f) is one that fails to give the plaintiff "fair notice of the defense"). The fifth through eighth affirmative defenses sufficiently state the nature and grounds for the defenses and provide Defendants fair notice of the defenses.

Even if the Court considers the merits of the fifth through eighth affirmative defenses, the Court cannot conclude that the defenses are barred by the doctrine of collateral estoppel. "Issue preclusion, or collateral estoppel, precludes relitigation of an issue already litigated and determined in a previous proceeding between the same parties." *Pike v. Hester*, 891 F.3d 1131, 1138 (9th Cir. 2018). Issue preclusion based on a federal court decision applies where four condition are met:

> (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.

*Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 864 (9th Cir. 2021) (quoting *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019)).

In this case, the fifth through eighth affirmative defenses raise several "issue[s]" regarding the validity and enforceability of the Separation Agreement. *Id.* In *Raya I*, this Court issued an Order granting in part and denying in part Calbiotech's unopposed motion for summary judgment.[2] (*Raya I*, ECF No. 39). In the motion for summary judgment, Calbiotech asserted that by signing the Separation Agreement, Raya waived his claims for Calbiotech's alleged failure to provide Raya with certain retirement plan documents. The Court determined:

> On December 7, 2016, Raya executed the Separation Agreement between Raya and Calbiotech. By signing the Separation Agreement, Raya agreed to "completely release and forever discharge [Calbiotech] . . . from and against all claims, rights, demands, actions, obligations, liabilities, and causes of action . . . that [Raya] has now, has ever had, or may have in the future against [Calbiotech] . . . based on any acts or omissions by [Calbiotech] . . . as of the date of execution of this Agreement by [Raya] . . . (referred to collectively as the 'Released Claims') . . . ." (Ex. B, ECF No. 36-5 at 3).
> 
> . . .
> 
> Raya's ERISA claim for statutory penalties based on Calbiotech's failure to provide Raya with Plan documents within thirty days of his requests on July 26, 2016, and August 8, 2016, is "based on [ ] acts or omissions by [Calbiotech] . . . as of the date of execution of [the Separation Agreement] by [Raya] . . . ." (Ex. B, ECF No. 36-5 at 3). Raya released these claims by signing the Separation Agreement. The Court finds that Calbiotech has met its burden to demonstrate that there is an "absence of facts to support [Raya's] claim" for statutory penalties under ERISA arising from Raya's requests for Plan documents on July 26, 2016, and August 8, 2016. *United Steelworkers* [*v. Phelps Dodge Corp.*], 865 F.2d [1539,] 1542 [(9th Cir. 1989)] (citation omitted). The moving papers do not on their face reveal a genuine issue of material fact. *Cristobal* [*v. Siegel*], 26 F.3d [1488,] 1494-95 & n. 4 [(9th Cir. 1994)]. The Court concludes that Calbiotech is entitled to summary judgment in its favor on Raya's ERISA claim for statutory penalties arising from Raya's requests for Plan documents on July 26, 2016, and August 8, 2016.

---

[2] The Court grants Defendants' request that the Court take judicial notice of the Order on Calbiotech's motion for summary judgment in *Raya I*. ECF No. 53-2; *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (it is appropriate for a court to take judicial notice of court filings and other matters of public record, such as pleadings in related litigation).

(*Id.* at 39).

Raya did not file any opposition to the motion for summary judgment. Raya's affirmative defenses in this case raise challenges to the validity and enforceability of the Separation Agreement that were not considered by the Court in determining whether Calbiotech met its summary judgment burden. *See Cristobal*, 26 F.3d at 1494-95 & n.4 (9th Cir. 1994) (the court may grant an unopposed motion for summary judgment if the moving party's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact); *see also Janjua*, 933 F.3d at 1066-67 ("[A]n issue is actually litigated when an issue is raised, contested, and submitted for determination. . . . Under this standard, neither an issue that could have, but was not, asserted (such as an affirmative defense) nor an issue that was raised but admitted was 'actually litigated.'"). The Court cannot conclude that Raya's challenges to the validity and enforceability of the Separation Agreement raised in the fifth through eighth affirmative defenses were actually litigated and decided in *Raya I*. Defendants' request that the Court strike the fifth through eighth affirmative defenses is denied.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Strike Affirmative Defenses (ECF No. 53) is granted as to the third and fourth affirmative defenses and is otherwise denied. The third and fourth affirmative defenses are dismissed without prejudice. Any motion for leave to amend shall be filed within thirty (30) days of the date of this Order.

Dated: November 10, 2021

Hon. William Q. Hayes
United States District Court