Name:      Robert Raya

Address:   5757 College Ave, Unit U

Address:   San Diego, CA 92120

Phone:     (619) 862-4376

Email:     robertraya@gmail.com

Plaintiff/Counterdefendant:  In Pro Se

FILED

NOV 1 2 2021

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   G GV                DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raya, Robert,<br><br>          **Plaintiff/Counterdefendant,**<br><br>v.<br><br>**David Barka, Noori Barka, Evelyn Barka, Calbiotech, Inc., Calbiotech, Inc. 401(k) Profit Sharing Plan, Calbiotech, Inc. Pension Plan**<br><br>          **Defendants/Counterclaimants** | **Case No.:  3:19-cv-02295-WQH-AHG**<br><br>**Plaintiff's Response In Opposition To Defendants' Motion For Partial Summary Judgment Or Alternatively For Summary Adjudication**<br><br>**Judge: Hon. William Q. Hayes**<br>**Magistrate: Hon. Allison H. Goddard**<br><br>**Hearing Date:  Dec 6, 2021**<br><br>**No Oral Argument Unless Requested By The Court** |

## I.  Introduction

Defendants filed their Notice of Motion and Motion For Partial Summary Judgment Or Alternatively For Summary Adjudication (ECF 83) on November 3, 2021.  Plaintiff, Robert Raya, submits this Response In Opposition to Defendants' Motion and respectfully requests the Court deny Defendants' Motion for the following reasons.

1

## II. Argument

**A. The Plaintiff has Statutory and Article III Standing To Bring A Claim For Benefits Under The Pension Plan Pursuant To 29 U.S.C. 1132(a)(1)(B)**

Defendants argue "Plaintiff was never a 'participant' in the Pension Plan, and therefore; he lacks statutory standing to bring a claim for Pension Plan benefits under 29 U.S.C. 1132(a)(1)(B)." (ECF 83-1, pg. 10, ln 3-4) Defendants argue Mr. Raya was excluded from the Pension Plan by a 2008 Plan Amendment which restricted participation in the Plan to immediate family members of the owner/CEO Noori Barka.

Plaintiff disputes Defendants' assertion regarding Plaintiff's Pension Plan participation status and plaintiff disputes the validity and authenticity of the 2008 Amendment.

In the Court Order resolving the Motion to Dismiss the FAC, this Court ruled Mr. Raya to be a participant for the purpose of bringing a claim for ERISA benefits (ECF 45, pg. 11). The Court ruled "The Court concludes that Raya states a 'colorable claim that [] he …will prevail in a suit for benefits' under the Pension Plan" (ECF 45, pg. 12, ln 2-4)

Plaintiff has offered facts and evidence in support of his participation status and in support of the fact that the 2008 Amendment is void and unenforceable. Defendants have failed to properly address the following facts (as required by Rule 56(c)):

1. The 2008 Amendment does not exist in the original complete Pension Plan Documents that the Plan Administrator sent to Mr. Raya on September 19, 2018. (ECF 39, pg. 5, ln 27)

2. The Plan Administrator originally offered a different explanation for denying Mr. Raya's request to be enrolled in the Pension Plan on February 26, 2018. (ECF 39, pg. 5, ln 5-11) **(Exhibit 1)**

3. The 2008 Amendment shows signs of backdating. Calbiotech claims the document was written and executed in 2008, but it contains the name of an employee who was unknown to the company before she was hired for the first time in 2011. (ECF 39, pg. 6, ln 3-6) **(Exhibit 2)**

4.  The Amendment violates Plan Document provisions . (ECF 60, pg. 3, ln 20:28)

5.  The Amendment discriminates in favor of HCEs on its face and is in violation ERISA's anti-discrimination rules. (ECF 60, pg 4, 10-19)

## B. Plaintiff's Claims Seeking Plan Benefits Are Not Untimely

### 1. The 401(k) Plan

Defendants argue that Plaintiff's claim for 401(k) benefits are untimely because the current complaint was filed on December 2, 2019, which was 216 days after the Administrator's final determination of Plaintiff's internal claim.  Defendants argue that the 401(k) Plan requires any complaint seeking 401(k) Plan claims must be filed within 180 days of the Administrators final determination, which was on April 30, 2019.

Plaintiff disputes that the current 401(k) claims are bound by a 180 day deadline because the Defendants administered the claims process in way that prevented Mr. Raya from conducting a full and fair review and impaired or inhibited Plaintiff's ability to file a complaint in violation of 29 U.S.C. 2560.503-1.  Defendants failed to communicate directly with Plaintiff to resolve claims during the claims process and the Administrator withheld material information from the Claim File (Administrative Record).

Defendants' omissions and actions in violation of their internal claim procedures directly hampered and inhibited the ability of Plaintiff to file his complaint within 180 days.

Plaintiff has pled facts and presented evidence in support of the claim that Defendants' violations of their internal claims procedures impacted Plaintiff's ability to conduct a full and fair review.  Defendants have failed to properly address the following facts (as required by Rule 56(c)):

    a.  After 9 written requests between July 2018 and January 2019, Defendants refused to provide a record of Mr. Raya's deposits and payments in to his 401(k) account. (ECF 39, pg. 9) **(Exhibit 3)**

3:19-cv-02295-WQH-AHG

b. The Plan Administrator and Plan Fiduciaries refused to communicate directly with Mr. Raya in 2018 and 2019 and throughout the claims process. (ECF 39, pg. 10) **(Exhibit 4)**

c. In response to Mr. Raya's request for Plan Documents on July 24, 2018, Administrator and named fiduciary, Noori Barka replied by instructing Mr. Raya to remove Mr. Barka from Mr. Raya's email list. (ECF 39, pg. 10, ln 8-10) **(Exhibit 5)**

d. The Claim File (Administrative Record) provided to Mr. Raya on Feb 5, 2019, failed to include required information. Among the missing documents was the 401(k) Plan Documents that were in effect between January 2015 and September 2016 (important because this was the last year of Mr. Raya's employment). (ECF 64, pg. 9, 1:5)

### 2. The Pension Plan

Defendants argue that Plaintiff's claim for Pension benefits does not satisfy the 4-year statute of limitations because the case began to toll in 2008 when Mr. Raya would have become eligible, but was not permitted to participate in the Pension Plan.

Defendants have previously presented this argument to the Court in their Motion To Dismiss The FAC. (ECF 40, pg.6, ln 25-28). The rejected Defendants' argument and ruled that "Under federal law, an ERISA cause of action accrues either at the time benefits are actually denied or when the insured has reason to know that the claim has been denied." (ECF 45, pg. 9, ln 19-21) The Court ruled that Calbiotech denied Mr. Raya's internal claim for Pension Benefits in January 2019, less than one year before Mr. Raya filed his initial federal complaint in December 2019. (ECF 45, pg. 10, ln 5-10)

### C. The Relief Sought Under Claims One, Two, and Three Is Not Duplicative

Defendants argue that Plaintiff's requests for relief under Claims 2 and 3 are duplicative of the relief requested for Claim 1. Defendants seek dismissal of Claims 2 and 3 in the FAC.

3:19-cv-02295-WQH-AHG

Defendants admit that they have already asked the court to rule on this argument in Defendants' Motion To Dismiss The FAC (ECF 40, pg. 10). Defendants note that this Court previously declined to dismiss Plaintiff's ERISA 502(a)(2) and 503(a)(3) claims because "In this case, Raya seeks equitable relief, including the removal of Defendants as fiduciaries and trustees of the 401(k) plan and the pension plan. (ECF 45, pg. 17, 15:23)

Defendants argue that the Court erred in allowing Plaintiff's second and third claims to proceed on that basis and ask the Court to reconsider. (ECF 83-1, pg. 14, 27:28)

This Court has previously noted that "claims under 1132(a)(1)(B) and 1132(a)(3) 'may proceed simultaneously so long as there is no double recovery.' Moyle, 823 F.3d at 961". (ECF 45, pg. 17, 12:14)

## D. The Plaintiff Has Statutory and Article III Standing To Bring A Claim On Behalf Of The Pension Plan Pursuant To 29 U.S.C. 1132(a)(2)

As in Section A. above, defendants argue that Plaintiff was never a 'participant' in the Pension Plan and, therefore lacks statutory and Article III standing to bring a claim on behalf of the Pension Plan.

Plaintiff disputes Defendants' assertion regarding Plaintiff's Pension Plan participation status and plaintiff disputes the validity and authenticity of the 2008 Amendment.

Plaintiff incorporates the list of facts and evidence submitted by Plaintiff in Section A. above and argues that Defendants have failed to properly address those facts (as required by Rule 56(c)).

## E. The Court Has No Obligation To Give Deference To Calbiotech's Prior Decisions Regarding Claims Brought Under 29 U.S.C. 1132(a)(1)(B)

Defendants argue that the Court is obligated to give deference to the Plan Administrators prior decisions regarding claims for benefits and Defendants request claims brought under 29 U.S.C. 1132(a)(1)(B) be dismissed.

3:19-cv-02295-WQH-AHG

Plaintiff disputes that any deference should be given to the Plan Administrator's decisions. Plaintiff argues that the Administrator's decisions and conclusions have been arbitrary and capricious and unreasonable. Plaintiff argues that the Administrator, trustees, and fiduciaries have abused their discretion and showed errors in judgment.

Plaintiff has offered facts and evidence to support his position that no deference should be granted to the Administrator's decisions. Defendants have failed to properly address the following facts (as required by Rule 56(c)):

1. The Plan Administrator offered two separate explanations for denying Mr. Raya's request for Pension benefits. (ECF 39, pg. 5, 5:23)

2. In an email sent to Mr. Raya on Sep 13, 2018, the Administrator claims to have lost or shredded all paper and digital copies of the Pension Plan Documents that were effective between 2008 and 2011. **(Exhibit 6)**

3. The Administrator claimed to rediscover the Pension Plan Documents on Sep 19, 2018 and sent a copy of the Pension Plan Documents (effective 2008-2011) to Mr. Raya. The Plan benefits and provisions in the rediscovered documents did not match the benefits and provisions that were documented in the 2008-2011 Pension Plan Form 5500, which the Administrator filed with the Department of Labor and IRS each year. (ECF 39, pg. 6, 7:10)

4. Principal Financial (the third party administrator of the 401(k) Plan Trust) has provided documents showing that the Defendants failed to remit Mr. Raya's loan payments in their entirety over the course of several years between 2012 and 2016.

5. Defendants claim to not be in the possession of, and have refused to provide an internal record of Mr. Raya's 401(k) Plan payments and deposits. Mr. Raya made nine unfulfilled written requests for a record of his contributions between 2018 and 2019. (ECF 39, pg. 9) **(Exhibit 3)**

**F.  Plaintiff Has Not Waived Or Released Any Of The Claims Brought In The SAC**

Defendants argue that the Separation Agreement (The Release), executed by Calbiotech and Mr. Raya, releases defendants from all claims in the complaint.

The Administrator failed to identify The Release as the reason for denying Plaintiff's claim for benefits during the internal review.

Plaintiff disputes the validity and enforceability of The Release.  Plaintiff has submitted facts and evidence in support of his argument that The Release is void and unenforceable.  Defendants have failed to properly address the following facts:

1. Mr. Raya's execution of the Separation Agreement was not a "knowing and voluntary" release. (ECF 50, pg. 5-6)

2. The Release would result in Mr. Raya unknowingly releasing vested retirement benefits and is in violation of ERISA and contravenes Plan Documents. (ECF 50, pg.3, ln 8)

3. Mr. Raya's execution of The Release was fraudulently induced. (ECF 50, pg. 3-4)

4. When executing the Release, Mr. Raya did not intend to release unknown or unanticipated claims or any claims protected by Cal Civ Code 1542. (ECF 50, pg.4-5)

**G. Defendants Are Not Entitled To Judgment In Their Favor On Their Counterclaim For Breach Of Contract**

Defendants argue that they are entitled to judgment in their favor on their Counterclaim for Breach of Contract since Plaintiff violated the Separation Agreement by filing a complaint with the Department of Labor and by filing this federal complaint.

Plaintiff disputes the validity and enforceability of The Release.  Plaintiff has submitted facts and evidence in support of his argument that The Release is void and unenforceable.  Plaintiff incorporates the list of facts from Section F above and asserts that Defendants have failed to properly address those facts.

## III.   Conclusion

For the foregoing reasons, Plaintiff respectfully requests the Court Deny Defendants' Motion For Partial Summary Judgment Or Alternatively For Summary Adjudication.

Nov 12, 2021

Robert Raya
Plaintiff/Counterdefendant
In Pro Se

# Exhibit 1

# Exhibit 1

 **Gmail**                                    **Robert Raya <robertraya@gmail.com>**

## Response to letter

**Thereza Lopez** <t.lopez@erbamannheim.com>                    Mon, Feb 26, 2018 at 3:37 PM
To: Robert Raya <robertraya@gmail.com>

Robert,

Attached is the plan document for the 401(k) Plan.

You are not eligible.  As outlined in the DB Plan Document under Eligibility/Exclusions it clearly states:  All employees of the employer except the Executive Director of Finance, Director of Quality and Regulations, Customer Support and Assembly Technicians.

Which basically translates into... All employees of the employer are excluded except Executive Director or Finance, Executive Director of Quality and Regulations, Executive Director of Customer Support and Executive Director of Assembly Technicians.  You did not hold any of these positions while you were employed by Calbiotech so you were never eligible for the plan.

I apologize for not laying it out on my previous email, but it is in the attachments.

Please let me know if I can be of any further assistance.

**Thereza Lopez** | Administrative Manager
Calbiotech, Inc., a member of Erba Mannheim
Direct: 619-660-6162, Ext. 206
FAX: 619-660-6970

1935 Cordell Court
El Cajon, CA 92019

For Sales inquiries, please contact sales.calbiotech@erbamannheim.com
For Support inquiries, please contact support.calbiotech@erbamannheim.com

---

**From:** Robert Raya <robertraya@gmail.com>
**Sent:** Friday, February 23, 2018 7:30:34 PM
**To:** Thereza Lopez; David Barka
**Subject:** Re: Response to letter

[Quoted text hidden]

📄 **ASC898_600000219_AA_Calbiotech Inc_001_3.24.2017-9_6_34_230_38.pdf**
   1494K

Exhibit 1          Page 1 of 1

# Exhibit 2

# Exhibit 2

**AMENDMENT**
**TO**
**CALBIOTECH, INC.**
**PENSION PLAN**

WHEREAS, the Employer heretofore established a Pension Plan and Trust effective September 1, 2008;

WHEREAS, under the terms of the Plan, the Employer has the ability to amend the Plan, provided the Trustee(s) join in such Amendment.

NOW THEREFORE, effective as of September 1, 2008, the Employer and Trustee(s) in accordance with the provisions of the Plan pertaining to Amendments thereof, hereby amend the Plan as follows:

**Eligible Class of Employees**
Section 2, page 2, Paragraph 2.4 shall be amended by adding:

"All of the Employees other than Noori Barka, Evelyn Barker, David Barka, Danny Barka, Ann Barka, Amar Dawood and Sabreen Najeeb are not participants under the Pension Plan. The excluded employees are covered with comparable average benefits by the Calbiotech, Inc., 401(k) Profit Sharing Plan.

The Plan Administrator will add eligible employees to the Pension Plan if and when required to maintain qualification of the Pension Plan as directed by the plan actuary."

IN WITNESS THEREOF, the Employer and Trustee(s) have executed this Amendment this 28th day of December, 2008.

Calbiotech, Inc.

_____
Noori Barka

_____
David Barka

_____
Evelyn Barka

_____
Noori Barka
Trustee

_____
David Barka
Trustee

_____
Evelyn Barka
Trustee

AR001438

Exhibit 2          Page 1 of 2

CALBIO9D

December 11, 2016

# Calbiotech, Inc. Pension Plan
## Participant Statement
### for
### Sabreen Najeeb

**For the plan year 09/01/2013 through 08/31/2014**

| | | |
|---|---|---|
| Employee Number: | SSN: | xxx-xx-xxxx |
| Date of Birth: | 04/14/1990 Gender: | F |
| Date of Employment: | 03/14/2011 Attained Age: | 24 |
| Date of Participation: | 09/01/2012 Retirement Age: | 62 |

Estimated Retirement Benefit as of 05/01/2052:

Your monthly retirement benefit commencing at your retirement date payable for your lifetime is     $993.41

Accrued Benefit as of 08/31/2014:

Your monthly accrued benefit commencing at your retirement date attributable to employer contribution is     $168.13

Vested Percent as of 08/31/2014:     100

Your vested interest of the accrued benefit is     $168.13

Prepared by: Pelion Actuarial Services, Inc.

The benefits shown above are estimates based on data provided by the Plan Sponsor and are subject to the terms and provisions of the Plan.  Contact the Plan Administrator if you have any questions.

Exhibit 2          Page 2 of 2

# Exhibit 3

# Exhibit 3

 Gmail                                    Robert Raya <robertraya@gmail.com>

# Please provide record of contributions
1 message

**Robert Raya** <robertraya@gmail.com>                         Mon, Jul 9, 2018 at 5:46 PM
To: David Barka <dbarka@calbiotech.com>, Noori Barka <NBarka@calbiotech.com>, Thereza
Lopez <t.lopez@erbamannheim.com>, pham.thuy@dol.gov

Hello David,
    Can you please provide a complete record of all contributions made to my retirement
account between September 2008 and August 2017?  Please provide the date and source of
each individual contribution.
Thank you,
Robert Raya

Exhibit 3          Page 1 of 9

 **Gmail**

Robert Raya <robertraya@gmail.com>

# Fwd: Please provide record of contributions
1 message

**Robert Raya** <robertraya@gmail.com>  Fri, Jul 13, 2018 at 12:12 AM
To: Marc Schechter <mschechter@bsllp.com>, David Barka <d.barka@erbamannheim.com>,
Noori Barka <n.barka@erbamannheim.com>, Thereza Lopez <t.lopez@erbamannheim.com>,
pham.thuy@dol.gov

See below for a recent request for basic information...

---------- Forwarded message ----------
From: **Robert Raya** <robertraya@gmail.com>
Date: Mon, Jul 9, 2018 at 5:46 PM
Subject: Please provide record of contributions
To: David Barka <dbarka@calbiotech.com>, **Noori Barka** <NBarka@calbiotech.com>, **Thereza
Lopez** <t.lopez@erbamannheim.com>, pham.thuy@dol.gov


Hello David,
    Can you please provide a complete record of all contributions made to my retirement
account between September 2008 and August 2017?  Please provide the date and source of
each individual contribution.
Thank you,
Robert Raya

Exhibit 3        Page 2 of 9

 Gmail

Robert Raya <robertraya@gmail.com>

# Fwd: Please provide record of contributions

1 message

**Robert Raya** <robertraya@gmail.com>                    Wed, Jul 18, 2018 at 9:17 AM
To: Marc Schechter <mschechter@bsllp.com>

Hello Mr. Schechter,
    Can you please confirm you have received the following request for information, which was sent to Calbiotech on July 9th, 2018?

Thank you,
Robert Raya

---------- Forwarded message ----------
From: **Robert Raya** <robertraya@gmail.com>
Date: Mon, Jul 9, 2018 at 5:46 PM
Subject: Please provide record of contributions
To: David Barka <dbarka@calbiotech.com>, **Noori Barka** <NBarka@calbiotech.com>, Thereza Lopez <t.lopez@erbamannheim.com>, pham.thuy@dol.gov


Hello David,
    Can you please provide a complete record of all contributions made to my retirement account between September 2008 and August 2017?  Please provide the date and source of each individual contribution.
Thank you,
Robert Raya

Exhibit 3          Page 3 of 9

 Gmail

Robert Raya <robertraya@gmail.com>

## Re: Plan documents

1 message

**Robert Raya** <robertraya@gmail.com>                                           Mon, Aug 20, 2018 at 1:14 PM
To: Noori Barka <n.barka@erbamannheim.com>
Cc: David Barka <d.barka@erbamannheim.com>, Thereza Lopez <t.lopez@erbamannheim.com>, Marc
Schechter <mschechter@bsllp.com>

 David Barka or Noori Barka,
    Can you please update me on the progress of my requests?
 On July 19th and again on July 24th, I asked you for a copy of the Calbiotech 401k plan and Pension
plan that was in effect between 2008 and 2011.
 On July 9th, I asked for a complete record of all contributions made to my retirement account
 between 2008 and 2016.
 On July 10th, I asked you to correct 2016's missing contribution in the amount of $1,384.22
 Please let me know what the status is for each of these requests.

 Thank you,
 Robert Raya

Exhibit 3        Page 4 of 9

 Gmail

Robert Raya <robertraya@gmail.com>

---

## Re: Plan documents

1 message

---

**Robert Raya** <robertraya@gmail.com>                      Wed, Sep 12, 2018 at 11:48 AM
To: Noori Barka <n.barka@erbamannheim.com>, David Barka <d.barka@erbamannheim.com>,
Thereza Lopez <t.lopez@erbamannheim.com>
Cc: Marc Schechter <mschechter@bsllp.com>

Hello David Barka and Noori Barka,
    It has been well over a month since I requested a copy of plan documents describing the Calbiotech 401(k) plan that were in effect between 2009 and 2011. Do you have these documents?
    It has been over two months since I requested a complete record of contributions to my 401(k) account. Your attorney, Marc Schechter, implied you did not have this information and you were attempting to get it from Principal. Principal sent me a message saying that Calbiotech has this information. David and Noori, as fiduciaries, are ultimately responsible for providing this record. If you refuse to provide this basic information, you would be breaching your fiduciary responsibility. Do you have a complete record of contributions made to my 401(k) account between 2008 and 2016?
    Marc also said that Principal would give their opinion on whether or not any contributions are missing from my account. I appreciate that, but I would prefer to hear from anyone at Calbiotech. It has been over 4 months since I sent a detailed letter outlining errors in the administration of my 401(k) account. No one from Calbiotech has made any attempt to address any of the claims in my letter.
Thank you,
Robert Raya

Exhibit 3         Page 5 of 9

 Gmail                                         Robert Raya <robertraya@gmail.com>

# Re: Plan documents
1 message

**Robert Raya** <robertraya@gmail.com>                    Thu, Sep 13, 2018 at 3:05 PM
To: David Barka <d.barka@erbamannheim.com>, Noori Barka <n.barka@erbamannheim.com>
Cc: Thereza Lopez <t.lopez@erbamannheim.com>, Marc Schechter <MSchechter@bsllp.com>,
pham.thuy@dol.gov

Hello David Barka and Noori Barka,
    When will you provide the detailed record of contributions I have requested?  It has been
over two months since you received my request and more than three weeks since your
attorney claimed to be waiting for Principal to compile the information.  I have attached a letter
from Principal stating that, as fiduciaries, you have a responsibility to provide me with this
information.  Please tell me when you expect to provide this information to me.
Thank you,
Robert Raya

Exhibit 3        Page 6 of 9

 Gmail

Robert Raya <robertraya@gmail.com>

## Re: FW: Plan documents

1 message

**Robert Raya** <robertraya@gmail.com>                              Fri, Sep 21, 2018 at 12:49 AM
To: Marc Schechter <MSchechter@bsllp.com>
Cc: David Barka <d.barka@erbamannheim.com>, Noori Barka <n.barka@erbamannheim.com>,
Thereza Lopez <t.lopez@erbamannheim.com>, cschechter@bsllp.com

Mr. Schechter,
    Thank you for the 2008 Pension SPD and AA.  Last week you wrote that Calbiotech would provide original documents for the CBI 401(k) SPD and a record of my contributions "within the week".  Can you please revise your estimate?
    I asked Principal again for help finding a record of my contributions and in their written response, they repeated that Calbiotech has this information and they added that your clients, David Barka and Noori Barka have a fiduciary responsibility to provide this record to me.
    On September 13, 2018, you wrote: "... in light of the fact the Plan Administrator still has not yet received the remaining plan documents you requested, it is entirely possible that an extension will be required in order ... to render a ... decision on your claims. David Barka received my claim for benefits over 5 months ago (on April 19, 2018).  My recent records request is separate and completely independent of my claim for benefits.  Calbiotech has a fiduciary responsibility to provide me with this type of plan information immediately upon my request and without charge.  Any further delay in processing my 5-month old benefits claim as a response to my recent document request would be improper.  Also, any official request for an extension in the processing of my benefits claim as a response to my recent document request amounts to a 'charge' for my document request and would therefore, be illegal.
Sincerely,

Robert Raya

Exhibit 3          Page 7 of 9

 Gmail                                    **Robert Raya <robertraya@gmail.com>**

---

# Re: FW: Plan documents
1 message

---

**Robert Raya** <robertraya@gmail.com>                    Mon, Sep 24, 2018 at 1:45 PM
To: Marc Schechter <MSchechter@bsllp.com>
Cc: David Barka <d.barka@erbamannheim.com>, Noori Barka <n.barka@erbamannheim.com>,
pham.thuy@dol.gov

Hello David Barka and Noori Barka,
    I have made multiple requests for a record of all contributions made to my Calbiotech 401(k) account.  This request for the administrative record is not a new claim. This simple request is completely separate and totally independent of any open claim for benefits.  I have a clear right to request this basic information about my account, and you have a clear  fiduciary responsibility to provide it in a timely manner.  My initial request was sent to David Barka and Noori Barka on July 9th, 2018.  I sent a reminder to David and Noori (and CC'd Marc Schechter) on July 13th, Aug 20th, and Sep 12th.   On September 13, 2018, Mr. Schechter informed me that Calbiotech expected to have the information within the week.  Two and a half months after you (David and Noori) received my initial request and two weeks after claiming you would have it "within the week", I still have not received any part of my records request.  Also, your estimated completion date has changed from 1 to 2 days to indefinite... meaning you may never provide the record.  Your refusal to respond to my requests for basic information about my plan and your refusal to communicate directly with me are serious breaches of your fiduciary responsibilities.  Please provide a record of my contributions (listing the source of each one), by the end of this week Fri, Sep 28th.  If your records are incomplete, please submit what ever information you have.
    On Aug 20th, 2018, Mr. Schechter emailed me and explained that Calbiotech was waiting for information from Principal in order to provide a record of my contributions. On Sep 12th, 2018, Principal messaged me stating Calbiotech has a complete record of my contributions and Calbiotech, exclusively, would be the ones to provide the record. I informed Mr. Schechter that Principal had provided information that was in direct conflict with the information being provided by Calbiotech.  The next day, on Sept 13, Mr. Schechter repeated the misleading statement that Calbiotech was working with Principal to compile my contribution data.   When I relayed this to Principal, they said that Calbiotech had given instructions to Principal stating if a participant asked for this kind of record, Principal must direct them back to Calbiotech.  Principal then wrote that Calbiotech has "a fiduciary responsibility to provide you with that information".  I'm sure this is just a misunderstanding on Mr. Schechter's part, but be aware that when he makes untrue or misleading statements on your behalf, there is no risk for him as your lawyer, but you, as fiduciaries, can still be held accountable.
Thank you,
Robert Raya

Exhibit 3          Page 8 of 9

 Gmail                                      **Robert Raya <robertraya@gmail.com>**

---

# Re: Calbiotech Response - Document Attached

1 message

---

**Robert Raya** <robertraya@gmail.com>                    Sun, Jan 6, 2019 at 8:52 PM
To: Noori Barka <n.barka@erbamannheim.com>, David Barka <d.barka@erbamannheim.com>,
e.barka@erbamannheim.com, ebarka@calbiotech.com, "Pham, Thuy - EBSA"
<pham.thuy@dol.gov>
Cc: Marc Schechter <mschechter@bsllp.com>, Thereza Lopez <t.lopez@erbamannheim.com>,
Michael J <michael754@gmail.com>


David Barka, Noori Barka, and Evelyn Barka,

Thank you for replying to my claim for benefits submitted on July 6th, 2018 under the Calbiotech, Inc. 401(k) Profit Sharing Plan and the Calbiotech, Inc. Pension Plan. I received your reply on Jan 2, 2019.

I am writing to request all documents relevant to my claim for benefits that are in your office's possession or control and all documents relevant to my claim that your office has access to. Please send all documents

- Which were relied upon in making the benefit determination
- Which were submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
- Which demonstrate compliance with the administrative processes and safeguards required pursuant to 29 C.F.R. 2560-503-1(b)(5)

My request includes, but is not limited to:

1. A record of each contribution and each payment made to my account under the Calbiotech, Inc. 401(k) Profit Sharing Plan. Please provide the date, type, and source of each contribution and each payment.

2. A complete copy of the claim file. This includes, but is not limited to, all documents, correspondence, electronic mail messages, recordings, records, reports, logs, or other information included in the claim file.

3. All plan documents for both the Calbiotech, Inc. 401(k) Profit Sharing Plan and the Calbiotech, Inc. Pension Plan including, but not limited to, all governing plan documents and any amendments thereto, all summary plan descriptions and any statements of material modifications thereto, and any other documents which detail or comprise the terms of the plan.

4. A complete copy of my personnel file. This includes, but is not limited to, offer letter, termination notice, dates and amounts of each salary increase, dates of promotions, performance reviews, and reason for termination.

    Robert Raya

Exhibit 3          Page 9 of 9

# Exhibit 4

# Exhibit 4

 Gmail

Robert Raya <robertraya@gmail.com>

On Mon, Jul 9, 2018 at 5:49 PM, David Barka <d.barka@erbamannheim.com> wrote:

Dear Robert

Thank you for your email. Due to the conflict of interest which you cited with the previous attorney, we engaged a new law firm today. I respectfully ask you hold off on all communications until we can connect you with or new counsel, which should hopefully be no later than tomorrow.

Best regards,

David

---

**From:** Robert Raya <robertraya@gmail.com>
**Sent:** Monday, July 9, 2018 5:46 PM
**To:** David Barka; Noori Barka; Thereza Lopez; pham.thuy@dol.gov
**Subject:** Please provide record of contributions

Hello David,

Can you please provide a complete record of all contributions made to my retirement account between September 2008 and August 2017?   Please provide the date and source of each individual contribution.

Thank you,

Robert Raya

Exhibit 4          Page 1 of 3

 Gmail

Robert Raya <robertraya@gmail.com>

## New representation

On Thu, Jul 12, 2018, 11:36 AM Thereza Lopez <t.lopez@erbamannheim.com> wrote:

Hello Robert,

Marc Schechter (copied) is our new representation.  His complete contact information is below.

Please address your communications to him going forward.

Thank you.

**Thereza Lopez** | Administrative Manager
Calbiotech, Inc., a member of Erba Mannheim
Direct: 619-660-6162, Ext. 206
FAX: 619-660-6970

Exhibit 4          Page 2 of 3

 **Gmail**

## Plan Administrator

On Thu, Jul 12, 2018 at 5:12 PM, Marc Schechter <MSchechter@bsllp.com> wrote:

Mr. Raya,

I have been retained as legal counsel on behalf of Calbiotech, Inc. who is the Administrator of both the Calbiotech, Inc. 401k Plan and the Pension Plan. As such I request you direct all future communications regarding benefit matters under either of those plans through my office.

I am aware you had received a letter from Mr. Monson regarding prior correspondence received by Calbiotech, Inc. sent on your behalf. As Mr. Monson correctly points out, the correspondence sent by your former counsel does not constitute a claim. You have been provided the information as to your rights and process relating to benefit claims. Please direct any claim to the Attention of the Administrator care of my office, the address of which is below my signature.

If after you have reviewed the plan documents and SPD's sent to you with Mr. Monson's June 27, 2018 letter you believe there is a basis for a benefit claim please submit it as directed above and I will coordinate with the Administrator to see that a timely response is sent to you after the merits of the claim are evaluated.

Sincerely,

Marc S. Schechter

Exhibit 4        Page 3 of 3

# Exhibit 5

# Exhibit 5

 **Gmail**

Robert Raya <robertraya@gmail.com>

## Plan documents

**Noori Barka** <n.barka@erbamannheim.com>                    Tue, Jul 24, 2018 at 1:43 PM
To: Robert Raya <robertraya@gmail.com>, David Barka <d.barka@erbamannheim.com>, Thereza Lopez
<t.lopez@erbamannheim.com>
Cc: Marc Schechter <mschechter@bsllp.com>, "pham.thuy@dol.gov" <pham.thuy@dol.gov>

Mr. Raya,
I'm not in any position to answer your questions. Please remove my name from your email.
Thank you

---

**From:** Robert Raya <robertraya@gmail.com>
**Sent:** Tuesday, July 24, 2018 7:33:51 AM
**To:** David Barka; Noori Barka; Thereza Lopez
**Cc:** Marc Schechter; pham.thuy@dol.gov
**Subject:** Plan documents

David Barka and Noori Barka,
    Please provide a Summary Plan Description and plan documents for the Calbiotech 401(k) Plan that were in effect between Sep, 2008 and Sep 1st, 2011. The documents you have provided are effective as of Sep. 1, 2011. I enrolled in the plan in 2009 and I need the documents that were in effect during my enrollment through Sep 1, 2011.
    Please also provide a Summary Plan Description and plan documents written prior to Sep 1, 2011, that would apply to the Calbiotech Pension Plan as it existed between Sep., 2008 and Sep. 1, 2011.

    All future requests, questions, or comments regarding Calbiotech retirement plans will be sent directly to you, David Barka and Noori Barka, the fiduciaries and administrators of both plans, until you can provide proof you have been officially relieved of those responsibilities, and you provide the name of an another individual who is currently a fiduciary and has discretionary control or authority over the administration and management of both plans.
    As a plan participant, my rights, and your responsibilities are completely and totally independent of who your attorney is or whether or not you even have an attorney. I will continue to communicate with you since that is what the plan rules require, and I expect you to honor your responsibilities and obligations as fiduciaries and administrators since that is what the plan and the law requires.

Thank you,

Robert Raya

Exhibit 5          Page 1 of 1

# Exhibit 6

# Exhibit 6

 Gmail

Robert Raya <robertraya@gmail.com>

---

## Plan documents

---

**Marc Schechter** <MSchechter@bsllp.com>                                                    Thu, Sep 13, 2018 at 3:15 PM
To: Robert Raya <robertraya@gmail.com>
Cc: David Barka <d.barka@erbamannheim.com>, Noori Barka <n.barka@erbamannheim.com>, Thereza Lopez
<t.lopez@erbamannheim.com>, Corey Schechter <cschechter@bsllp.com>

Mr. Raya,

As legal counsel for Calbiotech, Inc., the Plan Administrator of the two Calbiotech benefit plans, I am writing to inform you that the Plan Administrator has been diligently attempting to fulfill your request for those additional plan documents you have identified that were in effect during the time period you have requested. Unfortunately, due to events beyond the control on the Plan Administrator, the documents have not yet been located—the reason being that the two plans have changed record-keepers/third-party-administrators various times over the years, and unfortunately the third-party administrator of the plans during that time shredded their physical documents from that time period. However, a search of these documents in their electronic format has been underway, and Calbiotech, Inc. as Plan Administrator has been informed that they should be located within the week. Please rest assured that the Plan Administrator is doing everything within its power to get you these documents as quickly as possible.

With regard to your request for a record of contributions made to your account under the Calbiotech, Inc. 401(k) Profit Sharing Plan, the Plan Administrator has been in the process of working with its current third-party-administrator on obtaining that information for you, and again, they hope to provide you that information within the week.

Finally, with respect to your various letters concerning the alleged errors in the administration of your 401(k) account, you were previously told that your July 6, 2018 letter has been accepted as a formal claim for benefits under both the 401(k) Profit Sharing Plan and the Pension Plan. As I also indicated in prior correspondence with you, the Plan Administrator has up to 90 days to issue a formal determination on your claims for benefits (and may obtain an extension of up to 90 days if needed). At this point, the Plan Administrator expects to render such determination within the initial 90-day period; however, in light of the fact the Plan Administrator still has not yet received the remaining

Exhibit 6          Page 1 of 2

plan documents you requested, it is entirely possible that an extension will be required in order for the Plan Administrator to render a fully-informed decision on your claims. In the event an extension is needed, you will be notified prior to the end of the initial 90-day period (i.e., on or before October 4, 2018).

Sincerely,

Marc S. Schechter

—

**Butterfield Schechter LLP**

10021 Willow Creek Road, Suite 200, San Diego, CA 92131

P (858) 444-2300 | F (858) 444-2345 | mschechter@bsllp.com

**View Profile | www.bsllp.com**

**Follow us on Facebook and LinkedIn!**

  

*FOCUSED ON EMPLOYEE BENEFITS LAW*

*The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission. It may therefore be protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privileges. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form. Thank you for your cooperation.*

[Quoted text hidden]

Exhibit 6          Page 2 of 2