UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br><br>         Plaintiff,<br><br>v.<br><br>DAVID BARKA; NOORI BARKA; EVELYN BARKA; CALBIOTECH, INC.; CALBIOTECH, INC. 401(k) PROFIT SHARING PLAN; CALBIOTECH, INC. PENSION PLAN,<br><br>         Defendants. | Case No.: 19-cv-2295-WQH-AHG<br><br>**ORDER** |
| DAVID BARKA; NOORI BARKA; EVELYN BARKA; CALBIOTECH, INC.; CALBIOTECH, INC. 401(k) PROFIT SHARING PLAN; CALBIOTECH, INC. PENSION PLAN,<br><br>         Counter Claimants,<br><br>v.<br><br>ROBERT RAYA,<br><br>         Counter Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion for Partial Reconsideration filed by Plaintiff Robert Raya (ECF No. 116).

## I. BACKGROUND

On December 2, 2019, Plaintiff Robert Raya, proceeding pro se, filed a Complaint against Defendants, including David Barka, Noori Barka, Evelyn Barka, Calbiotech, Inc. ("Calbiotech"), Calbiotech Pension Plan (the "Pension Plan"), and Calbiotech 401(k) Profit Sharing Plan. (ECF No. 1). On December 9, 2020, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 39). On June 17, 2021, Defendants filed an Answer to the FAC and a counterclaim for breach of contract. (ECF No. 46). On September 8, 2021, Plaintiff filed the operative Second Amended Complaint ("SAC"), which alleges four claims against Defendants. (ECF No. 64). The first three claims allege, in relevant part, that Defendants violated various provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with the administration of the Pension Plan.

From September 24, 2021, to February 7, 2022, the parties filed eight motions. (ECF Nos. 60, 77, 79, 83, 92, 97, 102, 106). Among other things, Defendants requested summary adjudication on Plaintiff's first three ERISA claims relating to the administration of the Pension Plan on the basis that "Plaintiff lacks statutory and Article III standing to bring a claim" relating to the Pension Plan. (ECF No. 83-1 at 11-12).

On February 17, 2022, the Court heard oral argument on all pending motions. (ECF No. 103). On March 28, 2022, the Court issued an Order adjudicating all pending motions. (ECF No. 114). With respect to the Pension Plan claims, the Order concluded:

> The Court has determined that Plaintiff was not eligible to participate in the Pension Plan at any time. There are no facts from which to infer that Plaintiff may become eligible for Pension Plan benefits in the future. Defendants have presented evidence that Plaintiff lacks standing to bring a claim under, or on behalf of, the Pension Plan. Plaintiff has failed to come forward with contravening evidence. The Court concludes that Defendants are entitled to partial summary judgment as to the first three claims to the extent they assert ERISA violations relating to the Pension Plan.

(*Id.* at 15-16).

The Court determined that Plaintiff was not eligible to participate in the Pension Plan based on the existence of an amendment to the Pension Plan (the "2008 Amendment")—executed "concurrently" with the Pension Plan's Adoption Agreement—that excluded Plaintiff from the class of employees who might otherwise be eligible to participate in the Pension Plan. (*See id.* at 10-14). In its Order, the Court rejected Plaintiff's contention that the 2008 Amendment was backdated as unsupported by evidence in the record. (*See id.* at 6 n.2 ("David Barka, the Vice President of Calbiotech and a Trustee of the Pension Plan, states in a sworn Declaration that the 2008 Amendment relied on in this Order is "[a] true and correct copy" of the 2008 Amendment to the Pension Plan and "was adopted/executed by Calbiotech concurrently with the Adoption Agreement on December 28, 2008." (ECF No. 74-2 ¶ 9). Plaintiff has not come forward with any evidence that the 2008 Amendment is not authentic or that the dates listed in the 2008 Amendment are false." (alteration in original))).

On April 25, 2022, Plaintiff filed the Motion for Partial Reconsideration of the March 28, 2022 Order. (ECF No. 116). The motion requests that "the Court reconsider the decision to grant Defendant[s'] Motion as to the first, second, and third claims in the SAC to [the] extent those claims relate to the Pension Plan . . . on the basis of [ ] newly discovered or newly available evidence and [ ] new facts and circumstances . . . which were not previously presented to the Court." (*Id.* at 4). On May 13, 2022, Defendants filed a Response in opposition to the Motion for Partial Reconsideration. (ECF No. 117). The docket reflects that no reply brief has been filed.

**II.     CONTENTIONS**

Plaintiff contends that "new evidence and facts contravene Defendants' declaration that the 2008 Amendment was adopted concurrently with the Pension Plan in 2008" and instead "support [Plaintiff's] contentions that the 2008 Amendment is backdated [and] was never implemented between 2008 and 2016." (ECF No. 116 at 10). "[T]here are therefore genuine issues as to Defendants' claims that Plaintiff was not a participant in the Pension

Plan and lacks standing." (*Id.* at 14). In support of his motion, Plaintiff presents: (1) tax forms filed by Calbiotech, which Plaintiff contends "contradict Defendants' claim that the 2008 Amendment was adopted and enacted in 2008" (*Id.* at 11); (2) a favorable opinion letter issued by the Internal Revenue Service ("IRS"), which Calbiotech "may only rely on . . . if 100% of non-excludable employees benefit under the [Pension] Plan" (*Id.* at 12); (3) the absence of the 2008 Amendment in Pension Plan documents produced prior to 2019; and (4) the language of the 2008 Amendment itself.

Defendants contend that Plaintiff's Motion for Partial Reconsideration should be denied because Plaintiff was in possession of the evidence offered in support of the motion prior to the hearing on the March 28, 2022 Order and Plaintiff's arguments could have been raised at an earlier time. Defendants further contend that the evidence presented by Plaintiff fails on the merits to create a genuine dispute as to the authenticity of the 2008 Amendment.

### III.    STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure permits a district court to reconsider and amend a previous order. *See* Fed. R. Civ. P. 59(e); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration is "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Id.* (quotation omitted). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### IV.    DISCUSSION

#### A.    Discovery of Evidence

"A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*

*Enters.*, 229 F.3d at 890. "[T]o support a motion for reconsideration of a grant of summary judgment based upon newly discovered evidence, the movant is '*obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.'" *Frederick S. Wyle Pro. Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (emphasis in original) (quoting *Engelhard Indus., Inc. v. Rsch. Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963)).

Pages of the tax forms presented by Plaintiff—the Pension Plan's Form 5500 SF documents for 2009-2012, and Schedule SB documents for plan years ending in 2011-2013—were among the exhibits submitted by Plaintiff on March 2, 2019, in support of Plaintiff's administrative appeal of Calbiotech's denial of Plaintiff's administrative claim for benefits. (*See* ECF Nos. 117-1 ¶ 8; 117-3 at 2). These documents were also filed on the record in this case on September 15, 2021. (*See* ECF No. 74-9 at 573-79; 598-600). Plaintiff's Declaration in support of the Motion for Partial Reconsideration acknowledges that "Defendants produced their copies of the Pension Plan Form 5500 Reports for each year between 2009 and 2015 on January 12, 2022" (ECF No. 116 ¶ 17), and Plaintiff's deposition testimony establishes that he had online access to these forms in 2018 (ECF No. 117-4 at 3). The favorable opinion letter issued by the IRS was produced by Defendants to Plaintiff on January 12, 2022, and re-produced by Plaintiff in an email to Defendants on January 24, 2022. (*See* ECF Nos. 117-1 ¶ 9; 117-5 at 2). Further, Plaintiff acknowledges that the 2008 Amendment was produced to Plaintiff on January 2, 2019, more than three years prior to the hearing on the Court's March 28, 2022 Order. (*See* ECF No. 116 ¶ 23).

The Court finds that Plaintiff has failed to demonstrate that any evidence in support of Plaintiff's Motion for Reconsideration "was newly discovered or unknown to [Plaintiff] until after the hearing" for the March 28, 2022 Order, and that Plaintiff "could not with reasonable diligence have discovered and produced such evidence at the hearing." *Frederick S. Wyle*, 764 F.2d at 609 (quoting *Engelhard*, 324 F.2d at 352).

///

### B. Consideration on the Merits

Defendants previously presented a document as an exhibit to the sworn Declaration of David Barka that is "a true and correct copy" of the 2008 Amendment. (ECF No. 74-2 ¶ 9). By its terms, the 2008 Amendment was "executed … this 28th day of December, 2008." (ECF No. 74-6 at 2). David Barka states in the Declaration that the 2008 Amendment "was adopted/executed by Calbiotech concurrently with the Adoption Agreement on December 28, 2008." (ECF No. 74-2 ¶ 9). Defendants have provided evidence that the 2008 Amendment was executed on December 28, 2008. Plaintiff's evidence must create a genuine dispute as to the authenticity of the 2008 Amendment for Plaintiff to prevail on the merits of his Motion for Partial Reconsideration.

Plaintiff first contends that the adoption of the 2008 Amendment would have negated the pre-approved status of the Pension Plan, but that Defendants nevertheless represented on 2009-2015 tax forms that the Pension Plan was pre-approved. Plaintiff contends that the inconsistency between the adoption of the 2008 Amendment and Defendants' subsequent representations on the Pension Plan tax forms is evidence that the 2008 Amendment was backdated. Defendants contend that the representations contained in the Pension Plan tax forms are consistent with the prior adoption of the 2008 Amendment and that "[e]ven were a mistake of any kind made on any Form 5500, it does not call into question the authenticity of the 2008 Amendment." (ECF No. 117 at 14).

The governing documents of the Pension Plan provide in part:

> ADDITIONAL RESTRICTIONS TO RETAIN PROTOTYPE STATUS: The Sponsoring Employer may amend the plan by completing a new Adoption Agreement on an approved prototype form or by executing an Adoption Agreement addendum. The Sponsoring Employer may also amend the plan by adding a model amendment published by the Internal Revenue Service which specifically provides that its adoption will not cause the plan to be treated as individually designed. If the Sponsoring employer amends in any other way, . . . the amended plan ceases to enjoy the status of a prototype plan approved in advance as to form by the Internal Revenue Service.

(ECF Nos. 74-5 at 6; 74-8 at 232). Defendants indicated in their response to Question 9A on the Form 5500-SF documents for the 2009-2012 tax years that the Pension Plan is a "[p]re-approved pension plan." (ECF No. 116 at 24, 26, 29, 32, 38). Defendants also represented in Schedule SB documents that "[a]ll employees excluding non-resident aliens, members of an excluded class and union" were eligible for participation in the Pension Plan. (ECF No. 116 at 27, 30, 34).

The evidence in the record demonstrates that the 2008 Amendment was properly adopted. (*See* ECF No. 74-5 at 6 ("The Sponsoring Employer may amend the plan … at any time.")). There is no evidence to support Plaintiff's position that the 2008 Amendment would have negated the pre-approved status of the Pension Plan or that Defendants' representations on the Form 5500-SF and Schedule SB documents are inconsistent with the prior adoption of the 2008 Amendment. Reconsideration on the basis of the tax forms provided by Plaintiff is denied.

Plaintiff next contends that an IRS favorable opinion letter relied on by the Pension Plan is conditioned on "100% of all nonexcludable employees benefit[ing] under the plan," and because Plaintiff did not benefit from the Pension Plan, the opinion letter could not apply to the Pension Plan after the 2008 Amendment. (ECF No. 116 at 41). Defendants contend that Plaintiff was an excludable employee and that "Plaintiff is merely rehashing flawed arguments previously submitted to the Court concerning the tax-qualified status of the Pension Plan." (ECF No. 117 at 16).

The opinion letter states that its application "with respect to the requirements of Code section 410(b) and 401(a)(26)" is conditioned on "100% of all nonexcludable employees benefit[ing] under the plan." (ECF No. 116 at 41). While an amendment that restricts nonexcludable employees from benefiting under the Pension Plan would limit the opinion letter's applicability, the opinion letter does not preclude such an amendment. The existence of the opinion letter is not in conflict with the prior execution of a plan amendment. Reconsideration on the basis of the IRS favorable opinion letter provided by Plaintiff is denied.

Plaintiff further contends that the fact that the 2008 Amendment was not produced by Defendants in 2018 as part of the production of "all Plan Documents" is evidence that it is backdated. (*Id.* at 13). Defendants contend that the non-inclusion of the 2008 Amendment in prior production of Pension Plan documents is immaterial because Defendants never agreed to provide "all" Pension Plan documents. (ECF No. 117 at 17).

In connection with Defendants' production of Pension Plan documents in 2018, Defendants repeatedly represented that only "certain documents" were being produced. (*Id.* at 43, 45-46). Plaintiff acknowledged in his deposition that he was never told that he would receive a "complete" set of plan documents in 2018. (ECF No. 117-4 at 11). The 2008 Amendment was produced to Plaintiff on January 2, 2019. (*See* ECF No. 116 ¶ 23). In the absence of evidence that Defendants had an obligation to produce the 2008 Amendment or represented that they were producing "all" Pension Plan documents in 2018, Defendants' non-production of the 2008 Amendment in 2018 does not support the assertion that the 2008 Amendment is backdated. Reconsideration on the basis that the 2008 Amendment was not produced in 2018 is denied.

Plaintiff's fourth basis for his request for reconsideration is that the 2008 Amendment's use of the word "heretofore" in describing the establishment of the Pension Plan contradicts Defendants' position that the 2008 Amendment was adopted concurrently with the Pension Plan. Plaintiff contends that the use of the word "heretofore" demonstrates that "there was a period of time (no matter how short) in which [Plaintiff] was, or may have been a participant with a vested interest in the Pension Plan." (ECF No. 116 at 14). Defendants contend that the language cited by Plaintiff "is without relevance" and that in any case, Plaintiff never satisfied the Pension Plan's other eligibility requirements prior to the execution of the 2008 Amendment. (ECF No. 117 at 19).

The Pension Plan's Adoption Agreement was executed on December 28, 2008, retroactively effective September 1, 2008. The 2008 Amendment is dated December 28, 2008 (also retroactively effective September 1, 2008) and provides that "the Employer heretofore established a Pension Plan." (ECF No. 74-6 at 2).

The use of the word "heretofore" in the 2008 Amendment does not support Plaintiff's broader position "that the 2008 Amendment is backdated [and] was never implemented between 2008 and 2016." (ECF No. 116 at 10). Plaintiff instead contends that he has standing as a participant in the Pension Plan based on the gap in time on December 28, 2008, between the execution of the Pension Plan and the execution of the 2008 Amendment. However, the undisputed facts provided by the parties demonstrate that Plaintiff was not eligible to participate in the Pension Plan on or before December 28, 2008, for reasons independent of the 2008 Amendment—namely, that Plaintiff had not satisfied the one-year service requirement.[1] (*See* ECF Nos. 74-2 at 3; 74-3 at 2 (letter offering Plaintiff employment at Calbiotech dated May 26, 2008); 74-4 at 3 (one-year service requirement in Adoption Agreement)). Reconsideration on the basis of the language contained in the 2008 Amendment is denied.

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff Robert Raya's Motion for Partial Reconsideration (ECF No. 116) is denied.

Dated: June 30, 2022

Hon. William Q. Hayes
United States District Court

---

[1] Plaintiff's "statement of fact" that "Plaintiff began performing service for Calbiotech before June of 2008" does not articulate when Plaintiff began performing service and thus does not create a genuine dispute as to whether Plaintiff had satisfied the service time requirement by December 28, 2008. (ECF No. 75 at 7).