UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br><br>                            Plaintiff,<br><br>v.<br><br>DAVID BARKA; NOORI BARKA; EVELYN BARKA; CALBIOTECH, INC.; CALBIOTECH, INC. 401(k) PROFIT SHARING PLAN; CALBIOTECH, INC. PENSION PLAN,<br><br>                            Defendants. | Case No.: 19-cv-2295-WQH-AHG<br><br>**ORDER** |
| DAVID BARKA; NOORI BARKA; EVELYN BARKA; CALBIOTECH, INC.; CALBIOTECH, INC. 401(k) PROFIT SHARING PLAN; CALBIOTECH, INC. PENSION PLAN,<br><br>                            Counter Claimants,<br><br>v.<br><br>ROBERT RAYA,<br><br>                            Counter Defendant. | |

HAYES, Judge:

The matter before the Court is the Second Motion for Reconsideration filed by Plaintiff Robert Raya. (ECF No. 120).

## I. PROCEDURAL BACKGROUND

On December 2, 2019, Plaintiff Robert Raya, proceeding pro se, filed a Complaint against Defendants, including David Barka, Noori Barka, Evelyn Barka, Calbiotech, Inc. ("Calbiotech"), Calbiotech Pension Plan (the "Pension Plan"), and Calbiotech 401(k) Profit Sharing Plan. (ECF No. 1). On December 9, 2020, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 39). On June 17, 2021, Defendants filed an Answer to the FAC and a counterclaim for breach of contract. (ECF No. 46). On September 8, 2021, Plaintiff filed the operative Second Amended Complaint ("SAC"), which alleges four claims against Defendants. (ECF No. 64). The first three claims allege, in relevant part, that Defendants violated various provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with the administration of the Pension Plan.

From September 24, 2021, to February 7, 2022, the parties filed eight motions. (ECF Nos. 60, 77, 79, 83, 92, 97, 102, 106). Among other things, Defendants requested summary adjudication on Plaintiff's first three ERISA claims relating to the administration of the Pension Plan on the basis that "Plaintiff lacks statutory and Article III standing to bring a claim" relating to the Pension Plan. (ECF No. 83-1 at 11-12).

On February 17, 2022, the Court heard oral argument on all pending motions. (ECF No. 103). On March 28, 2022, the Court issued an Order adjudicating all pending motions (the "Summary Judgment Order"). (ECF No. 114). With respect to the Pension Plan claims, the Order concluded:

> The Court has determined that Plaintiff was not eligible to participate in the Pension Plan at any time. There are no facts from which to infer that Plaintiff may become eligible for Pension Plan benefits in the future. Defendants have presented evidence that Plaintiff lacks standing to bring a claim under, or on behalf of, the Pension Plan. Plaintiff has failed to come forward with contravening evidence. The Court concludes that Defendants are entitled to

partial summary judgment as to the first three claims to the extent they assert ERISA violations relating to the Pension Plan.

(*Id.* at 15-16).

The Court determined that Plaintiff was not eligible to participate in the Pension Plan based on the existence of an amendment to the Pension Plan (the "2008 Amendment")—executed "concurrently" with the Pension Plan's Adoption Agreement—that excluded Plaintiff from the class of employees who might otherwise be eligible to participate in the Pension Plan. (*See id.* at 10-14). In its Order, the Court rejected Plaintiff's contention that the 2008 Amendment was backdated as unsupported by evidence in the record. (*See id.* at 6 n.2 ("David Barka, the Vice President of Calbiotech and a Trustee of the Pension Plan, states in a sworn Declaration that the 2008 Amendment relied on in this Order is '[a] true and correct copy' of the 2008 Amendment to the Pension Plan and 'was adopted/executed by Calbiotech concurrently with the Adoption Agreement on December 28, 2008.' (ECF No. 74-2 ¶ 9). Plaintiff has not come forward with any evidence that the 2008 Amendment is not authentic or that the dates listed in the 2008 Amendment are false.") (alteration in original)).

On April 25, 2022, Plaintiff filed a Motion for Reconsideration of the Summary Judgment Order on the basis that "new evidence and facts contravene[d] Defendants' declaration that the 2008 Amendment was adopted concurrently with the Pension Plan in 2008" and instead "support [Plaintiff's] contentions that the 2008 Amendment is backdated [and] was never implemented between 2008 and 2016." (ECF No. 116 at 10). On June 30, 2022, the Court issued an Order denying the Motion for Reconsideration. (ECF No. 123). The Court held that Plaintiff did not present any newly discovered evidence and that the evidence presented by Plaintiff did not create a genuine dispute of material fact regarding the authenticity of the 2008 Amendment.

On June 15, 2022, Plaintiff filed the Second Motion for Reconsideration of the Summary Judgment Order. (ECF No. 120). On July 1, 2022, Defendants filed a Response

in Opposition to the Second Motion for Reconsideration. (ECF No. 124). On July 11, 2022, Plaintiff filed a Reply. (ECF No. 126).

## II.  CONTENTIONS

Plaintiff requests reconsideration "on the basis of [ ] newly discovered evidence" and "the need to prevent a manifest injustice." (ECF No. 120 at 4). Plaintiff contends that language in the Basic Plan—one of the Pension Plan's governing documents—is inconsistent with the 2008 Amendment. Specifically, Plaintiff contends that the 2008 Amendment "adds language to paragraph 2.4 of the Adoption Agreement" introducing "eligibility restriction[s]" that are "invalidated by" Section 2.1 of the Basic Plan, which provides that "[a]ll employees shall be eligible for participation in the Plan." (*Id.* at 10-11). Plaintiff contends that Section 10.5 of the Basic Plan, which states that "[i]f any Plan provision is held invalid or unenforceable ... this Plan will be construed and enforced as if such provision had not been included," means that "Mr. Raya was eligible to participate in the Pension Plan beginning in 2008 or 2009." (*See id.* at 9). Plaintiff contends that these provisions of the Basic Plan constitute "new material facts" that were "not previously known to Plaintiff." (*Id.* at 10-12).

Defendants contend that Plaintiff's motion is untimely and is not based upon new evidence because "Plaintiff cites from the same documents, which have now been in his possession for several years." (ECF No. 124 at 8). Defendants contend that "the 2008 Amendment to the Pension Plan adopted by Calbiotech is in no way invalid or unenforceable" on the merits. (*Id.* at 7).[1]

///

///

---

[1] Defendants further request that the Court "take appropriate action against [Plaintiff] *sua sponte*" to prevent Plaintiff from making "bad faith" arguments that are "frivolous, flawed, and previously available." (*Id.* at 2). Defendants' request is denied because any request for sanctions "must be made separately from any other motion and must describe the specific conduct" that is allegedly sanctionable, Fed. R. Civ. P. 11(c)(2), and because sua sponte inquiry into Plaintiff's conduct is not appropriate at this time.

## III. LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure "explicitly grant courts the authority to modify their interlocutory orders." *Balla v. Idaho State Bd. Of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). To determine the merits of a request to reconsider an interlocutory order, district courts in this circuit apply the standard for Rule 59(e) reconsideration motions. *See, e.g., Cooney v. California*, No. 13-cv-01373-BAS (KSC), 2015 WL 3952184, at *1 (S.D. Cal. June 29, 2015) (same); *Cincinnati Ins. Co. v. Harry Johnson Plumbing & Excavating Co., Inc.*, No. 16cv5090-LRS, 2017 WL 5639944, at *1 (E.D. Wash. Oct. 23, 1997) ("As neither Rule 54(b) or this court's Local Rules provide a standard, typically, district courts will apply standards substantially similar to those used under Rule 59(e) and 60(b).").

Reconsideration under Rule 59 is "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation omitted). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890. A motion for reconsideration is likewise not a vehicle for relitigating issues that have been previously adjudicated. *See Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (stating that granting a party a "second bite at the apple" is "not the purpose of Rule 59").

## IV. DISCUSSION

Defendants present evidence that Plaintiff had access to the Basic Plan document on February 5, 2019, more than two years prior to the hearing that resulted in the challenged

Summary Judgment Order. (*See* ECF No. 117-1 ¶¶ 5-6). Further, the record reflects that Plaintiff attached portions of the Basic Plan as an exhibit to a brief filed on September 15, 2021 (*see* ECF No. 74-5), and specifically cited Section 10.5 of the Basic Plan—one of the provisions Plaintiff now asserts constitutes new evidence—on January 11, 2022 (ECF No. 92-1 at 4-5). The Court heard oral argument on the Summary Judgment Order on February 17, 2022, and provided Plaintiff another opportunity for his arguments to be heard on the merits in considering Plaintiff's first Motion for Reconsideration. The Court concludes that Plaintiff has failed to show that the Basic Plan document was "newly discovered or unknown" to him or that Plaintiff "could not with reasonable diligence have discovered and produced" the Basic Plan document. *Engelhard Indus., Inc. v. Rsch. Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963); *see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 212 (9th Cir. 1987) (same).

To the extent that Plaintiff instead seeks reconsideration on the basis that the Court's Summary Judgment Order was manifestly unjust, Plaintiff must demonstrate the existence of an error that is "direct, obvious, and observable." *Raya v. Calbiotech*, No. 18-cv-2643-WQH-AHG, 2019 WL 11504688, at *3 (Nov. 26, 2019) (quotation omitted). Reconsideration on the basis of manifest injustice is denied because Plaintiff has failed to demonstrate clear error and his failure to raise his arguments in a timely manner precludes a finding of manifest injustice. *See id.* at *3-4 (collecting cases for the proposition that there is no manifest injustice when a party could have avoided the resulting prejudice through the exercise of due diligence).

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff Robert Raya's Second Motion for Reconsideration (ECF No. 120) is denied.

Dated: August 8, 2022

Hon. William Q. Hayes
United States District Court