Marc S. Schechter, Bar No. 116190
Corey F. Schechter, Bar No. 279964
Paul D. Woodard, Bar No. 282470
BUTTERFIELD SCHECHTER LLP
10021 Willow Creek Road, Suite 200
San Diego, California 92131-1603
(858)444-2300/FAX (858)444-2345
mschechter@bsllp.com
cschechter@bsllp.com
pwoodard@bsllp.com

Attorneys for Defendants/Counterclaimants
David Barka, Noori Barka, Evelyn Barka,
Calbiotech, Inc. Calbiotech, Inc. 401(k) Profit
Sharing Plan, and Calbiotech, Inc. Pension
Plan

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>DAVID BARKA; NOORI BARKA; EVELYN BARKA; CALBIOTECH, INC.; CALBIOTECH, INC. 401(K) PROFIT SHARING PLAN; CALBIOTECH, INC. PENSION PLAN,<br><br>Defendants/Counterclaimants. | Case No.: 3:19-cv-02295-WQH-AHG<br><br><u>Assigned For All Purposes To:</u><br>Judge: Hon. William Q. Hayes<br>Magistrate: Hon. Allison H. Goddard<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS [ECF NO. 129]**<br><br>Motion Hearing Date: October 11, 2022<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT**<br><br>Complaint Filed:  December 2, 2019<br>FAC Filed:  December 9, 2020<br>Counterclaim Filed:  June 17, 2021<br>SAC Filed:  September 13, 2021<br>Final Pretrial Conf.:  October 28, 2022<br>Trial Date:  None set |

## I.     INTRODUCTION

Defendants/Counterclaimants, along with and by and through their undersigned attorneys of record in the above-entitled action, respectfully submit this brief in opposition to Plaintiff's/Counterdefendant's unwarranted motion for sanctions [ECF No. 129, et seq.] ("Motion" or "Mot."), which has clearly been filed by Plaintiff for the sole purposes of needlessly multiplying these proceedings, unnecessarily increasing litigation costs, and wasting the time and resources of Defendants, their counsel, and the Court in an unreasonable and vexatious manner long after the deadline for completion of fact discovery in this action and nearly on the eve of pretrial disclosures being due.

Plaintiff's Motion is inappropriate, without merit, and should be denied.

## II.    SUMMARY OF PLAINITFF'S ARGUMENTS

Plaintiff filed the instant motion on <u>September 7, 2022</u>, asserting that approximately *seven months prior*, "[o]n <u>January 26, 2022</u>, Defendants and their attorneys engaged in abusive litigation practices and tactics when they improperly contacted subpoena [recipients]" (see Mot., at *2:6-7 (emphasis added)) and "[o]n <u>February 28, 2022</u>, within a joint motion regarding a discovery dispute…Calbiotech and their Attorneys presented frivolous arguments and claims, and made factual and legal contentions which lacked evidentiary or factual support" (see Mot., at *2:10-12 (emphasis added)).

As discussed below, Plaintiff's assertions are unfounded and entirely lack merit. Indeed, his version of events is a gross mischaracterization of the truth.

## III.   RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A.     Subpoenas

Importantly, the Court should be made aware at the outset that **the deadline for completion of fact discovery in this action was <u>January 24, 2022</u>**. (See ECF No. 100, at *2.) For obvious reasons, Plaintiff neglected to /./././

1    mention this fact in any of his Motion documents, as doing so would be clearly
2    deleterious to his positions espoused therein.

3    On <u>January 13, 2022</u>, the parties conducted a discovery conference with
4    Magistrate Judge Goddard concerning certain discovery-related issues (see ECF
5    Nos. 94 and 95). At the conference, an issue was raised concerning Plaintiff's
6    stated intention to subsequently serve certain subpoenas on three non-party
7    entities. (See Declaration of Corey F. Schechter ("CFS Decl."), at ¶ 4.) The
8    following day, on <u>January 14, 2022</u>, and despite Magistrate Judge Goddard's
9    prior advisory to Plaintiff the preceding day that the subpoenas would not allow
10   for timely production of any requested documents, Plaintiff nonetheless served
11   each of those three subpoenas to their respective recipients demanding a
12   production date of <u>January 31, 2022</u> (i.e., after the deadline for completion of
13   fact discovery in this action) (see, Mot. [ECF No. 129-1, at *5:4-5]; see also,
14   Exhibit 1 to Plaintiff's Declaration in support of Motion [ECF No. 129-2, at *8,
15   14 and 20]). (CFS Decl. at ¶ 5.)

16   On <u>January 25, 2022</u> (*i.e, one day **after** the deadline for completion of fact
17   discovery in this action*), Plaintiff and defense counsel had a telephonic meet and
18   confer regarding the issue concerning the subpoenas, at which time Plaintiff
19   verbally indicated he had not yet received any documents in response to the
20   subpoenas, and defense counsel informed Plaintiff they would personally be
21   contacting the subpoena recipients (which was an option conveyed to defense
22   counsel by Magistrate Judge Goddard's chambers if Plaintiff did not agree to
23   jointly contact the subpoena recipients) to provide notice of their intent to
24   challenge the subpoenas and request no productions be made. (CFS Decl. at ¶ 6.)

25   The following day, on <u>January 26, 2022</u> (*i.e., two days **after** the deadline
26   *for completion of fact discovery in this action*), counsel for Defendants sent
27   letters to each of the three entities whom Plaintiff had sent the aforementioned
28   subpoenas, informing them that Defendants intended to object to such subpoenas

and merely requested that they not produce any responsive documents. (See, CFS Decl. at ¶ 7; see also, Exhibit 3 of Plaintiff's Declaration in support of Motion [ECF No. 129-2, at *28-31].) <u>Copies of these letters were also sent to Plaintiff the very same day.</u> (CFS Decl. at ¶ 8, Exhibit A.) However, Plaintiff has waited until this late date—long after the close of fact discovery and immediately before pretrial disclosures are due—to raise any issue with the Court concerning these letters being sent on January 26, 2022.

Subsequent thereto, Plaintiff and counsel for Defendants conducted another discovery conference with Magistrate Judge Goddard on <u>January 31, 2022</u> (see ECF No. 99). At the conference, the issue of the three subpoenas again arose, as well as whether there was any necessity for Defendants to file any motion to quash or other challenge to the subpoenas as was their prior intent. Counsel for Defendants was informed by Judge Goddard at that conference that there would be no need to do so since the date for completion of fact discovery had already passed. (CFS Decl. at ¶ 9.) Judge Goddard was informed by counsel for Defendants on <u>January 27, 2022</u>, in advance of the discovery conference with her on January 31, 2022, that the aforementioned letters were sent to the subpoena recipients on January 26, 2022, and copies of such letters were also shared with her at that time. (CFS Decl. at ¶ 10, Exhibit B.) Notes were taken by Magistrate Judge Goddard during that discovery conference on January 31, 2022, which were subsequently provided to Plaintiff and defense counsel that same day. (CFS Decl. at ¶ 11.) With respect to the issue concerning the subpoenas, Judge Goddard made the following note: "<u>Outstanding subpoenas</u>: The subpoenas were served with a production date after the discovery deadline. Most of the documents have already been produced or are at best marginally relevant." (CFS Decl. at ¶ 12, Exhibit D.) Based on the discussion concerning those subpoenas which took place during that discovery conference on January 31, 2022, it was and still is defense counsel's understanding and good faith position

that no further action is/was necessary concerning any challenge of those subpoenas; thus, no further action was or has been taken in that respect at any time thereafter. (CFS Decl. at ¶ 13.)

### B.   Joint Motion Regarding Discovery Dispute

The parties subsequently conducted a formal discovery hearing with Magistrate Judge Goddard concerning a certain request for documents made by Plaintiff in discovery concerning an investigation of the entire Calbiotech, Inc. 401(k) Profit Sharing Plan ("401(k) Plan") conducted by the U.S. Dept. of Labor over which Defendants sought a protective order. The request of documents sought by Plaintiff was, in the good faith opinion of Defendants, among other things, exceedingly overbroad, irrelevant, contained protected personal and private financial information of *all* 401(k) Plan participants (and not solely Plaintiff), and were not likely to lead to the discovery of admissible evidence. That formal discovery hearing was held March 4, 2022 (see ECF No. 107), and the Court's order thereon was subsequently issued on March 8, 2020 (see ECF No. 110). Although the Court ultimately denied Defendants' request for a protective order and ordered production of those documents to Plaintiff, the Court did in fact permit Defendants to redact the financial information of 401(k) Plan participants other than Plaintiff which were contained therein. ECF No. 110, at *17:2-4. Defendants thereafter produced the documents (over 2,000 pages) in their redacted form on April 7, 2022. (CFS Decl. at ¶ 15.)

## IV.   LEGAL STANDARD OF REVIEW

### A.   Sanctions Under 28 U.S.C. § 1927 and Court's Inherent Power

Sanctions under 28 U.S.C. § 1927 are only to be imposed in cases where proceedings are multiplied "unreasonably and vexatiously" and then only to the extent "excess costs, expenses, and attorneys' fees [were] reasonably incurred because of such conduct." 28 U.S.C. § 1927.

/././

Before they can be imposed, § 1927 sanctions "must be supported by a finding of subjective bad faith." *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435, 436 (9th Cir. 1996) (quoting *New Alaska Development Corp. v. Guetschow,* 869 F.2d 1298, 1306 (9th Cir. 1989)). A finding of subjective bad faith is "crucial," as a frivolous argument by itself is insufficient to support an award of sanctions under § 1927. *Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (declining to award attorneys' fees under § 1927 when the non-moving party's arguments were not frivolous and, even if they had been frivolous, it was not shown that they were made in bad faith). Subjective "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.*; see also, *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("We assess an attorney's bad faith under a subjective standard. Knowing or reckless conduct meets this standard.").

Moreover, in the absence of frivolousness, a mere finding of bad faith is also insufficient to impose sanctions under § 1927.  See *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002) (finding reckless allegations sanctionable under § 1927 only if frivolous). Nonfrivolous filings are sanctionable under § 1927 only if made with the intent to harass. See *In Re Keegan Mgmt. Co., Secur. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

Due to its penal nature, § 1927 is strictly construed so the "legitimate zeal" of an attorney in representing the client is not dampened. See, e.g., *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014); see also, e.g., *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984).

"The district court's authority to sanction attorneys under § 1927 and its inherent disciplinary power must be exercised with restraint and discretion." *Lahiri v. Universal Music and Video*, 606 F.3d 1216, 1223 (9th Cir. 2010). /././

### B.    Sanctions Under Local Civil Rule 83.1

This District's Local Civil Rule 83.1 provides, in pertinent part, that "[f]ailure of counsel, or of any party, to comply with *these rules*, with *the Federal Rules of Civil [ ] Procedure*, or with *any order of the Court* may be grounds for imposition by the Court of any and all sanctions authorized by statute, or rule or within the inherent power of the Court[.]" (Emphasis added.)

## V.    ARGUMENT

### A.    Sanctions Are Not Appropriate Under Either 28 U.S.C. § 1927 or the Court's Inherent Disciplinary Power

#### 1.    The Subpoenas; the Letters Sent to Subpoena Recipients *After* the Deadline for Completion of Fact Discovery

As previously noted, counsel for Defendants did not send the referenced letters to the subpoena recipients until the deadline for the completion of fact discovery in this action had already expired. The subpoenas themselves demanded a production date after the deadline for completion of fact discovery in this action, as Magistrate Judge Goddard advised Plaintiff before he served them. Therefore, there could be no "interference" with the subpoenas as asserted by Plaintiff because (a) the letters sent by defense counsel were sent after the deadline for completion of fact discovery, and (b) no responsive documents to those subpoenas had been provided to Plaintiff in advance of the fact discovery deadline (at least according to Plaintiff on January 25, 2022).

Plaintiff cites several out-of-circuit cases which he purports to be analogous to the situation at hand and where sanctions were granted. However, among the apparent distinctions between the case at hand and those cited by Plaintiff is the fact that the deadline for completion of fact discovery in those actions had *not* yet expired when defense counsel in those cases contacted the respective subpoena recipients (unlike the instant case). Moreover, another distinguishing fact is that Plaintiff here *was* in fact provided notice and copies of

{00441491.DOCX / 6}

each of the letters sent to the subpoena recipients by defense counsel (indeed, such was provided to Plaintiff *on the very same day* the letters were sent by defense counsel). In addition, and unlike the instant case, the letters in the cases cited by Plaintiff went *far* beyond a mere request to not produce documents, but rather provided *affirmative directives* that the subpoenas were indeed "null and void as a matter of law and should not be complied with," and further *affirmatively instructed* the subpoena recipients that they "may not comply with this illicit subpoena. … Please conduct yourselves accordingly." See, *Fox Indus. v. Gurovich*, 2006 U.S. Dist. LEXIS 73035, *6 (E.D.N.Y Oct. 6, 2006). Such conduct is nowhere near that of defense counsel's in the instant action.

Based on the foregoing, the Court should not impose any sanctions requested by Plaintiff for defense counsel's sending of the letters at issue; nor should the Court permit Plaintiff to re-issue any subpoenas at this late date or grant him any of the other improper relief he requests by way of his vexatious Motion filed some eight months after the conduct he takes issue with and had notice of at such time. Under the circumstances, and in the goof faith belief of defense counsel, there was nothing improper in defense counsel sending the letters at issue after the deadline for completion of fact discovery. Furthermore, it was conveyed to defense counsel at the discovery conference held January 31, 2022, that no further action insofar as challenging those subpoenas would be necessary since the deadline for completion of fact discovery in this action had already expired as of such date.

## 2. Statements and Contentions Made by Defendants Within Joint Motion Concerning Discovery Dispute

Plaintiff takes issue with several statements and contentions made by Defendants within the Joint Motion Regarding Discovery Dispute (ECF No. 104). Plaintiff contends that Defendants presented therein "facts and contentions that are frivolous and objectively false." His contention is without merit.

### a.   Statement #1 Is Accurate and Not Frivolous

Plaintiff takes issue with Defendants' statement that "[w]hile all of the documents relate in some way to the 401(k) Plan, none relate in any way specifically to Plaintiff individually and/or the claims at issue for the reasons discussed above[.]" (See Mot. at *11:18-19; see also, ECF No. 104, at *5:1-3.)

That statement is indeed accurate and not frivolous. The documents concerned a plan-wide investigation by the U.S. Dept. of Labor ("DOL") and did *not* relate in any way specifically to Plaintiff individually (unlike the DOL's separate investigation for alleged violation of ERISA § 510 concerning Plaintiff's termination from Calbiotech, Inc. [i.e., Plaintiff's Fourth Claim in his Second Amendment Complaint], which *did* relate specifically to Plaintiff individually and also resulted in no action being taken by the DOL; such documents concerning the same were produced to Plaintiff without objection).

Defendants had every right, if not an affirmative duty, to seek to protect the sensitive personal and private financial information of all other 401(k) Plan participants from any disclosure to Plaintiff who has a record of engaging in abusive and harassing conduct towards Calbiotech, Inc., and its employees.[1] Defendants were successful in their challenge to the discovery dispute insofar as the Court did indeed permit redactions of the documents sought by Plaintiff. Furthermore, Defendants conceded within that very same sentence which Plaintiff now takes issue with that Plaintiff's name is likely referenced at points within the requested documents. See *Id.*, at *4-5 ("… and due to the fact that Plaintiff was but one 401(k) Plan participant for which only a small portion of documents (if any) are implicated.")

---

[1] The exhibits which were attached to ECF No. 104 are being included within the Declaration of Corey F. Schechter filed in support of this Opposition brief, at Exhibit E thereto. (CFS Decl. at ¶ 14.) Plaintiff omitted these from his Motion filing and the Exhibit 4 to his Declaration filed in support thereof. Defendants believe it is important that the Court be provided the complete picture of the issue before it, which Plaintiff has neglected to do for obvious reasons.

1

### b.      Statement #2 Is Accurate and Not Frivolous

2      Plaintiff also takes issue with Defendants' statement that "the DOL's

3   investigation findings and closing resulted in no further benefits being owed to

4   Plaintiff under the 401(k) Plan and no further action being taken by the DOL[.]"

5   (See Mot. at *12:10-11; see also, ECF No. 104, at *6:1-3.)

6      Again, despite Plaintiff's convoluted and improper understanding of what

7   is being stated, the above statement is indeed accurate and not frivolous. It has

8   been Defendants' repeatedly noted (and legally sound) position throughout not

9   only the DOL's investigation of the 401(k) Plan but also these proceedings that

10   no mandatory safe harbor employer contributions were owed by Calbiotech, Inc.,

11   to any 401(k) Plan participant at any time prior to 2017 (after which time

12   Plaintiff was no longer contributing to the 401(k) Plan since his employment

13   ended in December 2016).[2] Regardless of what the DOL may have incorrectly

14   believed, no further benefits are/were legally owed to Plaintiff under the 401(k)

15   Plan;[3] and the DOL closed its investigation without taking any further action and

16   without any such benefits (which were not legally due) being paid to Plaintiff.

17

### c.      Statement #3 Is Accurate and Not Frivolous

18      Plaintiff next takes issue with Defendants' contention that "documents

19   requested by Plaintiff are not relevant to Plaintiff's claims regarding the 401(k)

20   /././

21   _____

22   [2] Rather than reiterate herein their position on this issue yet again, Defendants
respectfully direct the Court to their filings for their pending motion for summary
23   judgment [ECF No. 118, et seq., and ECF No. 125, et seq.] for an extensive
discussion and analysis on the accuracy of their position that no "mandatory"
24   safe harbor contributions were ever owed to Plaintiff.
[3] It is worth mentioning the following judicial finding made by this Court: "The
25   Court concludes that Defendants are entitled to partial summary judgment as to
the first claim seeking 401(k) Plan benefits. Defendants are further entitled to
26   partial summary judgment as to the second and third claims to the extent that
those claims seek relief in the form of payment of 401(k) Plan benefits." (ECF
27   No. 114, at *19:8-12.) Thus, under no set of circumstances will Plaintiff be
entitled to any additional benefits under the 401(k) Plan, least of all based on an
28   erroneous belief by the DOL that any such benefits were ever due Plaintiff at any
time.

{00441491.DOCX / 6}

10

1   Plan asserted in the Second Amended Complaint." (See Mot. at *13:11-12; see

2   also, ECF No. 104, at *3:12-13.)

3          The same arguments applicable to the preceding section apply here. Again,

4   Plaintiff is misconstruing and mischaracterizing the contention made by

5   Defendants.[4] To reiterate, it is Defendants' good faith and legally sound position

6   that no mandatory safe harbor employer contributions were owed by Calbiotech,

7   Inc., to any 401(k) Plan participant at any time prior to 2017 (after which time

8   Plaintiff was no longer contributing to the 401(k) Plan since his employment

9   ended in December 2016).

10         Based on the foregoing, the three statements and contention made by

11   Defendants and now complained of for the very first time by Plaintiff were in no

12   way frivolous, were absolutely made in good faith, and therefore cannot serve as

13   the basis for any sanctions.

14                    **3.      Plaintiff Has Not Incurred Any Costs, Expenses, or**

15                              **Attorneys' Fees.**

16         Plaintiff is a pro se litigant who has represented himself throughout not

17   only this action, but the prior related action before this Court styled *Raya v.*

18   *Calbiotech*. Furthermore, this Court previously granted Plaintiff's motion for

19   leave to proceed in forma pauperis. (See ECF No. 3.) Therefore, he has not

20   incurred any excess costs, expenses, or attorneys' fees in this action or with

21   respect to the conduct that he improperly takes issue with in his Motion.[5]

22   _____

23   [4] It is also worth noting that the DOL's letters themselves constitute inadmissible
     hearsay when used for the purpose in which Plaintiff is attempting to offer them

24   as evidence, further supporting Defendants' good faith belief and stated position
     that such documents are indeed irrelevant and not likely to lead to the discovery

25   of admissible evidence. Defendants respectfully encourage that the Court read as
     a whole the Joint Motion Regarding Discovery Dispute (ECF No. 110) as it will

26   paint the clearest picture of Defendants' good faith positions stated therein, rather
     than the out-of-context and flawed positions attributed to them by Plaintiff.

27   [5] Even were the Court to permit Plaintiff to re-issue the subpoenas as he requests,
     which Defendants contend would be inappropriate under the circumstances and

28   particularly at this late stage, he certainly would not need the assistance of legal
     counsel to do so (as he implies in his Motion) because he has already

**B.    Sanctions Are Not Appropriate Under Local Civil Rule 83.1**

The Court may impose sanctions under Local Civil Rule 83.1 for "[f]ailure of counsel, or of any party, to comply with *these rules*, with *the Federal Rules of Civil [ ] Procedure*, or with *any order of the Court*[.]" Plaintiff has not identified with particularity any Local Civil Rule of this District, any Federal Rule of Civil Procedure (or particular portion of any such rules), or any order of this Court which Defendants or their counsel have failed to comply with. Nor could he do so. Based on the foregoing, this Court should equally not impose any sanctions under Civil Local Rule 83.1.

**VI.    CONCLUSION**

Plaintiff's Motion should be denied.

Respectfully submitted,

DATED: September 27, 2022          BUTTERFIELD SCHECHTER LLP

By: /s/ Corey F. Schechter
MARC S. SCHECHTER
COREY F. SCHECHTER
PAUL D. WOODARD
Attorneys for
Defendants/Counterclaimants

demonstrated a proficiency in this action for writing and serving subpoenas.

**PROOF OF SERVICE**

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of San Diego, California, and my business address is 10021 Willow Creek Road, Suite 200, San Diego, California 92131-1603.

On **September 27, 2022**, I caused to be served the following documents:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS [ECF NO. 129]**

**DECLARATION OF COREY F. SCHECHTER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS [ECF NO. 129]**

☒ **BY FIRST-CLASS MAIL:** I caused such envelopes to be deposited in the United States mail, at San Diego, California, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(C).)

☒ **BY ELECTRONIC MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile #) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY ELECTRONIC FILING SERVICE:** Complying with Fed. R.Civ. P. 5(b)(2)(E), my electronic business address is kcustodio@bsllp.com and I caused such document(s) to be electronically served for the above-entitled case to those parties on the Service List below. The file transmission was reported complete and a copy will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via on the parties listed on the service list below at their designated business address.

☐ By personally delivering the copies;

☐ By leaving the copies at the attorney's office;

☐ With a receptionist, or with a person having charge thereof; or

Proof of Service

Case No. 3:19-cv-02295-WQH-AHG

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00441491.DOCX / 6}

☐   In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

☐   By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Executed on September 27, 2022, at San Diego, California.

_____
KRISTINE CUSTODIO SUERO

Proof of Service

Case No. 3:19-cv-02295-WQH-AHG

{00441491.DOCX / 6}

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

## SERVICE LIST

8417.06

*Robert Raya v. David Barka, et al.*

Robert Raya                    *Plaintiff in Pro Se*
5757 College Ave., Unit U
San Diego, CA 92120
Phone: (619)864-8501
            (619) 439-3456 (alt.)
Email: robertraya@gmail.com

{00441491.DOCX / 6}

Proof of Service                                    Case No. 3:19-cv-02295-WQH-AHG