Marc S. Schechter, Bar No. 116190
Corey F. Schechter, Bar No. 279964
Paul D. Woodard, Bar No. 282470
BUTTERFIELD SCHECHTER LLP
10021 Willow Creek Road, Suite 200
San Diego, California 92131-1603
(858)444-2300/FAX (858)444-2345
mschechter@bsllp.com
cfs@bsllp.com
pwoodard@bsllp.com

Attorneys for Defendants/Counterclaimants
David Barka, Noori Barka, Evelyn Barka,
Calbiotech, Inc. Calbiotech, Inc. 401(k) Profit
Sharing Plan, and Calbiotech, Inc. Pension
Plan

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br><br>    Plaintiff/Counterdefendant,<br><br>    v.<br><br>DAVID BARKA; NOORI BARKA; EVELYN BARKA; CALBIOTECH, INC.; CALBIOTECH, INC. 401(K) PROFIT SHARING PLAN; CALBIOTECH, INC. PENSION PLAN,<br><br>    Defendants/Counterclaimants. | Case No.:  3:19-cv-02295-WQH-AHG<br><br>Assigned For All Purposes To:<br>Judge:  Hon. William Q. Hayes<br>Magistrate: Hon. Allison H. Goddard<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF INTERLOCUTORY ORDER (ECF NO. 114) [ECF NO. 135, ET SEQ.]**<br><br>*[Declaration of Corey F. Schechter filed concurrently herewith]*<br><br>Hearing Date: November 7, 2022<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT**<br><br>Complaint Filed:       December 2, 2019<br>FAC Filed:               December 9, 2020<br>Counterclaim Filed:  June 17, 2021<br>SAC Filed:               September 13, 2021<br>Final Pretrial Conf.:  January 27, 2023<br>Trial Date:               None set |

{00442515.DOCX / 6}

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY ...................2

III.  LEGAL STANDARD OF REVIEW ...........................................................3

     A.    Motion for Reconsideration Under Rule 54(b). ...............................3

     B.    Motion for Summary Judgment Under Rule 56. ..............................3

IV.   ARGUMENT ..............................................................................................4

     A.    Reconsideration By the Court Is Neither Warranted Nor Appropriate; the Court Should Not Alter or Amend Its Prior Order. .................................................................................................4

          1.    Plaintiff's Instant Motion Is Untimely......................................4

          2.    The Court's Grant of Partial Summary Judgment as to the First Three Claims of the SAC to the Extent They Relate to the Pension Plan Is Not Rooted in Any Error or Mistake, Nor Does It Result in Any Manifest Injustice...............................................................................4

          3.    The 2008 Amendment Is Legally Enforceable and Valid; Plaintiff Repeatedly Fails to Introduce New Evidence Which Contravenes This Court's Order. ................6

          4.    The Court's Grant of Partial Summary Judgment as to the First Three Claims of the SAC to the Extent They Seek Payment of Benefits Under the 401(k) Plan Is Not Rooted in Any Error or Mistake, Nor Does It Result in Any Manifest Injustice. ........................................8

          5.    Plaintiff Is Misusing This Court's Available Remedies........10

          6.    Plaintiff's False Allegations of "Due Diligence." ................11

V.    CONCLUSION .........................................................................................12

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00442515.DOCX / 6}

i

# TABLE OF AUTHORITIES

<u>**CASES**</u>

*American States Insurance Company v. Insurance Company of Pennsylvania*,
  245 F.Supp.3d 1224 (E.D. Cal. 2017).............................................................4

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
  571 U.S. 99 (2013) ........................................................................................9

*Kona Enters., Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) .......................................................................10

*Raya v. Calbiotech*,
  18-cv-2643-WQH-AHG, 2019 WL 11504688, at *3) ...................................6

*Vasapolli v. Rostoff*,
  39 F.3d 27 (1st Cir. 1994) ..............................................................................9

*Weeks v. Bayer*,
  246 F.3d 1231 (9th Cir. 2001) .....................................................................10

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00442515.DOCX / 6}

Defendant's Opposition to Plaintiff's Motion for Reconsideration of
Interlocutory Order (ECF No. 114) [ECF No. 135, et seq.]      Case No. 3:19-cv-02295-WQH-AHG

# I.    INTRODUCTION

It is unfortunate that Defendants yet again find themselves in the position of being obligated to oppose a frivolous and unwarranted motion, highly critical of this Court's previous findings and conclusions, submitted by Plaintiff for no less than the third time (see, ECF No. 135).

Apart from Plaintiff's emotional and desperate plea to this Court for now the third time to revive his unmeritorious claims previously and properly adjudicated by this Court, Plaintiff's bad faith intentions become ever the more clear as he continues to employ such litigation tactics as a means to cause unnecessary delay of these proceedings and to waste Defendants' finite financial resources and time as well as this Court's precious judicial resources. The filing of the instant motion now constitutes Plaintiff's *fourth* bite at the apple. Enough is enough.

Plaintiff has filed two prior motions for reconsideration (see ECF Nos. 116 and 120). The first motion concerned this Court's well-reasoned order of March 28, 2022 (ECF No. 114), partially granting Defendants' motion for summary judgment (ECF No. 83, et seq.). The Court denied Plaintiff's first motion for reconsideration on June 30, 2022 (ECF No. 123). The second motion concerned the same order of March 28, 2022 (ECF No. 114), asking the court to reconsider and reinstate Plaintiff's claims for Pension Plan benefits to which this Court properly determined Plaintiff was not entitled. The Court again denied Plaintiff's second motion for reconsideration on August 8, 2022 (ECF No. 127).

Somewhat unbelievably, Plaintiff has now filed a third motion for reconsideration (ECF No. 135). Plaintiff's conduct in bringing his instant motion amounts to nothing more than a continuation of his bad faith litigation tactics noted above. Defendants sincerely and respectfully request the Court not only deny Plaintiff's instant motion but, lest the parties be back before this Court yet again for Plaintiff's future fourth motion for reconsideration of the Court's order

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

at ECF No. 114, also take whatever action it deems appropriate against Plaintiff to prevent further misconduct of the sort on his part and this unnecessary relitigating and rehashing of matters which this Court has previously and appropriately resolved. Suffice it to say, pro se litigant or not, Plaintiff's conduct has certainly now crossed into the absurd and should no longer be overlooked nor condoned by this Court, and Defendants respectfully submit they are entirely justified in their frustration with Plaintiff's conduct and behavior to date.

## II.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

In its order of March 28, 2022 (ECF No. 114), the Court granted in part Defendants' motion for summary judgment (ECF No. 83, et seq.). On April 26, 2022, Plaintiff filed his first motion for reconsideration (ECF No. 116) challenging the Court's findings and conclusions in its order of March 28, 2022. Defendants opposed that motion for reconsideration on May 13, 2022 (ECF No. 117, et seq.). Plaintiff did not file any reply brief regarding that motion for reconsideration. The Court denied that original motion for reconsideration on June 30, 2022 (ECF No. 123).

On June 15, 2022, Plaintiff filed his second motion for reconsideration of the Court's same order of March 28, 2022 (ECF No. 120). The essence of the untimely motion was, yet again, that "the 2008 Amendment [to the Pension Plan] is invalid and unenforceable and the Amendment could not have been used to deny [his] eligibility or participation in the Pension Plan between 2008 and 2016." (See, ECF No. 120, at *12:22-24.) The Court again denied Plaintiff's second motion for reconsideration on August 8, 2022 (ECF No. 127).

On September 30, 2022, Plaintiff filed his third motion for reconsideration of the Court's same order of March 28, 2022 (ECF No. 135). The instant—and again untimely—motion criticizes this Court's well-reasoned order, asking the Court to reconsider its partial grant of summary judgment as to the first three claims in Plaintiff's operative Second Amended Complaint ("SAC") on the

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

2

alleged basis that the Court's decision issued some seven months ago amounts to clear error, mistake, and manifest injustice.

Plaintiff's instant motion is no more than an emotional and desperate plea to the Court to reconsider what he erroneously asserts to be two issues of material fact in genuine dispute: (1) the 2008 Amendment is backdated because it did not exist in the Pension Plan documents provided to him on September 19, 2018; and (2) the 2008 Amendment could not have been written or executed/adopted in 2008 because Sabreen Najeeb, an employee of Calbiotech allegedly "unknown" to Defendants in 2008, was named in the 2008 Amendment. The motion additionally requests the Court to clarify that its order only granted judgment as to Plaintiff's claims for Safe Harbor Matching Contributions under the 2016 401(k) Plan and not to any other claims for benefits under the 401(k) Plan. Candidly, the instant motion can appropriately be described as Plaintiff throwing everything, and anything, at the wall (again) to see what might stick.

## III. LEGAL STANDARD OF REVIEW

### A. Motion for Reconsideration Under Rule 54(b).

Defendants respectfully direct the Court back to Section III.A of their prior Opposition to Plaintiff's second motion for reconsideration, previously denied by this Court, for a lengthy discussion of the applicable standard of review on a motion for reconsideration. (See, ECF No. 124, at *3-6:25-3.) Defendants also respectfully direct the Court back to its own statement of this standard of review within its prior order denying Plaintiff's second motion for reconsideration. (See, ECF No. 127, at *5:1-25.)

### B. Motion for Summary Judgment Under Rule 56.

Defendants respectfully direct the Court back to Section III.B of their prior Opposition to Plaintiff's first motion for reconsideration, previously denied by this Court, for a discussion of the applicable standard of review on a motion for

{00442515.DOCX / 6}

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

summary judgment. (See, ECF No. 117, at *10-12:25-12.)

## IV.    ARGUMENT

### A.    Reconsideration By the Court Is Neither Warranted Nor Appropriate; the Court Should Not Alter or Amend Its Prior Order.

#### 1.    Plaintiff's Instant Motion Is Untimely.

As previously mentioned, the Court issued the order (ECF No. 114) upon which Plaintiff seeks reconsideration for yet a third time by way of his instant motion on <u>March 28, 2022</u>. Plaintiff did not file the instant motion until <u>September 30, 2022</u>— which is 187 days after the Court's issuance of the order and a full 158 days beyond the rules-based deadline (under both the Federal Rules and the Local Rules of this District) to file his instant motion.

Based on the foregoing, Plaintiff's instant motion was filed beyond the 28 days afforded under the applicable rules. Therefore, as Defendants have previously stated in prior oppositions, despite the fact Plaintiff's arguments presented in his instant motion entirely lack merit for the reasons provided below, the Court *must* deny his instant motion on that basis alone and need not even consider each of the flawed arguments he has untimely presented.

#### 2.    The Court's Grant of Partial Summary Judgment as to the First Three Claims of the SAC to the Extent They Relate to the Pension Plan Is Not Rooted in Any Error or Mistake, Nor Does It Result in Any Manifest Injustice.

The court in *American States Insurance Company v. Insurance Company of Pennsylvania*, 245 F.Supp.3d 1224, at 1225 (E.D. Cal. 2017), stated that "where reconsideration of a non-final order is sought ... the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Here, the two alleged material facts raised by Plaintiff in his

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00442515.DOCX / 6}

4

Defendant's Opposition to Plaintiff's Motion for Reconsideration of
Interlocutory Order (ECF No. 114) [ECF No. 135, et seq.]                    Case No. 3:19-cv-02295-WQH-AHG

1    instant motion constitute none of the major grounds justifying reconsideration.

2    Both material facts which Plaintiff raises are facts which this Court has

3    extensively considered when issuing its March 28, 2022, order and even again

4    upon Plaintiff's prior motions for reconsideration, and thus amount to no more

5    than a rehashing of arguments previously raised by Plaintiff.[1]  Additionally,

---

[1] The two flawed arguments which Plaintiff attempts to now relitigate after the Court previously considered and rejected them (and why it should continue to reject them) are as follows:

(1) "Material Fact #1: The 2008 Amendment does not exist in the original complete Pension Plan Documents that the Plan Administrator sent to Mr. Raya on September 19, 2018. (ECF 87, pg. 2, 19:20)." (See ECF No. 135 at 10:10-12).

   This same argument was again raised by Plaintiff in his first motion for reconsideration of ECF No. 114 and subsequently outright rejected by the Court in its order on said motion. There, this Court previously determined correctly: "In connection with Defendants' production of Pension Plan documents in 2018, Defendants repeatedly represented that only 'certain documents' were being produced ([ECF No. 117] at 43, 45-46). Plaintiff acknowledged in his deposition that he was never told he would receive a 'complete' set of plan documents in 2018. (ECF No. 117-4 at 11). The 2008 Amendment was produced to Plaintiff January 2, 2019. (See ECF No. 116 ¶23). In the absence of evidence that Defendants had an obligation to produce the 2008 Amendment or represented they were producing 'all' Pension Plan documents in 2018, Defendants' non-production of the 2008 Amendment in 2018 does not support the assertion that the 2008 Amendment is backdated." (ECF No. 123 at 8:6-14).

(2) "Material Fact #2: Calbiotech claims the [2008 Amendment] was written and executed in 2008, but it contains the name of an employee [Sabreen Najeeb] who was unknown to the Company before she was hired for the first time in 2011. (ECF No. 87, pg. 2, 25:28)." (See ECF No. 135 at 12:1-4).

   This same argument was also raised by Plaintiff in his opposition to Defendants' motion for summary judgment, and subsequently outright rejected by this Court in its order on said motion. There, this Court previously determined correctly that "the 2008 Amendment does not purport to confer participant status on any individual or otherwise supersede the eligibility requirements in the Adoption Agreement." (ECF No. 114 at 12:3-5). Moreover, as Defendants previously stated in their reply brief to their motion for summary judgment (ECF No. 90), the timing of Ms. Najeeb's hire is entirely immaterial and in no way proves Ms. Najeeb was "unknown" to the Company prior to 2011 nor that the 2008 Amendment is "backdated." Even if Ms. Najeeb was hired by the Company subsequent to its adoption of the 2008 Amendment, the Pension Plan does not eliminate or preclude the possibility of naming prospective future employees who *may* be hired by the Company at some point in the future and who *may* become eligible to

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

Plaintiff makes no showing of any intervening changes of controlling law requiring a modification of this Court's prior decisions. Moreover, Plaintiff's "failure to raise his arguments in a timely manner precludes a finding of manifest injustice," particularly because he has failed to demonstrate the existence of an error that is "direct, obvious, and observable." (See ECF No. 127 at 6:14-21 (citing *Raya v. Calbiotech*, 18-cv-2643-WQH-AHG, 2019 WL 11504688, at *3)).

### 3. The 2008 Amendment Is Legally Enforceable and Valid; Plaintiff Repeatedly Fails to Introduce New Evidence Which Contravenes This Court's Order.

Plaintiff's argument that Defendants failed to meet their initial burden at the summary judgment stage lacks merit and is again an attempt by Plaintiff to circumvent this Court's well-reasoned order partially granting Defendants' motion for summary judgment (ECF No. 114). Plaintiff continues to employ the same arguments which this Court has previously acknowledged, disagreed with, and outright rejected on numerous occasions in issuing its multitude of prior orders (see, e.g., ECF Nos. 114, 123, 127). Despite being aware of this Court's clear position on such matters, as evidenced by this Court's previous orders, Plaintiff's repeated filings of these motions citing the same facts, arguments, and evidence amount to an inability to interpret at best, and at worst attempted coercion of the Court to alter or amend its prior order where not warranted, and is thus a clear waste of this Court's finite time and resources, as well as those of Defendants and their counsel.

This Court's March 28, 2022, order (ECF No. 114) and its order denying

---

participate in the Pension Plan upon satisfaction of its eligibility requirements. Notwithstanding any of the foregoing, to the extent such objection is not deemed moot by the Court, Defendants again object to Plaintiff's attempted introduction of Ms. Najeeb's pension plan participant statement, found at Exhibit 2 of his instant motion, on the grounds that it is not authenticated, lacks foundation, and is inadmissible hearsay.

6

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00442515.DOCX / 6}

Plaintiff's second motion for reconsideration (ECF No. 116) both note that the 2008 Amendment to the Pension Plan is legally enforceable and valid. As Defendants have previously stated in their opposition, Plaintiff is wholly aware of and explicitly cites Article 9, Section 9.1 of the Basic Plan Document which allows a Sponsoring employer to amend any part of the Pension Plan or Adoption Agreement at any time (ECF No. 116). Defendants executed the 2008 Amendment in compliance with the Adoption Agreement and the amendment procedures permitted therein, as noted by this Court in its March 28, 2022, order (ECF No. 114 at 11-12). Thus, Defendants have already presented all relevant material facts in their motion for partial summary judgment, showing an absence of evidence to support Plaintiff's position and case. Plaintiff's continued ignorance of all such facts and this Court's prior decisions based on those facts, without presenting any new evidence warranting this Court's reconsideration, is in and of itself sufficient for a denial of this instant motion. Defendants truly believe it is a waste of this Court's time to re-read the same counterarguments which Defendants have reiterated on numerous prior occasions (and which this Court has agreed with time and time again) to rebut Plaintiff's erroneous contentions to the contrary. Thus, Defendants will refrain from doing so. Again, the purpose of timely motion for reconsideration is *not* to raise any new arguments for the first time, rehash arguments, or give a party a second (or in this instance a *fourth*) bite at the apple.

/ . / . /

/ . / . /

/ . / . /

/ . / . /

/ . / . /

/ . / . /

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00442515.DOCX / 6}

**4.     The Court's Grant of Partial Summary Judgment as to the First Three Claims of the SAC to the Extent They Seek Payment of Benefits Under the 401(k) Plan Is Not Rooted in Any Error or Mistake, Nor Does It Result in Any Manifest Injustice.**

In his instant motion, Plaintiff contends that this Court has erred by applying the internal claim deadlines to 401(k) benefit claims in this action which were allegedly not a part of his prior internal administrative claim and appeal for benefits. Plaintiff's contention is incorrect for several reasons identified below.

Plaintiff's prior internal administrative claim and appeal addressed and sought all 401(k) Plan benefits he seeks by way of this lawsuit, and Defendants' determination on Plaintiff's internal administrative claim and appeal addressed all 401(k) benefits that Plaintiff is seeking by way of this lawsuit. Defendants certainly believed that to be so when responding to Plaintiff's internal administrative claim and subsequent appeal and have defended this action in accordance with that belief.[2] The 2016 401(k) Plan contributions which Plaintiff

---

[2] Indeed, in Defendants' underlying motion (ECF No. 83, et seq.), they clearly and unequivocally argued and noted that "Plaintiff, as required by the terms of the 401(k) Plan, exhausted his internal administrative remedies *__seeking the same benefits under the 401(k) Plan which he now seeks__* pursuant to (i) his first cause of action under 29 U.S.C. § 1132(a)(1)(B), and (ii) his Second and Third claims in his SAC for breach of fiduciary duty wherein he also seeks those same benefits purportedly due him." (ECF No. 83-1 at 16:14-18 (emphases added)). In Plaintiff's opposition to the aforementioned motion (ECF No. 87; see, particularly, ECF No. 87 at 3-4) he makes no mention or argument whatsoever that Defendants' belief was somehow incorrect and that his internal administrative claim and appeal purportedly did not seek all benefits under the 401(k) Plan which he seeks pursuant to his SAC in this action. The failure on Plaintiff's part to previously and timely raise this erroneous argument precludes any finding of manifest injustice. However, and perhaps more importantly, as this Court previously noted, "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.' *Kona Enters.*, 229 F.3d at 890." Moreover, **"[a] party who sits in silence, withholds potentially relevant information, [and] allows his opponent to configure the summary judgment record … does so at his peril."** *Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st Cir.

{00442515.DOCX / 6}

Defendant's Opposition to Plaintiff's Motion for Reconsideration of
Interlocutory Order (ECF No. 114) [ECF No. 135, et seq.]                Case No. 3:19-cv-02295-WQH-AHG

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

1  references in his instant motion (ECF No. 135 at 12), along with any

2  contributions under the 2008 and 2011 401(k) Plan, were addressed together in

3  Defendants' denial letter and are not distinct. The Plan Administrator's final

4  determination denying Plaintiff's administrative claim and appeal seeking

5  additional benefits under the 401(k) Plan applied to any and all 401(k) Plan

6  benefits purportedly due Plaintiff, irrespective of the year or version of the

7  401(k) Plan under which they were sought.

8      Thus, this Court's determination of Plaintiff's failure to timely file this

9  action seeking additional benefits under the 401(k) Plan (which he has no

10  entitlement to in any event) in its order of March 28, 2022 (ECF No. 114), does

11  not require alteration or modification. [3]

12      In the alternative, even were it true that Plaintiff's internal administrative

13  claim and appeal only sought the Safe Harbor Matching Contributions under the

14  2016 Calbiotech 401(k) Plan, then Plaintiff has failed to exhaust his internal

15  administrative remedies for any additional benefits under the 401(k) Plan prior to

16  filing this lawsuit as was required of him by law. The Supreme Court in

17  *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 99 (2013), noted that

18  the "court of appeals require participants in an employee benefit plan covered by

19  ERISA to exhaust the plan's administrative remedies before filing suit to recover

20  benefits." Here, even if Plaintiff's assertion that his administrative claim and

21  appeal sought only Safe Harbor Matching Contributions were somehow found to

22  be true (which it clearly is not and would be against the weight of evidence; and

23  which Defendants would refute as such was certainly not their understanding or

24  belief at any point in time during the internal claim or appeal or in this litigation

26  1994) (emphasis added).
27  [3] Notwithstanding the foregoing, Defendants' pending motion for partial summary judgment (ECF No. 118, et seq.) makes clear that Plaintiff is not entitled to any of the additional 401(k) Plan benefits he seeks because the making of any such contributions was entirely within the discretion of the board of directors of Calbiotech, Inc.

9

{00442515.DOCX / 6}

as evidenced by their defense of this action and the claims raised), then Plaintiff never filed an internal administrative claim with regard to any other purported missing contributions allegedly due him under the 401(k) Plan. Thus, Plaintiff's claims concerning any other missing 401(k) benefits which Plaintiff asserts were not a part of this internal administrative claim and appeal are premature, are not appropriately before the Court at this time, and should in such event be dismissed by the Court.

### 5.   Plaintiff Is Misusing This Court's Available Remedies.

As this Court highlights in its denial of Plaintiff's second motion for reconsideration, "[r]econsideration under Rule 59 is 'an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources.' *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)" (ECF No. 127 at 5). Here, Plaintiff continues to misuse the availability of this remedy as evidenced by his filing of ***three*** motions for reconsideration. All of the arguments which Plaintiff raises in each motion concern the same facts and evidence previously addressed by this Court. Thus, Plaintiff's misguided attempts (intentional or not) to coerce this Court to alter its reasoned judgment on previously determined matters is inappropriate and departs from the sparing use of this extraordinary remedy. As previously stated, in neither of his prior motions nor his instant motion has Plaintiff presented any new evidence, an intervening change in controlling law, nor a clear error on this Court's part. "A motion for reconsideration is not a vehicle for relitigating issues that have been previously adjudicated. *See Weeks v. Bayer,* 246 F.3d 1231, 1236 (9th Cir. 2001)." (ECF No. 127 at 5). All material which Plaintiff references has long been in Plaintiff's possession and does not amount to "new" evidence warranting a modification of this Court's prior order. Furthermore, all arguments raised (erroneous as they are) have long since been available to Plaintiff for timely presentment to this /././

Defendant's Opposition to Plaintiff's Motion for Reconsideration of   Case No. 3:19-cv-02295-WQH-AHG
Interlocutory Order (ECF No. 114) [ECF No. 135, et seq.]

Court, and indeed he has previously presented them to the Court. Thus, Plaintiff's instant motion should be denied.

### 6. Plaintiff's False Allegations of "Due Diligence."

Although likely of no particular relevance for purposes of this Court's order on Plaintiff's instant motion, Plaintiff's allegations within his motion of "due diligence" on his part and purported "facts" which allegedly prevented him timely presenting the arguments in his instant motion to the Court are demonstrably fallacious, unpersuasive, and do not serve as any basis for this Court to alter its prior findings. Defendants will address below some of the more egregious of those assertions by Plaintiff (and which the Court would likely be unaware of but for Defendants providing a response) simply as a means of demonstrating Plaintiff's continuing lack of candor with this Court.

For example, Plaintiff asserts that the motion hearing on February 17, 2022, did not afford *him* enough time to properly argue or defend his positions regarding Defendants' motion for partial summary judgment because each side was allotted only 20 minutes to argue and defend all pending motions. (See ECF No. 135 at 16:1-7). Plaintiff is being disingenuous with the Court when making such assertion. To wit, the Court's record will reflect that the Court first allowed Plaintiff to speak at the hearing, and Plaintiff had nothing to say and submitted on the papers. Defense counsel then argued Defendants' positions. The Court then allowed Plaintiff time to respond, and Plaintiff consumed likely no more than five, and certainly no more than ten, minutes of time in so doing.

Next, Plaintiff argues that Defendants failed to address *his* two "material facts" *within their own motion*, but waited to do so until filing their reply brief. (See *Id.* at 16:8-13). Procedurally, this argument makes no sense. Moreover, this Court afforded Plaintiff every opportunity at the motion hearing to address any argument made by Defendants in any of their briefs on the then-pending motions. /././

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00442515.DOCX / 6}

Additionally, Plaintiff asserts that after Defendants filed their motion for partial summary judgment on November 3, 2021, they then served Plaintiff with an "unusually high" number of discovery requests between November 12, 2021, and November 29, 2021. (See *Id.* at 16:14-18). However, the docket will reflect that Plaintiff filed his opposition to said motion *on November 12, 2021* (see ECF No. 87); thus, the discovery requests served on him between November 12, 2021, and November 29, 2021, in no way interfered with Plaintiff's preparation of his opposition to said motion.

Lastly, Plaintiff asserts that "in the days and weeks ahead of the February 17, 2022 hearing," certain "commitments contributed to reducing the amount of time and resources available to [Plaintiff] to diligently prepare for the hearing," which allegedly included preparing *between February 12, 2022, and February 21, 2022*, for his deposition (see ECF No. 135 at 16:22-26) which occurred on February 22, 2022. However, Plaintiff testified under oath at his deposition that the only documents he reviewed in preparation for his deposition occurring on *February 22, 2022*, were discovery requests propounded on him by Calbiotech, Inc., and David Barka, which he only reviewed in preparation *that morning*. (See Declaration of Corey F. Schechter filed concurrently herewith, at ¶ 4, <u>Exhibit A</u>). Thus, Plaintiff either perjured himself at his deposition or is being entirely disingenuous with this Court by making such assertion in his instant motion.

## V.    CONCLUSION

Plaintiff's instant third motion for reconsideration of this Court's March 28, 2022, order is not only untimely but also entirely meritless. Therefore, Defendants respectfully request (for the third time) that Plaintiff's motion for

/././

/././

/././

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00442515.DOCX / 6}

1    reconsideration be denied, and that this Court take any action it deems

2    appropriate to prevent Plaintiff's further unnecessary and unwarranted waste of

3    resources and misuse of the judicial process.

4          Respectfully submitted,

5    DATED: October 24, 2022          BUTTERFIELD SCHECHTER LLP

6

7                                     By:  /s/ Corey F. Schechter
8                                         COREY F. SCHECHTER
                                          MARC S. SCHECHTER
9                                         PAUL D. WOODARD
                                          Attorneys for
10                                        Defendants/Counterclaimants
                                          David Barka, Noori Barka, Evelyn
11                                        Barka, Calbiotech, Inc., Calbiotech, Inc.
                                          401(k) Profit Sharing Plan, and
12                                        Calbiotech, Inc. Pension Plan

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00442515.DOCX / 6}

Defendant's Opposition to Plaintiff's Motion for Reconsideration of          Case No. 3:19-cv-02295-WQH-AHG
Interlocutory Order (ECF No. 114) [ECF No. 135, et seq.]

# PROOF OF SERVICE

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of San Diego, California, and my business address is 10021 Willow Creek Road, Suite 200, San Diego, California 92131-1603.

On **October 24, 2022**, I caused to be served the following documents:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF INTERLOCUTORY ORDER (ECF NO. 114) [ECF NO. 135, ET SEQ.]**

**DECLARATION OF COREY F. SCHECHTER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF INTERLOCUTORY ORDER [ECF NO. 114, ET SEQ.]**

☒ **BY FIRST-CLASS MAIL:** I caused such envelopes to be deposited in the United States mail, at San Diego, California, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(C).)

☒ **BY ELECTRONIC MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile #) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY ELECTRONIC FILING SERVICE:** Complying with Fed. R.Civ. P. 5(b)(2)(E), my electronic business address is cschechter@bsllp.com and I caused such document(s) to be electronically served for the above-entitled case to those parties on the Service List below. The file transmission was reported complete and a copy will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via on the parties listed on the service list below at their designated business address.

☐ By personally delivering the copies;

☐ By leaving the copies at the attorney's office;

☐ With a receptionist, or with a person having charge thereof; or

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00442515.DOCX / 6}

1

1     ☐   In a conspicuous place in the office between the hours of
2             _____ in the morning and five in the afternoon;

3     ☐   By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

## SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Executed on October 24, 2022, at San Diego, California.

KRISTINE CUSTODIO SUERO

{00442515.DOCX / 6}

Proof of Service                    Case No. 3:19-cv-02295-WQH-AHG

BUTTERFIELD SCHECHTER LLP
ATTORNEYS & COUNSELORS

## <u>SERVICE LIST</u>

8417.06

*Robert Raya v. David Barka, et al.*

Robert Raya                              *Plaintiff in Pro Se*
5757 College Ave., Unit U
San Diego, CA 92120
Phone: (619)864-8501
          (619) 439-3456 (alt.)
Email: robertraya@gmail.com

BUTTERFIELD
SCHECHTER LLP
ATTORNEYS & COUNSELORS

{00442515.DOCX / 6}

3