Name:      Robert Raya
Address:   5757 College Ave, Unit U
Address:   San Diego, CA 92120
Phone:     (619) 864-8501
Email:     robertraya@gmail.com
Plaintiff/Counterdefendant:  In Pro Se

FILED
OCT 31 2022
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            CL            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raya, Robert,<br>　　　Plaintiff/Counterdefendant,<br>v.<br>David Barka, Noori Barka, Evelyn Barka, Calbiotech, Inc., Calbiotech, Inc. 401(k) Profit Sharing Plan, Calbiotech, Inc. Pension Plan<br>　　　Defendants/Counterclaimants | Case No.: 3:19-cv-02295-WQH-AHG<br><br>**Plaintiff's Reply In Support Of Plaintiff's Motion For Reconsideration Of Interlocutory Order**<br><br>**Judge: Hon. William Q. Hayes**<br>**Magistrate: Hon. Allison H. Goddard**<br><br>**Hearing Date: November 7, 2022**<br><br>**No Oral Argument Unless Requested by The Court** |

# I. Introduction

Plaintiff, Robert Raya, submits this Reply in support of Plaintiff's Motion For Reconsideration (ECF No. 135) Of Interlocutory Order (ECF No. 114) an in response to Defendants' Opposition (ECF No. 138) thereto.

1

## II. Argument

### A. Plaintiff's Instant Motion Is Not Untimely

The instant motion seeks reconsideration of an interlocutory order based on clear error and injustice, and is brought under FRCP Rule 54(b). The Federal Rules of Civil Procedure, Rule 54(b) does not provide a 28-day time constraint, but instead states reconsideration may take place any time prior to final judgment.

"[T]he Ninth Circuit has recognized that '[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.' City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001). The Court "has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005).

### B. Two Material Facts Were Not Considered By The Court When Issuing Summary Judgment on March 28, 2022, Constituting Clear Error

Defendants assert that no clear error exists and make the following unsupported claim:

> "Both material facts which Plaintiff raises are facts which this Court has extensively considered when issuing its March 28, 2022, order…" (ECF No. 138 at 5, 2:3)

However, Defendants offer no evidence to support their claim and Defendants fail to point to any place in the record where the Court considered Plaintiff's material facts at any time prior to issuing summary judgment on March 28, 2022. In fact, a review of the record reveals that Defendants' claim is clearly and objectively false.

### ~~Material Fact #1:~~

*The 2008 Amendment does not exist in the original complete Pension Plan Documents ... sent ... on September 19, 2018.* (ECF No. 87 at 2, 19:21)

Defendants argue that, three months after issuing summary judgment on March 28, 2022, the Court considered and rejected Material Fact #1 when the Court denied Plaintiff's first Motion for Reconsideration in their June 30, 2022 Order. (ECF No. 138 at 5, 11:12)

However, as shown below, the Court's June 30, 2022 findings relied on mistaken testimony from Defendants' attorney Corey Schechter and the findings relied on review standards that would have been inappropriate for Summary Judgment.

In their June 30, 2022 Order, the Court stated:
> "In connection with Defendants' production of Pension Plan documents in 2018, Defendants repeatedly represented that only "certain documents" were being produced. Plaintiff acknowledged in his deposition that he was never told that he would receive a "complete" set of plan documents in 2018. ... In the absence of evidence that Defendants had an obligation to produce the 2008 Amendment or represented that they were producing "all" Pension Plan documents in 2018, Defendants' non-production of the 2008 Amendment in 2018 does not support the assertion that the 2008 Amendment is backdated." (ECF No. 123 at 8, 6:14)

**Defendants' attorney Corey Schechter Omitted Material Testimony To Attribute A Position To Mr. Raya That He Did Not Take**

The Court's findings rely on the following misleading declaration from Corey Schechter:

> "Plaintiff testified at his deposition that he was never told the Pension Plan documents provided to him prior to 2019 were a 'complete' set of the operative Pension Plan documents." (ECF No. 117, CFS Decl. at 4, ¶10)

Attached to Mr. Schechter's declaration, was an incomplete copy of Raya's deposition transcript, which showed the following exchange (ECF No. 117, CFS Decl., Exh C at 32:33):

> ~~Q. Mr. C Schechter:~~ When you were provided those plan documents in 2018 that didn't have the amendment within them, were you told that was a complete set of plan documents?
>
> **A. Mr. Raya:** It wasn't described as "complete", but...
>
> **Mr. C Schechter:** Okay. Thank you.

Mr. Schechter's testimony implies the discussion ends there. However, this discussion continued further in the deposition, with the following exchange:

> **Mr. Raya:** But in my opinion, it was inferred that the plan documents provided were all that ... were complete.
>
> **Mr. C Schechter:** But it was never actually conveyed to you that it was a complete record?
>
> **Mr. Raya:** I feel like it was. But the word "complete" was not used.
>
> **Mr. C Schechter:** Okay. Good. Thanks.
>
> (see R.Raya Decl. ¶2, **Exhibit 1**)

Mr. Schechter omitted material testimony, and then attributed a position to Mr. Raya that Mr. Raya did not take. The Court relied on Mr. Schechter's misleading declaration when considering Material Fact #1 in their June 30, 2022 Order.

**Findings In The June 30, 2022 Order Require Inferences In Defendants' Favor**

Defendants have never *explicitly* claimed that the Pension Plan Adoption Agreement produced on September 19, 2018 was incomplete, and Defendants have never explicitly claimed that the word "certain" was meant to apply to that Pension Plan Adoption Agreement or that the word "certain" was meant to convey that the 2008 Amendment was missing from those documents. (see ECF No. 90 at 2, 1:2), (ECF No. 117 at 13, 26:27)

~~In their filings with the Court, Defendants have repeatedly represented that only~~ "certain documents" were being produced within the September 19, 222 letter, and based on that vague fact, the Court is left to draw its own inferences. (ECF No. 90 at 2, 1:2)

Any inference made in favor of Defendants would have been inappropriate when considering Defendants' Motion For Summary Judgment.

Also, Defendants, notably, have not denied Plaintiff's assertion that a plain reading of the September 19, 2018 letter reveals that the word "certain" is applied to Mr. Raya's prior overall document request, and was not meant to apply to any of the documents attached to The Letter. (ECF No. 135 at 9, 15:21)

**Defendants Had An Obligation To Produce The 2008 Amendment In The Letter**

The Ninth Circuit has determined that ERISA imposes "an obligation to convey complete and accurate information material to the beneficiary's circumstance, even when a beneficiary has not specifically asked for the information." *Washington v. Bert Bell/Pete Rozelle NFL Ret. Plan*, 504 F.3d 824-25 (9th Cir. 2007)

**Material Fact #2:**
*Calbiotech claims the [2008 Amendment] was written and executed in 2008, but it contains the name of an employee who was... hired for the first time in 2011.* (ECF No. 87 at 2, 25:27)

Defendants assert that the Court considered and rejected Material Fact #2 in the Court's Summary Judgment Order (ECF No. 114) when the Court determined:

> "the 2008 Amendment does not purport to confer participant status on any individual or otherwise supersede the eligibility requirements in the Adoption Agreement."(ECF No. 114 at 12:3-5)  (ECF No. 138 at 5, 22:24)

However the above statement does not show that the Court considered Material Fact #2 as it relates to the authenticity of the 2008 Amendment.

### C. Defendants Failed To Meet Their Initial Burden By Identifying Specific Evidence Or Material Facts Which Show The 2008 Amendment Is "Legally Enforceable"

Defendants argue:
> "Defendants have already presented all relative material facts in their motion for partial summary judgment, showing an absence of evidence to support Plaintiff's position... Defendants truly believe it is a waste of this Court's time to re-read the same counterarguments... to rebut Plaintiff's erroneous contentions to the contrary. Thus, Defendants will refrain from doing so." (ECF No. 138 at 7, 4:18)

Defendants defiantly refuse to identify facts and evidence or portions of the record which demonstrate the absence of a genuine issue of material fact showing the 2008 Amendment is "enforceable".

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

Plaintiff has already presented a cogent and compelling argument proving that, an otherwise authentic and legally adopted 2008 Amendment, is made unenforceable by Section 2.1 of the Basic Plan Document. (see ECF No. 120 at 7:9)

### D. Plaintiff's 401(k) Benefit Claims That Were Not The Subject Of A Final Denial By The Plan Administrator Were Not Bound To A 180-Day Time Limit To Commence Legal Action And Cannot Be Dismissed On Those Grounds

Defendants argue that Plaintiff's internal claim and appeal, and the Plan Administrator's final determination letter, addressed all 401(k) Plan benefits, which are sought in this action, and therefore, there is no need to modify the Court's March 28, 2022 Order. (ECF No. 138 at 8, 11:17) However, Defendants' claim is not supported by the facts in the record.

Defendants alternatively argue that any benefit claims that were not part of Plaintiff's internal claim, should be dismissed because administrative remedies have not been exhausted for these claims. This solution is complicated because it would require Plaintiff to start a new internal claim for benefits and Defendants' outstanding motion asks the Court to bar any direct communication between Plaintiff and the Plan Administrator, making it nearly impossible for Plaintiff to initiate a new claim.

### III. Defendants' Accusations Of Misconduct

### A. Defendants' Accusation That Mr. Raya Is "Misusing Available Remedies" To "Coerce" The Court Is Unsupported And Untrue

Plaintiff acknowledges that his first two Motions for Reconsideration (ECF No. 116 and 120) presented evidence or arguments that Plaintiff should have presented to the Court in his November 12, 2021 Summary Judgment Response brief (ECF No. 87). As a pro se litigant, Plaintiff was unclear on what constituted new evidence, newly discovered evidence, or newly presented evidence, and was unclear on which was appropriate to include in his prior motions.

Plaintiff's mistake is not evidence of bad faith because even experienced attorneys make these mistakes, as evidenced by Defendants' unsuccessful Motion For Reconsideration (3:18-cv-2643, ECF No. 31) filed in the related action to this case. In the related action's denial Order, the Court found:

> "Defendant fails to identify any newly discovered facts, changes in controlling law, or manifest injustice; instead, Defendant attempts to re-argue or clarify points made in its original motion..." (*Raya v. Calbiotech*, 3:18-cv-2643, ECF No. 33 at 9)

Plaintiff's diligent attempts to improve and correct his filings are in no way evidence of **coercion**. To even make this accusation, Defendants greatly overestimate Plaintiff's power and ability, and vastly underestimate the will of the Court.

## B. Defendants Accusations Of False Statements and Perjury Are Untrue, Unsupported, And Improper

Defendants state that the facts presented by Mr. Raya in support of his due diligence are "demonstrably fallacious". (ECF No. 138 at 11, 3:8) To support their accusation, Defendants list four of the "more egregious" of Mr. Raya's allegedly false facts. Defendants' four examples are addressed here:

1. Plaintiff's fact:
   > The hearing on February 17, 2022 did not afford Plaintiff enough time to properly argue or defend his positions… because… the parties were each provided only 20 minutes to argue and defend six separate Summary Judgment motions and cross motions plus Defendants' motion to Dismiss the SAC. (ECF No. 135 at 14, ¶a)

   Defendants argue that this fact is false because, at the hearing, Plaintiff declined to speak first, submitted on the papers, and allowed Defendants to speak first, and because Plaintiff spent no more than 10 minutes responding to Defendants' arguments. (*Id.* at 11, 17:22)

   The fact that Plaintiff chose to allow Defendants to speak first and then respond to their arguments, and that Plaintiff spent 10 minutes responding to Defendants' arguments does not show that Raya was unable to properly argue and defend his positions regarding Defendants' Motion For Summary Judgment when there were six other separate dispositive motions to be heard that day.

2. Plaintiff's fact:
   > Defendants' Motion For Partial Summary Judgment (ECF No. 83) failed to address material facts in the SAC, which created a genuine issue as the authenticity of the 2008 Amendment, and thus, Defendants ensured they could address these facts for the first time in their Reply Brief, and ensured Plaintiff would have no chance to properly respond to any argument they made.

   Defendants assert that "this argument makes no sense" and that Plaintiff could have orally addressed Defendants' Reply brief arguments at the February 17, 2022 hearing. (ECF No. 138 at 11, 23:27).

Defendants' argument ignores the fact that Plaintiff was unable to create a written response to their brief, and the fact that 6 other dispositive motions were already scheduled to be heard at the hearing, and Defendants fail to show how Plaintiff's fact is egregiously false.

3. Plaintiff's fact:
   Between November 12 and November 29, 2021, Defendants propounded **52 Interrogatories, 27 Requests For Production, and 24 Requests For Admissions** on to Mr. Raya.

Defendants do not deny this fact, but they mistakenly imply that Plaintiff has claimed that the unusually high number of discovery requests interfered with the preparation of his Response brief. However, the record shows that Mr. Raya never made that claim. (*Id.* at 12, 1:8)

4. Plaintiff's fact:
   Between February 12 - February 21, 2022, Plaintiff spent time preparing for his 8-hour deposition (held on February 22, 2022)

Defendants argue that this fact must be false because Plaintiff previously testified that the only documents he reviewed in preparation for his deposition were Discovery Requests, which he only reviewed on the morning of the deposition. (*Id.* at 12, 9:21)

Between February 12-21, 2022, Plaintiff prepared for his deposition by performing on-line research. Plaintiff began his research on February 12, 2022 by 'Googling' the word "deposition" in order to get the definition. Research continued through February 21, 2022 and mostly included watching videos (YouTube) of other depositions and learning general information about what happens or doesn't happen during a deposition.

Plaintiff testified honestly and accurately during his deposition when Mr. Schechter asked which documents Plaintiff reviewed in preparation for the deposition. At the deposition, Plaintiff reasonably assumed Defendant's attorney was referring to Pension Plan Documents or 401(k) Plan documents or other case-related documents.

The four examples presented by Defendants show that Defendants either misunderstood or mischaracterized Plaintiff's arguments and Defendants fail to show that any facts presented were false.

## IV. Conclusion

For the forgoing reasons, Plaintiff respectfully requests the Court grant his Motion For Reconsideration Of Interlocutory Order (ECF No. 114) and grant the relief requested in the motion.

October 31, 2022

Robert Raya
Plaintiff/Counterdefendant
In Pro Se

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raya, Robert | Case No. 3:19-cv-02295 |
| vs. | **DECLARATION OF SERVICE** |
| Barka, David; et. al. | Person Served: Corey Schechter |
| | Date Served: 10/31/22 |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents: Plaintiff's Reply Brief in Support of Motion For Reconsideration of Interlocutory Order in the following manner: (check one)

1)      By personally delivering copies to the person served.

2)      By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3)      By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)     **×**     By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego on October 31, 2022 .    10021 Willow Creek Rd, Ste 200
San Diego, CA 92131

Executed on    October 31   , 2022    at San Diego

*/s/ Anita [signature]*