# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br><br>                                Plaintiff,<br><br>v.<br><br>DAVID BARKA; NOORI BARKA; EVELYN BARKA; CALBIOTECH, INC.; CALBIOTECH, INC. 401(k) PROFIT SHARING PLAN; CALBIOTECH, INC. PENSION PLAN,<br><br>                              Defendants. | Case No.: 19-cv-2295-WQH-AHG<br><br>**ORDER** |
| DAVID BARKA; NOORI BARKA; EVELYN BARKA; CALBIOTECH, INC.; CALBIOTECH, INC. 401(k) PROFIT SHARING PLAN; CALBIOTECH, INC. PENSION PLAN,<br><br>                              Counter Claimants,<br><br>v.<br><br>ROBERT RAYA,<br><br>                              Counter Defendant. | |

**HAYES, Judge:**

The matters before the Court are the Motion for Declaratory and Injunctive Relief filed by Defendants David Barka, Noori Barka, Evelyn Barka, Calbiotech, Inc. ("Calbiotech"), Calbiotech, Inc. 401(k) Profit Sharing Plan (the "401(k) Plan"), and Calbiotech, Inc. Pension Plan (the "Pension Plan"), (ECF No. 130), and the third Motion for Reconsideration filed by Plaintiff Robert Raya (ECF No. 135).

## I.  BACKGROUND

On December 2, 2019, Plaintiff Robert Raya, proceeding pro se, filed a Complaint against Defendants. (ECF No. 1.) On December 9, 2020, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 39.) On June 17, 2021, Defendants filed an Answer to the FAC and a counterclaim for breach of contract. (ECF No. 46.) On September 8, 2021, Plaintiff filed the operative Second Amended Complaint ("SAC"). (ECF No. 64.) The SAC alleges that Defendants engaged in illegal conduct relating to the administration of the Pension Plan and 401(k) Plan and unlawfully terminated Plaintiff in retaliation for his requests for plan documents. The SAC brings four claims against Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA").

On March 28, 2022, the Court issued an Order (the "Summary Judgment Order") granting Defendants summary adjudication on "(1) the first claim in the SAC; (2) the second and third claims in the SAC to the extent those claims assert ERISA violations relating to the Pension Plan; and ([3]) the second and third claims in the SAC to the extent those claims seek payment of benefits under the 401(k) Plan to Plaintiff." (ECF No. 114 at 36.) The Order further dismissed the fourth claim in the SAC for ERISA interference brought against Defendant Noori Barka.

On April 25, 2022, and June 15, 2022, Plaintiff filed successive Motions for Reconsideration of the Summary Judgment Order. (ECF Nos. 116, 120.) On June 30, 2022, the Court issued an Order denying the first Motion for Reconsideration. (ECF No. 123.) On August 8, 2022, the Court issued an Order denying the second Motion for Reconsideration (ECF No. 127.)

On September 8, 2022, Defendants filed the Motion for Declaratory and Injunctive Relief. (ECF No. 130.) The motion requests that the Court issue a declaratory judgment "that Plaintiff has no legal right to submit any additional claims under the Pension Plan" and permanently enjoin Plaintiff "from submitting any further claims under the Pension Plan" or "engaging in any further direct communications with Defendants/Counterclaimants." *Id.* at 5, 7.

On September 30, 2022, Plaintiff filed the third Motion for Reconsideration. (ECF No. 135.) The motion requests that the Court grant reconsideration of the Summary Judgment Order.

On October 3, 2022, Plaintiff filed a Response in opposition to the Motion for Declaratory and Injunctive Relief. (ECF No. 136.) On October 11, 2022, Defendants filed a Reply. (ECF No. 137.)

On October 24, 2022, Defendants filed a Response in opposition to the third Motion for Reconsideration. (ECF No. 138.) On October 31, 2022, Plaintiff filed a Reply. (ECF No. 140; *see also* Raya Decl. in Support of Reply, ECF No. 139.)

## II.    MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF

In their Motion for Declaratory and Injunctive Relief, Defendants contend that Plaintiff has repeatedly engaged in direct communication with Defendants regarding Plaintiff's attempt to file a new "frivolous" claim for benefits under the Pension Plan. (ECF No. 137 at 2.) Defendants contend that Plaintiff does not have the right to submit new claims for benefits under the Pension Plan because the Court previously determined that Plaintiff lacked standing to bring his legal claims related to the Pension Plan. Defendants further contend that Plaintiffs' communication with Defendants violates the California Rules of Professional Conduct, which prohibit communication about the subject of the representation with represented parties. Defendants request that the Court issue a declaratory judgment "that Plaintiff has no legal right to submit any additional claims under the Pension Plan" and permanently enjoin Plaintiff "from submitting any further claims

under the Pension Plan" or "engaging in any further direct communications with Defendants/Counterclaimants." (ECF No. 130-1 at 5, 7.)

In support of their Motion for Declaratory and Injunctive Relief, Defendants present a series of emails between Plaintiff, Defendants, and defense counsel. The evidence reflects that on August 18, 2022, Plaintiff sent an email to Defendants David and Noori Barka containing an attached letter requesting enrollment in the Pension Plan. (*See* ECF No. 130-9.) The attached letter raises arguments in support of Plaintiff's request that have been previously addressed in this litigation. On August 26, 2022, defense counsel responded to Plaintiff's emails, requesting that any communication be sent to defense counsel and not directly to Defendants. (*See* ECF No. 130-4.) On August 30, 2022, Plaintiff responded to defense counsel, stating that ERISA requires "that all benefits requests be sent to the Plan Administrator" and that Plaintiff intended to continue communicating directly with Defendants "until a judge orders otherwise." (ECF No. 130-6 at 2.) On September 1, 2022, Plaintiff sent a further email to David and Noori Barka. (ECF No. 130-7.)

Plaintiff contends that granting Defendants' requested relief "is not appropriate at this stage" because there has been no final judgment in this case. (ECF No. 136 at 5-6.) Plaintiff contends that the Court's previous adjudication of Plaintiff's claims relating to the Pension Plan does not prohibit him from "bring[ing] new legitimate claims to the Plan Administrator." *Id.* at 5. Plaintiff contends that ERISA requires the direct communication at issue. Plaintiff contends that he was not aware of the California Rule of Professional Conduct cited by Defendants.

Declaratory and permanent injunctive relief are remedies that are only available to a party that has prevailed on a claim that the party affirmatively asserted in its pleadings. *See* 28 U.S.C. § 2201 (authorizing declaratory relief "upon the filing of an appropriate pleading"); *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d. 935, 943 (9th Cir. 2009) ("[A] party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." (emphasis in original) (quotation omitted)); *cf. Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810

F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for [preliminary] injunctive relief and the conduct asserted in the underlying complaint.") However, in this case, Defendants have not prevailed on their sole claim for breach of contract and the requested relief in the pending motion does not relate to that claim. While the Court has granted summary adjudication in favor of Defendants on Plaintiff's Pension Plan claims, the rejection of Plaintiff's claims does not entitle Defendants to the affirmative remedies they request. Defendants' request for declaratory and injunctive relief is denied.

While Defendants are not entitled to declaratory or injunctive relief, the Court has the power to ensure compliance with applicable rules. *See, e.g.,* CivLR 83.1. Defendants contend that Plaintiff's conduct violates Rule 4.2 of the California Rules of Professional Conduct. Rule 4.2 states: "In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer." Cal. R. Prof'l Conduct 4.2(a). The evidence presented by Defendants demonstrates that Defendants are represented parties, that defense counsel has not given Plaintiff consent to communicate directly with Defendants, and that Plaintiff's communications concern the subject of this litigation.

However, Rule 4.2 does not explicitly apply to Plaintiff, who is a nonlawyer. Comment 3 to Rule 4.2 further states:

> This rule, however, does not prevent represented persons from communicating directly with one another with respect to the subject of the representation …. The rule also does not prohibit a lawyer who is a party to a legal matter from communicating on his or her own behalf with a represented person in that matter.

Comment 3 to Cal. R. Prof'l Conduct 4.2(a). Several courts have concluded that California's prohibition on communication with a represented party does not apply to a nonlawyer party proceeding pro se. *See Ewing v. Flora*, No. 14cv2925 AJB (NLS), 2015 WL 5177772, at *3 (S.D. Cal. Aug. 26, 2015) (determining that Rule 2-100, the

predecessor to Rule 4.2, did not apply to the party at issue, who was "not a licensed attorney and represent[ed] himself pro se"); *Zaffina v. Superior Court*, No. B220112, 2010 WL 654996, at *2 (Cal. Ct. App. Feb. 25, 2010) (unpublished) (same); *ING Bank, FSB v. Fazah*, No. CIV S-09-1174 WBS EFB PS, 2009 WL 3824751, at *4 (E.D. Cal. Nov. 16, 2009) (same). The Court concludes that these decisions strike the appropriate balance between preserving a party's prerogative to resolve its own disputes and protecting the opposing party's attorney-client relationship from undue interference. The Court finds that Plaintiff has not violated Rule 4.2.

### III. THIRD MOTION FOR RECONSIDERATION

Plaintiff requests reconsideration of the Court's determination in the Summary Judgment Order that Defendants were entitled to partial summary adjudication on Plaintiff's first three claims. Plaintiff contends that the Court failed to consider the following material facts in its Summary Judgment Order: (1) that the "2008 Amendment does not exist in the original complete Pension Plan Documents that the Plan Administrator sent to [Plaintiff] on September 19, 2018"; and (2) that the 2008 Amendment "contains the name of an employee … who was unknown to [Calbiotech] at the time the 2008 Amendment was purportedly executed. (ECF No. 135 at 10, 12.) Plaintiff contends that Defendants failed to demonstrate that the 2008 Amendment was legally enforceable or dispute that the 2008 Amendment did not exist in prior productions of Pension Plan documents. Plaintiff contends that the Court "erred by applying internal claim deadlines to … claims in this action that were not part of [Plaintiff's] 2018 internal claim for benefits." *Id.* at 14. Plaintiff contends that his motion is not untimely, he has exercised reasonable diligence, Defendants will not suffer any prejudice if reconsideration is granted, and reconsideration is necessary to avoid injustice and preserve judicial economy.

Defendants contend that Plaintiff's motion is untimely. Defendants contend that the Court has "extensively considered" the facts raised by Plaintiff. (ECF No. 138 at 8.) Defendants contend that "Plaintiff continues to employ the same arguments which this Court has previously acknowledged, disagreed with, and outright rejected on numerous

occasions in issuing its multitude of prior orders." *Id.* at 9. Defendants contend that "Plaintiff's internal administrative claim and appeal addressed all 401(k) benefits that Plaintiff is seeking by way of this lawsuit" and that even if that were not the case, Plaintiff would be required to exhaust his administrative remedies as to claims for any additional benefits. *Id.* at 11. Defendants further dispute Plaintiff's contention that he engaged in due diligence.[1]

Rule 54(b) of the Federal Rules of Civil Procedure "explicitly grant courts the authority to modify their interlocutory orders." *Balla v. Idaho State Bd. Of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). To determine the merits of a request to reconsider an interlocutory order, district courts in this circuit apply the standard for Rule 59(e) reconsideration motions. *See, e.g., Cooney v. California*, No. 13-cv-01373-BAS (KSC), 2015 WL 3952184, at *1 (S.D. Cal. June 29, 2015); *Cincinnati Ins. Co. v. Harry Johnson Plumbing & Excavating Co., Inc.*, No. 16cv5090-LRS, 2017 WL 5639944, at *1 (E.D. Wash. Oct. 23, 1997).

Reconsideration under Rule 59 is "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation omitted). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may *not* be used to

---

[1] Defendants request that the Court "take whatever action it deems appropriate against Plaintiff to prevent further misconduct … and this unnecessary relitigating and rehashing of matters which this Court has previously and appropriately resolved." (ECF No. 138 at 5.) As the Court previously stated, any request for sanctions "must be made separately from any other motion and must describe the specific conduct" that is allegedly sanctionable. Fed. R. Civ. P. 11(c)(2). The Court declines to impose sanctions sua sponte and will consider the potential imposition of sanctions on any party when such a request is properly made and briefed.

raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original). A motion for reconsideration is likewise not a vehicle for relitigating issues that have been previously adjudicated. *See Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (stating that granting a party a "second bite at the apple" is "not the purpose of Rule 59").

In issuing the Summary Judgment Order, the Court thoroughly considered the evidence and arguments presented by Plaintiff at that time. The Court again considered Plaintiff's objections on the merits in issuing the Order denying the first Motion for Reconsideration, despite finding that Plaintiff had failed to demonstrate the existence of any newly discovered evidence. Plaintiff had a third opportunity to present additional arguments and evidence in his second Motion for Reconsideration. To the extent that Plaintiff now seeks to relitigate issues previously addressed by the Court, such as the authenticity of the 2008 Amendment, the Court finds that Plaintiff's arguments and evidence fail to demonstrate the existence of any clear error or manifest injustice. To the extent that Plaintiff raises additional arguments for the first time, such as his assertion that certain claims were not part of the internal administrative claim, Plaintiff has advanced no compelling reason why he was unable to raise these arguments previously.[2] Plaintiff's third Motion for Reconsideration is denied.

///
///
///
///
///
///

---

[2] Further, Plaintiff's arguments are facially unsound on the merits. For instance, even if Plaintiff was correct that certain claims were not part of his internal administrative claim, Plaintiff does not address why he would be able to bring such unexhausted claims in this action.

**IV. CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion for Declaratory and Injunctive Relief (ECF No. 130) is denied.

IT IS FURTHER ORDERED that Plaintiff's third Motion for Reconsideration (ECF No. 135) is denied.

Dated: November 30, 2022

*[signature]*
Hon. William Q. Hayes
United States District Court