UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br><br>            Plaintiff,<br><br>v.<br><br>DAVID BARKA, et al.,<br><br>            Defendants. | Case No.: 3:19-cv-2295-WQH-AHG<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR SANCTIONS, and**<br><br>**(2) DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF HIS MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 129]** |

Before the Court is Plaintiff's Motion for Sanctions. ECF No. 129. Plaintiff seeks an order from the Court sanctioning Defendants and their counsel for interfering with third-party subpoenas and for making false statements in a discovery motion, which Defendants oppose. *Id.*; ECF No. 133. In addition to monetary sanctions for attorney fees, Plaintiff also requests that the Court reconsider his motion for appointment of counsel (ECF No. 29), which the Court had denied without prejudice (ECF No. 32). ECF No. 129-1 at 11, 15. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I. PLAINTIFF'S REQUEST FOR SANCTIONS

Plaintiff's request for sanctions is based on Defendants' conduct with regard to Plaintiff's third party subpoenas and Defendants' conduct with regard to statements made in the joint discovery motion. The Court will address each in turn.

### A. Legal Standard

The Court has statutory authority to require anyone "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 is "a penal statute designed to discourage unnecessary delay in litigation[.]" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 759 (1980). The imposition of sanctions under § 1927 requires a finding that the person against whom the sanctions are imposed acted "recklessly or in bad faith[.]" *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983) (citation omitted); *see also Gomez v. Vernon*, 255 F.3d 1118, 1134–35 (9th Cir. 2001). Before a party can recover excess costs under § 1927, the court must find that the attorney created "needless proceedings" or "prolonged litigation," and that "the conduct was vexatious as well as unreasonable." *Horvath v. JP Morgan Chase & Co.*, No. 3:21-cv-01665-BTM-AGS, 2022 WL 9569264, at *2 (S.D. Cal. Oct. 13, 2022).

Further, this district's Civil Local Rules provide that "[f]ailure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation, … imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." CivLR 83.1(a).

Under the Court's inherent power, the court also may levy sanctions, including attorney fees, when a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (quoting *Roadway Express*, 447 U.S. at 776). The Court's inherent power "is 'both broader and narrower than other means of imposing sanctions.' [] On the one hand, the inherent power 'extends to a

full range of litigation abuses.' On the other, the litigant must have 'engaged in bad faith or willful disobedience of a court's order'" to levy sanctions including attorney fees. *Fink*, 239 F.3d at 992 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–47 (1991)). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." *Primus Auto. Fin. Serv. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (internal quotations and citation omitted). An explicit finding of bad faith "is especially critical when the court uses its inherent powers to engage in fee-shifting." *Id.* (noting that a "court's inherent power to impose attorney[] fees as a sanction [is limited] to cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders").

A party "demonstrates bad faith by 'delaying or disrupting the litigation or hampering enforcement of a court order.'" *Id*. (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)). Bad faith is present whenever an attorney "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986).

"[C]ourts have substantial discretion to decide whether to award sanctions under § 1927 or their inherent power, and in what amount." *Horvath*, 2022 WL 9569264, at *2; *see Haynes v. City & County of San Francisco*, 688 F.3d 984, 987–88 (9th Cir. 2012). The purpose of a sanctions award "may be to deter attorney misconduct, or to compensate the victims of an attorney's malfeasance, or to both compensate and deter." *Haynes*, 688 F.3d at 987–88. The award is intended only to cover excess costs incurred due to unreasonable conduct; it is not meant to reimburse a party for ordinary trial costs. *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347-48 (9th Cir. 1985); *see Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1297 (9th Cir. 2010) ("Sanctions must bear a financial nexus to the excess proceedings and may not exceed the costs, expenses, and attorneys' fees reasonably incurred because of the sanctionable conduct.") (internal quotation and brackets omitted).

**B.     Defendants' Letters to Recipients of Third-Party Subpoenas**

*1.     Background*

On January 10, 2022, Plaintiff notified Defendants that he was planning to serve subpoenas duces tecum on three non-parties—Pelion Actuarial Services ("Pelion"), John Hancock Life Insurance ("John Hancock"), and Principal Life Insurance ("Principal")—by the end of the week. ECF No. 129-2 at 27. On January 13, 2022, the Court held a discovery conference regarding other discovery disputes, and the Court was informed about Plaintiff's intent to serve the subpoenas and Defendants' intent to object to them. ECF No. 94; ECF No. 129-1 at 5. During the conference, the Court explained that responsive documents received pursuant to the subpoenas after the January 24, 2022, fact discovery cutoff may not be admissible. ECF No. 129-1 at 5; ECF No. 133 at 3. On January 14, 2022, Plaintiff served the subpoenas, requesting that the three non-parties mail the requested documents to Plaintiff by January 31, 2022, after the fact discovery cutoff had expired. ECF No. 129-1 at 5; ECF No. 129-2 at 8–25. The Court had already scheduled a discovery conference for January 31, 2022, regarding unrelated discovery disputes. ECF No. 95. When Defendants' counsel called chambers on January 25, 2022, to inform the Court that he sought to file a motion to quash Plaintiff's third-party subpoenas, chambers staff relayed to counsel the Court's intention to address the subpoena dispute at the January 31, 2022, conference along with the other disputes. ECF No. 129-1 at 6; ECF No. 129-2 at 3; *see* AHG.Chmb.R. at 3 ("No discovery motion may be filed until the Court has conducted its pre-motion conference").

On January 25, 2022, Defendants' counsel asked Plaintiff whether he would agree to jointly ask Pelion, John Hancock, and Principal not to respond to the subpoenas until after the dispute had been resolved, which Plaintiff declined. ECF No. 129-1 at 6. On January 26, 2022, Defendants' counsel sent letters to Pelion, John Hancock, and Principal, stating:

> Please be advised that my clients will be making an objection to this subpoena.
> The date and time for production as referenced on the subpoena is

> January 31, 2022. We respectfully request based on our challenging the subpoena that you not produce any documents to the requesting party prior to the challenge hereto being resolved by the Court or the subpoena being withdrawn by the plaintiff.

ECF No. 129-2 at 29–31; ECF No. 133-2 at 3, 10, 17. After receipt of the letter, Principal still produced responsive documents pursuant to the subpoena, but Pelion and John Hancock did not. ECF No. 129-1 at 7, 9. On January 27, 2022, the parties jointly emailed the Court their chart of discovery disputes and their positions regarding the subpoena dispute. Email to Chambers (Jan. 27, 2022, at 1:57 PM); ECF No. 133-3 at 2. On January 31, 2022, the Court held a discovery conference regarding multiple discovery disputes, including the subpoena dispute. ECF No. 99. After the conference, the Court sent Plaintiff and Defendants' counsel a copy of its notes from the conference, which memorialized agreements made and the Court's tentative rulings and guidance. Email from Chambers (Jan. 31, 2022, at 4:06 PM); ECF No. 133-5 at 2. In the chart, the Court notated:

> <u>Outstanding Subpoenas</u>:
> The subpoenas were served with a production date after the discovery deadline. Most of the documents requested have already been produced or are at best marginally relevant.

ECF No. 133-5 at 3 (formatting and emphasis in original). No further action was taken by Defendants regarding the subpoenas since the deadline for completion of fact discovery had passed, and Plaintiff never moved to extend the January 24, 2022, fact discovery cutoff.

### 2. *Parties' Positions*

Plaintiff contends that Defendants and their counsel should be sanctioned because they "unlawful[ly] interfere[d] with three legally valid subpoenas." ECF No. 129-1 at 2. Plaintiff asserts that Defendants and their counsel engaged in abusive, bad faith litigation tactics when they contacted the subpoena recipients in an effort to prevent them from complying with the subpoenas. *Id.*; *see also id*. at 9 (alleging that counsel's letters "induced potential witnesses … to withhold material documents or other evidence from these

5

3:19-cv-2295-WQH-AHG

proceedings").

Defendants argue that their conduct is not sanctionable because the letters were sent to the subpoena recipients after the deadline to complete fact discovery had passed. ECF No. 133 at 7. Defendants highlight that they did not interfere with the subpoenas, since no responsive documents had been provided to Plaintiff before the fact discovery deadline. *Id*. Defendants also argue that Plaintiff's instant motion is unreasonable and vexatious because Plaintiff filed the instant motion seven months after Defendants' conduct occurred and three weeks before Rule 26(a)(3) pretrial disclosures were due. *Id*. at 2.

Plaintiff cites to *Fox Indus., Inc v. Gurovich*, No. CV-03-5166-TCP-WDW, 2006 WL 2882580 (E.D.N.Y. Oct. 6, 2006) and *Price v. Trans Union, LLC*, 847 F. Supp. 2d 788, 793 (E.D. Pa. 2012) for the proposition that interference by an adverse party with third-party subpoenas is sanctionable. ECF No. 129-1 at 9. Plaintiff notes that in both cases, the objecting parties requested that the third parties not comply with the subpoenas, the objecting party stated it would move to quash the subpoenas but did not ultimately do so, and the court "was required" to grant the movant leave to re-subpoena the non-responding third parties and sanction the objecting party. *Id*. at 10. Defendants contend that the cases are not analogous to the instant matter because, in those cases, the fact discovery deadline had not yet expired when the objecting party contacted the subpoena recipients, the plaintiff was not provided notice on the same day the letters were sent, and the letters provided affirmative directives and affirmative instructions to the subpoena recipients. ECF No. 133 at 8.

Plaintiff requests monetary sanctions "in the amount of attorney[] fees and costs to be incurred by Mr. Raya upon hiring an attorney for the limited scope [] of writing, serving, and enforcement new replacement subpoenas." ECF No. 129-1 at 11. Defendants argue that, since Plaintiff is proceeding *pro se*, he has not incurred any recoverable costs, expenses, or attorney fees. ECF No. 133 at 12. Defendants also oppose Plaintiff's request that the Court grant leave for Plaintiff to resubmit the subpoenas, reiterating that fact discovery closed over seven months ago and the parties are approaching the Rule 26(a)(3)

pretrial disclosures deadline. *Id*. at 2.

### 3. Discussion

The Court does not agree with Plaintiff's characterization of Defendants' actions with regard to the third-party subpoenas as bad faith or abusive litigation practices. First, the subpoenas were served with a production date after the discovery cutoff. The Court advised Plaintiff of this and he did not make any effort to seek an extension of the discovery cutoff. Second, though Defendants conveyed an intent to oppose the subpoenas as soon as—and also before—they were served, Defendants' counsel did not send letters to the subpoena recipients until two days after the deadline for completion of fact discovery had passed, and twelve days after the subpoenas had been served, to give the respondents time to comply with the subpoena within the parameters of the case's discovery schedule.

Third, the out-of-circuit cases Plaintiff cites are not analogous to the instant matter at hand and are thus unpersuasive to the Court. In *Gurovich*, the letter to the subpoena recipients "did not [] merely ask the recipients not to respond; it also announced, in bold print, that due to alleged service flaws, 'the subpoena is null and void as a matter of law and should not be complied with. … and you may not comply with this illicit subpoena[.]'" 2006 WL 2882580, at *2 (emphasis omitted). There, the court sanctioned the attorney because he directed the non-parties not to respond instead of framing it as his opinion, explaining that "[i]t is the court's duty to rule on the validity of subpoenas and to direct the recipients to comply or not comply, not the attorney's, and Mr. Schwarz has, simply put, usurped the authority of the court." *Id*. at *8. Here, unlike in *Gurovich*, Defendants' counsel requested that Pelion, John Hancock, and Principal not comply with Plaintiff's subpoena, but did not order them not to or otherwise usurp the authority of the court.

Similarly, in *Price*, the letter sent to the subpoena recipients expressly advised them not to comply with the subpoena. 847 F. Supp. 2d at 791 n.2 ("we … expect your cooperation in refraining from providing documents and information"). There, the letter read more like a motion, explaining each of defendant's objections to the subpoena, arguing that the subpoena was overbroad, intrusive, not relevant, an invasion of privacy, and not

served for a legitimate purpose. *Id*. The Court explained that the correct place to make such legal arguments was in a motion to quash, which was never filed, and not in a letter to the subpoena recipients directing them what to do. *Id*. at 796. The Court found that the attorney "took it upon himself to limit or attempt to 'quash' the subpoenas by sending his Advice Letters. In doing so he arrogated to himself a power assigned to the Court[.]" *Id*. at 794. Here, unlike in *Price*, Defendants' counsel did not make any legal arguments in his letters, and did not order Pelion, John Hancock, and Principal not to comply with Plaintiff's subpoena.

Thus, the Court finds that Defendants did not act in bad faith to interfere with Plaintiff's third party subpoenas. *See, e.g.*, *Lofton v. Verizon Wireless, LLC*, 308 F.R.D. 276, 290 (N.D. Cal. 2015) (declining to sanction party for interfering with third party subpoenas where "the vendor was '*informed*' of Verizon's objections to the discovery sought. [] But this cannot be read to be evidence that Verizon *instructed* this vendor, nor any other, to move to quash the subpoena or otherwise not respond.") (emphasis in original).

### C. Statements Made by Defendants in the Joint Motion for Determination of Discovery Dispute

#### 1. Background

On November 19, 2021, Plaintiff propounded Requests for Production of Documents ("RFPs") on Defendant. ECF No. 129-2 at 4. On January 11, 2022, pursuant to the Court's Chambers Rules, the parties notified the Court that they disagreed about numerous discovery requests, including whether Defendant should be required to produce documents relating to the Department of Labor's ("DOL") investigation of Defendant's 401(k) Plan, the subject of RFP No. 10. Email to Chambers (Jan. 11, 2022, at 7:46 AM); Email to Chambers (Jan. 12, 2022, at 12:49 AM); *see* Chmb.R. at 2. The Court held a discovery conference on January 13, 2022. ECF No. 94. The Court required the parties to submit a supplemental chart regarding their discovery disputes (*see* ECF No. 95), and held a second discovery conference on January 31, 2022. ECF No. 99. During the January 31, 2022,

discovery conference, the Court gave the parties its guidance, and the parties reached agreements. *Id*. Though the Court informed the parties it was inclined to require Defendant to respond to Plaintiff's RFP No. 10, which requested documents from the DOL investigation, the Court explained that "[i]f Defendant instead wishes to proceed via formal motion practice regarding the DOL issue, counsel shall inform the Court via email[.]" *Id*. On February 1, 2022, Defendant informed the Court that it "wish[ed] to object to the document production request concerning the DOL issue and proceed via formal motion practice on that issue." Email to Chambers (Feb. 1, 2022, at 1:04 PM). As such, the Court issued a briefing schedule and the parties filed their Joint Motion for Determination of Discovery Dispute on February 18, 2022. ECF Nos. 101, 104. Defendants objected to RFP No. 10 on the grounds that it was overbroad, unduly burdensome, vague, seeks confidential or privileged information, and was not relevant to any party's claims or defenses. ECF No. 104 at 2. The Court held a hearing on the motion on March 4, 2022, and heard oral argument from both sides. ECF No. 107. On March 8, 2022, the Court issued its Order denying Defendants' motion for protective order, which required Defendants to respond to RPF No. 10. ECF No. 110. Though the Court found many of Defendants' arguments unpersuasive, the Court did not make any finding that these arguments were frivolous or made in bad faith. *See generally id*.

### 2. Parties' Positions

Plaintiff contends that Defendants and their counsel should be sanctioned because they presented a motion to the court for an improper purpose, and knowingly and recklessly raised frivolous and meritless contentions within their motion. ECF No. 129-1 at 2. Plaintiff alleges that the arguments and claims made in the joint motion lacked evidentiary support, intending to improperly prevent Plaintiff from obtaining documents during discovery. *Id*. Plaintiff argues that the following statements made by Defendants in the joint motion are frivolous or false: (1) "[N]one [of the withheld] documents relate in any way specifically to Plaintiff individually and/or the claims at issue…"; (2) "DOL's investigation findings and closing resulted in no further benefits being owed to Plaintiff under the 401(k) Plan…";

and (3) "Documents Requested by Plaintiff Are Not Relevant to Plaintiff's Claims Regarding the 401(k) Plan Asserted in the Second Amended Complaint." *Id*. at 11–13 (brackets, ellipses, and capitalization in original). Plaintiff asserts that Defendants' descriptions and characterizations "are not merely misleading, but they are so objectively and empirically false on their face, as to show willful and deliberate intent to mislead[.]" *Id*. at 14.

Defendants contend that the three statements at issue are accurate and not frivolous. ECF No. 133 at 9–11. Defendants note that the quotations Plaintiff used were taken out of context. *Id*. For example, the first statement taken in its entirety reads: "While all of the documents relate in some way to the 401(k) Plan, none relate in any way specifically to Plaintiff individually and/or the claims at issue for the reasons discussed above, and due to the fact that Plaintiff was but one 401(k) Plan participant for which only a small portion of documents (if any) are implicated." ECF No. 104 at 5. Thus, though Plaintiff alleges that Defendants made a false statement because documents *did* relate to Plaintiff, Defendants argue that, when the sentence is read in its entirety, they had already conceded that Plaintiff's name is likely referenced at points within the requested documents. *Compare* ECF No. 129-1 at 12 *with* ECF No. 133 at 9. As to the second and third statements, Defendants contend that no mandatory safe harbor employer contributions were owed to any 401(k) Plan participant at any time prior to 2017, which they have extensively briefed in their pending motion for summary judgment, and any indication by DOL to the contrary was incorrect. ECF No. 133 at 10; *see* ECF Nos. 118, 125.

### 3.   *Discussion*

The Court does not agree with Plaintiff's characterization of Defendants' statements made in the discovery motion as frivolous, empirically false, or made with bad faith or deliberate intent to mislead. A party's arguments are not frivolous simply because they fail to persuade the Court. *See cf. C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015) (in the IDEA context, explaining that "[i]n considering what constitutes a claim that is frivolous, unreasonable or groundless, it is important that a district court resist

the understandable temptation to engage in post hoc reasoning by concluding that, because a [party] did not ultimately prevail, his action must have been unreasonable or without foundation.") (internal quotation marks omitted). Further, without opining on the merits, Defendants continued reliance in their pending summary judgment motion on their position that no mandatory safe harbor employer contributions were owed to any 401(k) Plan participant at any time prior to 2017, is persuasive to the Court that the representations made in the discovery motion were not made in bad faith. *See Franco v. Dow Chem. Co.*, 611 F.3d 1027, 1606–61 (9th Cir. 2010) ("To be sanctionable under § 1927, [] counsel's conduct must multiply the proceedings in both an 'unreasonable and vexatious manner.' [] The key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough.") (internal citation omitted); *compare Fink*, 239 F.3d at 993 ("recklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power") *with Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996) ("section 1927 sanctions 'must be supported by a finding of subjective bad faith.' [] 'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument'") (internal citations omitted). Upon thorough review of the discovery motion and consideration of both parties' arguments in the instant motion, the Court does not find Defendants' statements frivolous, vexatious, or made in bad faith.

### D. Additional Considerations

As discussed above, the Court does not find that Defendants' actions at issue are sanctionable. Even if it had, however, the remedies sought by Plaintiff would not be appropriate. First, in light of the procedural posture of the case, it would be highly prejudicial to Defendants to reopen fact discovery for Plaintiff to re-serve the subpoenas on the eve of the party's pretrial conference, eleven months after the discovery period closed. Second, Plaintiff has not established that he would be entitled to monetary sanctions in the amount of attorney fees, since he is proceeding *pro se*. *See U.S. S.E.C. v. Chapman*, 602 F. App'x 407, 407 (9th Cir. 2015) (applying *Kay v. Ehrler*, 499 U.S. 432 (1991) and concluding that "we then determined that all pro se litigants (including attorneys) are not

entitled to attorneys' fees under fee shifting statutes"); *Hellmich v. Mastiff Cont*., LLC, No. SA-CV-14-1354-DOC-KESx, 2016 U.S. Dist. LEXIS 198492, at *4–5 (C.D. Cal. June 14, 2016) (finding that *pro se* litigant was not entitled to recover monetary sanctions from opposing party, explaining that courts have applied the reasoning of *Kay* broadly, and collecting cases where *pro se* litigants were denied attorney fee sanctions). The Court therefore **DENIES** Plaintiff's motion for sanctions.

## II.     PLAINTIFF'S REQUEST FOR RECONSIDERATION OF HIS MOTION FOR APPOINTMENT OF COUNSEL

### A.     Background

On September 24, 2020, Plaintiff filed his motion for appointment of counsel. ECF No. 29. There, he contended that his claim was meritorious, he had diligently tried to obtain counsel, and he could not afford counsel. *Id*. On October 2, 2020, the Court denied Plaintiff's motion, explaining that, though Plaintiff had demonstrated the threshold requirements of indigence and making a diligent effort to obtain counsel, he had not demonstrated a likelihood of success on the merits or that he could not articulate his claims *pro se*. ECF No. 32. The Court denied Plaintiff's motion without prejudice, noting that "Plaintiff is free to seek appointment of counsel again in the future[.]" *Id*. at 8 n.3.

Here, as sanctions for Defendants' conduct, both with regard to the subpoenas and joint motion, Plaintiff requests that the Court reconsider his previous motion for appointment of counsel (ECF No. 29). ECF No. 129-1 at 15. Plaintiff states, without explanation or elaboration, that he seeks an order from the Court "[r]econsider[ing] Mr. Raya's request for appointment of counsel []. The Court denied Mr. Raya's initial request for appointment of counsel on October 20, 2020 []." *Id*. at 11; *id*. at 15 (requesting that the Court "[r]econsider Mr. Raya's request for appointment of counsel"). Defendants do not address this point in relation to the joint motion allegations, but do note that, in the context of re-serving the subpoenas, Plaintiff "would not need the assistance of counsel …

because he has already demonstrated a proficiency in this action for writing and serving subpoenas." ECF No. 133 at 11 n.5.

### B. Legal Standard

Although the Federal Rules of Civil Procedure do not expressly authorize reconsideration of an order regarding a motion to appoint counsel, the court "has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). This inherent power extends to prior rulings in the same litigation. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222 (9th Cir. 2010) ("a court may revisit prior decisions in a case and correct errors while the case is still pending").

"Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003). Reconsideration is an "extraordinary remedy, to be used sparingly." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* CivLR 7.1(i)(1) (stating that the party seeking reconsideration must present "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application").

A party seeking reconsideration "must show more than a disagreement with the Court's decision, and recapitulation . . . of that which was already considered by the Court in rendering its decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); *see Coleman v. Evergreen Pub. Sch.*, No. C18-556-RBL, 2018 WL 5886452, at *1 (W.D. Wash. Nov. 9, 2018) (denying reconsideration because such a motion is not "intended to provide litigants with a second bite at the apple"); *Brown v. Deputy*, No. 12cv1938-GPC-BGS, 2014 WL 4961189, at *1 (S.D. Cal. Oct. 3, 2014) ("motions for

reconsideration are not to be used to simply 'rehash' arguments and facts previously considered by the Court in making its ruling").

### C. Discussion

Here, with his bare bones request for reconsideration, Plaintiff has not met the threshold for reconsideration. The Court, therefore, **DENIES** Plaintiff's request.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for sanctions and **DENIES** Plaintiff's request for reconsideration on his motion for appointment of counsel. ECF No. 129.

**IT IS SO ORDERED.**

Dated: December 23, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge