Marc S. Schechter, Bar No. 116190
Corey F. Schechter, Bar No. 279964
BUTTERFIELD SCHECHTER LLP
10021 Willow Creek Road, Suite 200
San Diego, California 92131-1603
(858)444-2300/FAX (858)444-2345
mschechter@bsllp.com
cfs@bsllp.com

Attorneys for Defendants/Counterclaimants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYA,<br><br>   Plaintiff/Counterdefendant,<br><br>   v.<br><br>DAVID BARKA, NOORI BARKA, EVELYN BARKA, CALBIOTECH, INC., CALBIOTECH, INC. 401(K) PROFIT SHARING PLAN, AND CALBIOTECH, INC. PENSION PLAN,<br><br>   Defendants/Counterclaimants. | CASE NO. 3:19-cv-02295-WOH-AHG<br><br>Assigned For All Purposes To:<br>Judge: Hon. William O. Hayes<br><br>**DEFENDANTS'/ COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE [ECF NO. 201]**<br><br>Complaint Filed:  December 2, 2019<br>FAC Filed:  December 9, 2020<br>Counterclaim Filed: June 17, 2021<br>SAC Filed:  September 13, 2021<br>Trial Date:  November 13, 2023 |

Defendants/Counterclaimants in the above-entitled action respectfully submit the following Opposition to Plaintiff's Motion to Strike [ECF No. 201] ("Motion" or "Mot.").

## I. MOTION BROUGHT IMPROPERLY

No instruction was given to Plaintiff to file the instant Motion. Furthermore, no motion hearing date has been obtained by Plaintiff concerning this eleventh-hour motion filed nearly three months after the conclusion of the bench trial. Defendants therefore respectfully request the Motion be stricken.

## II. PERFORMANCE-RELATED REASONS FOR TERMINATION

Plaintiff first argues that Defendants did not identify this specific reason for his termination as an affirmative defense in their answer to his SAC [ECF No. 115] ("Answer") and that they therefore waived their ability to state it as the reason for his termination. Plaintiff is mistaken. Defendants were not required to state specified reasons for Plaintiff's termination when providing their affirmative defenses to his claims within their response to his Second Amended Complaint ("SAC"). Plaintiff's interpretation of the requirements for stating of affirmative defenses is far too broad. Defendants' Answer denied all allegations concerning Plaintiff's Fourth Cause of Action and further provided the following affirmative defenses, which would necessarily encompass their general defense that Plaintiff's termination was not in violation of the law:

> AFFIRMATIVE DEFENSE 8: Defendants acted in good faith at all times during the relevant period.
>
> …
>
> AFFIRMATIVE DEFENSE 19: Defendants' actions with regard to Plaintiff were at all times conducted in good faith and without fraud, oppression, or malice towards Plaintiff and his legal rights.

*See* Answer at *14, and *16. Indeed, in discovery requests propounded by Plaintiff on Calbiotech, Plaintiff asked, "Please provide the reason for Plaintiff, Robert Raya's termination from Calbiotech in 2016," to which it responded,

"performance issues." See Plaintiff's Trial Exhibit 4, at *13 (*particularly* Response to Interrogatory No. 10). Plaintiff cannot reasonably claim he was not put on notice of the reason for his termination and Defendants' position that his termination was not in violation of the law.

Plaintiff next argues that Defendants failed to assert this defense in the parties' Pretrial Order. He is again mistaken. Defense Nos. 3(a), 3(b), 3(c), and 3(j) therein (*see* ECF No. 186 at *11-12:4-2) also each encompass this general defense; and through discovery, Plaintiff was fully informed of Defendants' stated reason for his termination in connection with these defenses. Moreover, Plaintiff himself asserted in the Pretrial Order his belief (albeit incorrect) that the Defense No. 3(c) was not timely asserted and waived.

Plaintiff goes on to argue that he was not provided fair notice of this defense and was therefore prejudiced. Again, he is mistaken. Plaintiff disingenuously states the he "was surprised by this defense" and that such reason was never previously communicated to him.[1] As noted above, Plaintiff was fully informed years ago of the reason for his termination. Contrary to his assertions, he did in fact have every "opportunity to subpoena witnesses" to attempt to counter Defendants' position; he simply chose not to do so. Thus, his mischaracterization of such reasoning for his termination as a "last second defense" (*see* Mot. at *3:10) and claims of prejudice based thereon are without merit.

/././

---

[1] Plaintiff states the only reason ever provided to him for his termination was that his position was eliminated. In support of this he relies on a form in which he personally provided his own reasoning as to why he was terminated (i.e., "my position was eliminated") (*see* Plaintiff's Trial Exhibit 16, at Bates AR0000024); such was never a reason put forth by any Defendant for Plaintiff's termination, and Plaintiff improperly imputes such reasoning to Defendants. Rather, as he noted in his SAC, he was told at the time of his termination "things were not working out" (*see* SAC ¶ 45), and "I think it's time we part ways" (*see* SAC ¶ 44, and Defendants' Trial Exhibit DA at *184). During discovery those reasons were qualified and elaborated upon through being informed, pursuant to his own interrogatory, that the reason for his termination was "performance issues."

### III. DEFENDANTS' TRIAL EXHIBITS

Plaintiff next takes issue with Defendants' trial exhibits, claiming he was prejudiced by their use.

As an initial matter, only the documents within the limited Bates range CBI002453-2517 were provided to Plaintiff between October 30, 2023, and November 3, 2023. Even among the documents within that Bates range, many had been previously exchanged with Plaintiff. The incomplete excerpt to the trial transcript which Plaintiff cites within his Motion concerning the time of production being between October 30, 2023 and November 3, 2023, was only with reference to Defendants' Trial Exhibit CV—the specific exhibit being questioned on during that cited exchange, and all with pages in the noted Bates range. Other documents not within that Bates range from the exhibits had previously been exchanged with Plaintiff.

With respect to all of Defendants' trial exhibits, the Court noted at the outset of the trial, "What we'll do on those is we'll take them as the trial goes on one by one, and so we'll see." Trial Transcript at *7:8-9. All evidence relied upon by Defendants was either admitted into evidence over Plaintiff's objection or was not objected to by Plaintiff. The Court went through a thorough review during trial on each document objected to by Plaintiff. Many of the documents were not received into evidence based upon Plaintiff's objections at time of trial. The Court's notations on Defendants' Trial Exhibit List [ECF No. 194] indicate the date marked and admitted into evidence, and specifically indicates the individual document pages within each exhibit which were received into evidence over any objections made by Plaintiff at trial. There was no finding of prejudice with respect to those documents admitted into evidence from among Defendants' trial exhibits.

/././

/././

## IV. CONCLUSION

The Motion should be stricken or denied in its entirety.

Respectfully submitted,

DATED: February 7, 2024          BUTTERFIELD SCHECHTER LLP


By: /s/Corey F. Schechter
MARC S. SCHECHTER
COREY F. SCHECHTER
Attorneys for Defendants/
Counterclaimants

# PROOF OF SERVICE

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of San Diego, California, and my business address is 10021 Willow Creek Road, Suite 200, San Diego, California 92131-1603.

On **February 7, 2024**, I caused to be served the following documents:

**DEFENDANTS'/COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE [ECF NO. 201]**

☐ **BY FIRST-CLASS MAIL:** I caused such envelopes to be deposited in the United States mail, at San Diego, California, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(C).)

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile #) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☒ **BY ELECTRONIC FILING SERVICE:** Complying with Fed. R.Civ. P. 5(b)(2)(E), my electronic business address is cfs@bsllp.com and I caused such document(s) to be electronically served for the above-entitled case to those parties on the Service List below. The file transmission was reported complete and a copy will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via on the parties listed on the service list below at their designated business address.

　　☐　By personally delivering the copies;

　　☐　By leaving the copies at the attorney's office;

　　　　☐　With a receptionist, or with a person having charge thereof; or

　　　　☐　In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

　　☐　By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this

1  Court, at whose direction the service was made.

2  **SEE ATTACHED SERVICE LIST**

3   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

 Executed on February 7, 2024, at San Diego, California.

_____/S/ Corey F. Schechter_____

## SERVICE LIST

8417.06

*Robert Raya v. David Barka, et al.*

Robert Raya                              *Plaintiff in Pro Se*
5757 College Ave., Unit U
San Diego, CA 92120
Phone: (619) 864-8501
(619) 439-3456 (alt.)
Email: robertraya@gmail.com