Name: Robert Raya
Address: 5757 College Ave, Unit U
Address: San Diego, CA 92120
Phone: (619) 864-8501
Email: robertraya@gmail.com
Plaintiff/Counterdefendant: In Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raya, Robert,<br>Plaintiff/Counterdefendant,<br><br>v.<br><br>David Barka, Noori Barka, Evelyn Barka, Calbiotech, Inc., Calbiotech, Inc. 401(k) Profit Sharing Plan, Calbiotech, Inc. Pension Plan<br>Defendants/Counterclaimants | Case No.: 3:19-cv-02295-WQH-AHG<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**<br><br>**Judge: Hon. William Q. Hayes** |

Plaintiff Robert Raya respectfully submits this Reply to Defendants' Response (ECF No. 204) to Plaintiff's Motion To Strike (ECF No. 201) waived defenses and inadmissible evidence.

## I. MOTION BROUGHT PROPERLY

Defendants mistakenly claim that "No instruction was given to Plaintiff to file the instant Motion" (ECF No. 204, pg. 2 at 5).

However, the transcript shows the Court stated:

> "The defense wants to raise the issue that one of the reasons you were terminated was because you were unreliable…"
>
> "And [to Plaintiff] your position is that I shouldn't consider that because it wasn't raised earlier, and they had a legal obligation to do so. …I'll give you an opportunity to raise that issue in writing, and I'll give the defense an opportunity to respond…" (see *Raya v. Barka, et. al.* November 13, 2023 Transcript, pg. 136:137, at 20:4)

## II. FORFEITED/WAIVED DEFENSE

Defendants assert "Defendants were not required to state specified reasons for Plaintiff's termination…" within their Answer (ECF No. 204, pg.2, 13:16). Defendants also assert: "Plaintiff was fully informed of Defendants' stated reason for his termination in connection with these defenses [in the Parties' Pretrial Order]":

> 3(a) No causal connection exists between Raya's termination of employment by the identified defendants and any activity protected by ERISA that he alleges he engaged in;
>
> 3(b) There was no specific intent on the part of any identified defendant to interfere with Raya's rights under ERISA when terminating his employment at Calbiotech, Inc.;
>
> 3(c) The business decision to terminate Raya's employment at Calbiotech, Inc. had nothing to do with Raya engaging in any activity protect by ERISA, and his termination was premised strictly upon legitimate non-discriminatory reasons
>
> 3(j) The identified defendants operated and acted in good faith at all times relevant. (ECF No. 204, pg. 3, 5:9)

However, Defendants in the Ninth Circuit are required to "articulate a legitimate, non-discriminatory reason" for Raya's termination so that Raya can then have an opportunity to prove that proffered reason to be pretext. None of the four defenses cited

in the Pretrial Order, and certainly nothing in Defendants' First Amended Answer, or in any of the over 140 filings in this action prior to 2023, actually "articulate a legitimate, non-discriminatory reason" for Raya's termination.

Defendants then state that the fact that Raya was "surprised" by this late defense is "disingenuous" (ECF No. 204, pg. 3, 13:14). However, the only thing disingenuous here is Defendants' last second change in strategy and their attempt to exploit Raya's 12-year old conviction to try support their manufactured and unsupported accusations of poor performance at the time of Raya's termination.

**III. DEFENDANTS' TRIAL EXHIBITS**

Defendants mistakenly claim that only Defendants Trial Exhibit CV contains documents which were produced for the first time two weeks before trial, between October 30, 2023 and November 3, 2023 (ECF No. 204, pg. 4, 4:10).

Defendants acknowledge these extremely late documents are identified with "the limited Bates range CBI002453-2517. (ECF No. 204, pg. 4, 4:6)

A review of Defendants Trial Exhibits reveals that in addition to Exhibit CV, Exhibits CP, CQ, CR, CT, CU, CW, CX, CZ, DA, DF, DG, DH, DI, and DK each contain documents identified with Bates numbers between CBI002453-2517.

With respect to Defendants' Trial Exhibits CL through DL, Defendants do not deny that Exhibits CL through DL were produced to Plaintiff for the very first time on November 8, 2023, just five days before trial and over 10 months past the January 27, 2023 deadline set by the Court's Fourth Amended Scheduling Order (ECF No. 142, pg. 2, 1:2).

I swear, under penalty of perjury, the foregoing is true and correct,

February 14, 2024

s/Robert Raya

Robert Raya
Plaintiff
In Pro Se